IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | |
|---|---|
| Lloyd Bell, individually and as Executor of the Estate of Betty Whitney Bell, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> American International Industries, Inc., et al., <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> Neslemur Company f/k/a The Nestle-LeMur Company <br><br> Third-Party Defendant. | Case No. 1:17-cv-111-WO-JEP |

**DEFENDANT/THIRD-PARTY PLAINTIFF AMERICAN INTERNATIONAL INDUSTRIES' THIRD-PARTY COMPLAINT**

Defendant/Third-Party Plaintiff, American International Industries ("AII"), files this Third-Party Complaint against Third-Party Defendant, The Neslemur Company f/k/a The Nestle-LeMur Company, alleging as follows:

**PARTIES**

1. Defendant/Third-Party Plaintiff AII is, and at all

1

times relevant herein was, a California General Partnership with its principal place of business in the City of Los Angeles, County of Los Angeles, and State of California.

2. AII is informed and believes, and thereon alleges, that **The Neslemur Company f/k/a the Nestle-LeMur Company** ("**Neslemur**") is a void Delaware corporation. Service may be perfected upon the Secretary of State of Delaware pursuant to 8 Del. C. §321.

3. AII is informed and believes, and thereon alleges, that Neslemur's principal place of business was located in the City of New York, State of New York. AII is informed and believes, and thereon alleges, that Neslemur, at all relevant times herein, did business in the State of North Carolina and/or sold products in the State of North Carolina, including the Clubman talcum powder that Plaintiff Lloyd Bell alleges that Decedent Whitney Bell purchased, used, or otherwise encountered in North Carolina. Neslemur's continual and systematic business in North Carolina gives rise to these claims.

4. AII is informed and believes, and thereon alleges, that, on August 13, 1987, Neslemur was a wholly-owned subsidiary of Kleer-Vu Industries, Inc. ("Kleer-Vu").

Kleer-Vu owned 100% of the issued and outstanding stock of Neslemur at the time.

## JURISDICTION & VENUE

5. This is a Third-Party Complaint for indemnification, contribution, and declaratory relief.

6. This Court has personal jurisdiction over Neslemur because Neslemur conducted substantial and/or continuous and systematic business in North Carolina and Neslemur's conducted business in North Carolina gave rise to AII's claims asserted here and Plaintiff's claims asserted in the underlying action. A true and correct copy of Plaintiff's operative complaint is attached hereto as **Exhibit B.**

7. Additionally, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A §1332 because the parties to the suit are completely diverse in that none of the Third-Party Defendants are citizens of the same state as AII and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

8. Pursuant to 28 U.S.C.A §1391, venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

## FACTS

9. AII is informed and believes, and thereon alleges, that Neslemur sold talcum powder and other products under the Clubman Pinaud brand.

10. AII is informed and believes, and thereon alleges that, on August 13, 1987, AII purchased certain limited assets, including the Clubman brand, from Neslemur and Kleer-Vu in an asset purchase agreement ("the Asset Purchase Agreement"). The Asset Purchase Agreement is attached as **Exhibit A.**

11. AII is informed and believes, and thereon alleges that, pursuant to the Asset Purchase Agreement, AII did not assume Neslemur's pre-existing liabilities. Additionally, AII did not assume liability for any defective products sold by Neslemur. *See* **Exhibit A** at Article I, §§ 1.1, 1.2; Article II, §§ 2.1-2.3; Article VIII.

12. AII is informed and believes, and thereon alleges that, the Asset Purchase Agreement would indemnify and hold AII and its agents, employees, and representatives harmless against any and all liabilities, damages, losses, claims, costs, or expenses (including reasonable attorneys' fees) whatsoever arising out of and resulting from, or which may arise out of or result from the use of any products or

4

goods sold by the seller before the Closing, and against all actions, suits, proceedings, judgments, costs and expenses connected with any of the foregoing. *See* **Exhibit A** at Article VIII, § Section 8.1. The representations, warranties, and covenants, including the duty to indemnify AII, survived pursuant to the terms of the Asset Purchase Agreement. *See* **Exhibit A** at Article IX, § Section 9.4.

13. On or about October 23, 2017, Plaintiff Lloyd Bell, individually and as Executor of the Estate of Betty Whitley Bell ("Plaintiff"), filed a Civil Action Complaint for Negligence, Product Liability, Breach of Implied Warranty, Willful and Wanton Conduct, Failure to Warn, Loss of Consortium, and Wrongful Death against AII ("Complaint") in this Court. Thereafter, Plaintiff filed an Amended Civil Action Complaint ("Amended Complaint"). A true and correct copy of the Complaint is attached as **Exhibit B** and a true and correct copy of the Amended Complaint is attached as **Exhibit C.**

14. The Complaint and Amended Complaint alleges, among other things, that Decedent Betty Bell was exposed to "asbestos-containing products" and developed an asbestos-related disease, namely mesothelioma, from various

5

31803506v.1

Case 1:17-cv-00111-WO-JEP   Document 86   Filed 10/17/19   Page 5 of 17

products, including Clubman talcum powder, beginning in the 1950s through 2009. *See* **Exhibit B** at ¶ 2 ("Parties" heading); **Exhibit C** at ¶ 2 ("Parties" heading). Plaintiff is a resident of North Carolina. *See* **Exhibit B** at ¶ 1 ("Parties" heading); **Exhibit C** at ¶ 1 ("Parties" heading).

15. AII is informed and believes, and thereon alleges that, as a result of Plaintiff's allegations of Decedent's exposure to Clubman talcum powder, which occurred prior to AII's acquisition of the assets of the Clubman brand in 1987, AII is entitled to indemnification and contribution from Neslemur.

16. AII pleads the following counts taken together and in the alternative:

## FIRST COUNT:
## CONTRACTUAL DEFENSE AND INDEMNIFICATION OBLIGATIONS

17. **AMERICAN INTERNATIONAL INDUSTRIES** repeats and realleges each and every allegation contained in paragraphs "1" through "16" as though hereinafter set forth at length.

18. Pursuant to the Asset Purchase Agreement, Neslemur expressly agreed to indemnify and hold AII and its agents, employees, and representatives harmless against any and all liabilities, damages, losses, claims, costs, or expenses

6

(including reasonable attorneys' fees) whatsoever arising out of and resulting from, or which may arise out of or result from, the use of any products or goods sold by Neslemur before the Closing, and against all actions, suits, proceedings, judgments, costs, and expenses connected with any of the foregoing.

19. AII is informed and believes, and thereon alleges, that the damages alleged by Plaintiff involve exposure to Clubman talcum powder that occurred prior to AII's acquisition of the Clubman brand under the Asset Purchase Agreement in 1987.

20. Although due demand has been made upon Neslemur to defend, indemnify, and hold AII harmless from Plaintiff's claims pursuant to the express indemnity agreement set forth herein, and to indemnify AII from any and all sums paid by way of settlement or, in the alternative, judgment rendered against it in this action, AII is informed and believes, and thereon alleges, that Neslemur has refused and continues to refuse to defend, indemnify, release, and hold harmless AII herein, thereby breaching its contractual obligations.

21. AII is informed and believes, and thereon alleges,

that any acts and/or omissions and/or negligence or other conduct of Neslemur, in connection with the performance of Neslemur's obligations, have caused any and all alleged injuries or damages to Plaintiff, and Neslemur is obligated to defend and indemnify and hold AII harmless in this action. Neslemur has breached the written agreement entered into with AII, and AII has been damaged as a result in an amount not less than the jurisdictional amount of this court, which such damages will be determined according to proof. AII has retained legal services to defend the underlying action and to prosecute this action as a result of the contractual breaches by Neslemur herein.

22. AII will necessarily incur attorneys' fees and costs and has requested, and again requests, by service of the instant Third-Party Complaint, indemnification and reimbursement from Third-Party Defendant for said amounts to be proven at the time of trial related to Third-Party Defendant's duty to defend and indemnify AII against such claims. Pursuant to the Asset Purchase Agreement, AII is entitled to full indemnity and damages according to proof and reimbursement of all attorneys' fees and litigation costs incurred herein, together with accrued interest

thereon. Neslemur shall not construe any conduct by AII as a waiver of this right to attorneys' fees and costs absent a written agreement expressly waiving the right to reimbursement of the same.

23. AII has complied with all conditions precedent set forth in the Asset Purchase Agreement.

**WHEREFORE**, AII demands judgment against Neslemur, including compensatory damages, pre-and post-judgment interest, costs, attorney's fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

### SECOND COUNT:
### COMMON LAW AND STATUTORY INDEMNIFICATION AND CONTRIBUTION

24. **AMERICAN INTERNATIONAL INDUSTRIES** repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though hereinafter set forth at length.

25. AII is informed and believes, and thereon alleges, that it is in no way responsible for any of the allegations contained in Plaintiff's Complaint and Amended Complaint. However, if AII is found liable for any of the claims, then AII alleges that the conduct of Neslemur, in whole or in part, contributed to Plaintiff's harm.

26. AII further alleges that such injury or damage, if any, was caused solely or substantially by the negligence, breach of warranty, breach of contract, strict liability in tort, representations, or other wrongful conduct of Neslemur, for which Neslemur could have been held directly liable by Plaintiff, thereby entitling AII to contribution from Neslemur.

27. In the event AII should be found liable or responsible for any portion of the damages allegedly incurred by Plaintiff, AII will be entitled to and hereby seeks the right to contribution and indemnity from Neslemur based on the number of parties found to be joint tortfeasors and for any amount paid by AII in excess of its pro rata share.

28. As a result, AII is entitled to contribution from Neslemur with respect to any loss, liability, and expense on account of Plaintiff's demand for judgment in accordance with common law and statutes such as N.C. Gen.Stat. § 1B-1(a-b).

29. AII is further entitled to and hereby seeks judgment for its reasonable costs and expenses, including attorneys' fees, incurred in defending itself in this

10

action.

**WHEREFORE**, AII demands judgment against Third-Party Defendant, including compensatory damages, pre-and post-judgment interest, costs, attorney's fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

### THIRD COUNT: DECLARATORY RELIEF

30. AII realleges and incorporates by reference paragraphs 1 through 29, inclusive, set forth above.

31. A dispute and actual controversy has arisen between AII and Neslemur where Neslemur has not satisfied its duty to defend and indemnify AII. AII contends that it is entitled to indemnity as alleged above. AII is informed and believes and upon that ground alleges that Neslemur denies and disputes this contention.

32. AII desires a judicial declaration of its right to indemnity and an allocation of liability herein. Such a declaration is necessary and appropriate so that AII may ascertain its rights with respect to indemnity.

WHEREFORE, **AMERICAN INTERNATIONAL INDUSTRIES**, demands judgment against **Neslemur** as follows:

11

a. For a judgment indemnifying AII for any settlement or compromise made by AII in good faith and for any judgment or award rendered against AII in this action;

b. For a judicial declaration that AII is entitled to defense on this claim and entitled to indemnity in the event an adverse judgment or award is entered in favor of Plaintiff in this action or in the event this action is resolved by way of compromise or settlement;

c. Holding AII harmless against, and from, the claims of Plaintiff and any judgment that may be entered against AII;

d. For its costs of suit incurred herein; and

e. For such further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

AII hereby demands a trial by jury on all issues so triable.

This 17th day of October, 2019.

**LATHROP GAGE, LLP**

*/s/ Samuel Garcia*
Robert E. Thackston
North Carolina Bar No. 36330
Samuel Garcia
Texas Bar No. 24080067
2102 Cedar Springs Rd., Suite 1400
Dallas, TX 75201-2134
Telephone: (469) 983-6022
Facsimile: (469) 983-6101
Email: SGarcia@lathropgage.com
*Counsel for American International Industries*

13

31803506v.1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | |
|---|---|
| Lloyd Bell, individually and as Executor of the Estate of Betty Whitney Bell, Deceased, | § § § § |
| Plaintiff, | § Case No. 1:17-cv-111-WO-JEP § § |
| v. | § § |
| American International Industries, Inc., et al., | § § § |
| Defendant/Third-Party Plaintiff, | § § § § |
| v. | § § |
| Neslemur Company f/k/a The Nestle-LeMur Company | § § |

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned counsel on this date electronically filed the foregoing Third-Party Complaint, with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all parties via the following counsel of record who entered an appearance in the case:

This 17th day of October, 2019.

**LATHROP GAGE, LLP**

*/s/ Samuel Garcia*
Robert E. Thackston
North Carolina Bar No. 36330
Samuel Garcia
Texas Bar No. 24080067
2102 Cedar Springs Rd., Suite 1400
Dallas, TX 75201-2134
Telephone: (469) 983-6022
Facsimile: (469) 983-6101
Email: SGarcia@lathropgage.com
*Counsel for American International Industries*

## SERVICE LIST

*Counsel for Plaintiff Lloyd Bell:*

| | |
|---|---|
| Kevin W. Paul | |
| Eric Przybysz | |
| Simon Greenstone | William Marc Graham |
| Panatier Bartlett, P.C. | Wallace and Graham, PA |
| 3232 McKinney Ave, Suite 610 | 525 N. Main Street |
| Dallas, TX 75204 | Salisbury, NC 28144 |
| Tel: 214-687-3240 | Tel: 704-633-5244 |
| Fax: 214-276-7699 | Email: |
| Email: kpaul@sgpblaw.com | bgraham@wallacegraham.com |
| eprzybysz@sgpblaw.com | |

*Counsel for (1) Defendant Brenntag North America, Inc., Sued Individually And As Successor-in-Interest to Whittaker Clark & Daniels, Inc.; (2) Defendant Brenntag Specialties, Inc., formerly known as Mineral Pigment Solutions, Inc. (Sued Individually And As Successor-in-Interest to Whittaker Clark & Daniels, Inc.; and (3) Defendant Whittaker Clark & Daniels, Inc.:*

15

31803506v.1

Case 1:17-cv-00111-WO-JEP   Document 86   Filed 10/17/19   Page 15 of 17

Tracy E. Tomlin
William Michael Starr
Travis Bustamante
Nelson Mullins Riley & Scarborough LLP
100 N. Tryon Street, 42nd Floor
Charlotte, NC 28202-4000
Tel: 704-417-3101
Fax: 704-417-3227
Email:   tracy.tomlin@nelsonmullins.com
         bill.starr@nelsonmullins.com
         travis.bustamante@nelsonmullins.com


*Counsel for Defendant Colgate-Palmolive Company:*

Curtis J. Shipley
Jonathan Arthur Berkelhammer
Joseph D. Hammond
Ellis & Winters, LLP
Post Office Box 2752
Greensboro, NC 27402
Tel: 336-217-4084
Fax: 336-217-4198
Email:   curtis.shipley@elliswinters.com
         jon.berkelhammer@elliswinters.com
         joe.hammond@elliswinters.com

Joshua S. Lichtenstein
O'Toole Scrivo Fernandez Weiner Van Lieu, LLC
14 Village Park Road
Cedar Grove, NJ 07009
Telephone: 973-239-5700
Facsimile: 973-239-3400
Email:       jsl@oslaw.com

*Counsel for Defendant Cyprus Amax Minerals Company, sued individually, doing business as, and as successor to Metropolitan Talc Co. Inc. and Charles Mathieu Inc. and Sierra Talc Company and United Talc Company:*

Timothy Peck
Smith Moore Leatherwood LLP
300 North Greene Street, Suite 1400
Greensboro, NC 27401
Tel. 336-378-5307
Fax. 336-433-7471
Email:   Tim.peck@smithmoorelaw.com

Stephanie G. Flynn
Smith Moore Leatherwood LLP
2 West Washington St., Suite 1100
Greenville, SC 29601
Tel. 864-751-7607
Fax. 864-751-7800
Email:   Stephanie.flynn@smithmoorelaw.com