IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | |
|---|---|
| Lloyd Bell, individually and as Executor of the Estate of Betty Whitley Bell, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>American International Industries, Inc., et al.,<br><br>Defendants.<br>———————————————<br><br>American International Industries, Inc.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Neslemur Company f/k/a The Nestle-Lemur Company,<br><br>Third-Party Defendant.<br>——————————————— | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 1:17-cv-111-WO-JEP |

### DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' MOTION TO COMPEL PRODUCTION OF TANGIBLE THINGS AND DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM PLAINTIFF

Defendant American International Industries ("AII"), by and through undersigned counsel, file this Motion to Compel Production of Tangible Things and Documents and Answers to

1

32211665v.6

Interrogatories from Plaintiff, Lloyd Bell.

## I.   INTRODUCTION

This Motion seeks to compel production of documents and answers to written discovery served on Plaintiff on October 9, 2019. It also seeks to compel production of documents requested on January 21, 2020. Despite multiple attempts to "meet and confer" and Plaintiff providing some supplemental documents, Plaintiff has failed to provide full responses causing unnecessary delay that has interfered with AII's ability to pursue efficient and meaningful discovery. Accordingly, AII requests that the Court now order Plaintiff to issue full supplemental responses to AII's discovery requests and to extend the discovery deadlines to allow defendant to utilize the information Plaintiff has failed to produce in depositions with treating physicians, to allow time for defense experts to incorporate relevant information into their reports and disclosures, as well as for AII to review and use the requested information to formulate its defense.[1] Specifically, AII requests that the Court extend

---

1 AII is filing a related Motion for Extension relating to the ongoing Covid 19 pandemic. The effect of Plaintiff's repeated failure to comply with the Federal Rules of Civil Procedure on AII's ability to conduct discovery in this case has

32211665v.6

the fact discovery deadline to 30 days from the deadline for Plaintiff to supplement deficient discovery responses and the expert discovery deadline to 60 days from that deadline.

## II. BACKGROUND FACTS

On October 9, 2019, AII served Plaintiff with its First Request for Production and its First Set of Interrogatories. (*See* Ex. A, AII's Request for Production to Pl.; *see* Ex. B, AII's First Set of Interrogatories to Pl.)

On November 7, 2019, Plaintiff's counsel requested and received a discovery extension from AII's counsel until November 18, 2019. (*See* Ex. C, Discovery Email with Pl.)

On November 18, 2019, Plaintiff's counsel requested and received an additional discovery extension from AII's counsel until November 20, 2019. (*See* Ex. D, Discovery Email with Pl.)

On November 20, 2019, Plaintiff served AII with Plaintiff's Response to AII's First Set of Request for Production of Documents to Plaintiff and Plaintiff's Response

---

been compounded by the ongoing Covid 19 virus. The current Covid situation will not allow for a short-term fix and has complicated the resolution of Plaintiff's discovery deficiencies.

3

32211665v.6

to AII's First Set of Interrogatories to Plaintiff. (*See* Ex. E, Pl.'s Resp. to AII's Req. for Prod. to Pl.; *see* Ex. F, Pl.'s Resp. to AII's First Set of Interrog. to Pl.) Plaintiff produced no documents in response to AII's 100 requests for production of documents. (*See* Ex. E, Pl.'s Resp. to AII's Req. for Prod. to Pl.)

On November 22, 2019, AII sent Plaintiff a letter outlining most of the discovery deficiencies and requesting a discovery phone conference, pursuant to Local Rule 37.1. (*See* Ex. G, Discovery Email & Ltr. To Pl.'s Counsel.)

On November 26, 2019, Plaintiff's counsel confirmed receipt of the letter and left a voicemail for AII's counsel requesting a call back. (*See* Ex. H, Discovery Emails with Pl.) Later that same day, AII's counsel inquired into Plaintiff's counsel's availability the following day to discuss the discovery responses. (*See* i*d.*)

On November 27, 2019, AII's counsel again inquired into Plaintiff's counsel's availability to discuss the discovery responses and attempted to reach Plaintiff's counsel multiple times by telephone. (*See* Ex. I, Discovery Emails with Pl.) Later that day, Plaintiff's counsel and AII's counsel agreed

4

32211665v.6

to conduct a discovery conference on December 2, 2019. (*See id.*)

On Monday, December 2, 2019, AII's counsel and Plaintiff's Counsel conferred regarding Plaintiff's deficient discovery responses, pursuant to Local Rule 37.1 and Federal Rule of Civil Procedure 37(a)(1). (*See* Ex. J, Discovery Email with Pl.; *see* Decl. Garcia, attached as Ex. W, ¶ 24.)

In the conference, Plaintiff's counsel agreed to produce medical authorizations from Plaintiff, Betty Bell's medical records, and documents relating to Betty Bell's preceding New Jersey state case. (*See* Decl. Garcia, ¶ 25.)

On December 9, 2019, AII requested that Plaintiff produce the medical authorization forms and supplementary discovery responses discussed in the meet and confer by December 13, 2019. (*See* Ex. K, Discovery Email with Pl.)

On December 12, 2019, after AII's counsel emailed Plaintiff's counsel for an update, Plaintiff requested an extension until December 17, 2019 to produce supplemental documents. (*See* Ex. L, Discovery Email with Pl.) Plaintiff did not provide the medical authorization, but promised to send signed authorizations. (*See id.*)

5

32211665v.6

On December 13, 2019, AII extended its deadline for the supplemental discovery until December 17, 2019, but insisted that Plaintiff produce the medical authorizations by December 16, 2019 to allow AII to proceed with meaningful discovery. (*See id.*)

After Plaintiff provided no supplemental responses or any explanation for missing the extended deadline on December 17, 2019, AII's counsel reached out to Plaintiff's counsel to discuss Plaintiff's missed deadline. (*See* Ex. M, Discovery Email with Pl.) Plaintiff did not provide a clear timeline for providing the documents Plaintiff had promised to produce, but instead only stated that he intended to produce additional documents but had been unable due to "exigent circumstances." (*See id.*) As a professional courtesy, on December 18, 2019, AII extended Plaintiff's deadline to produce additional documents to December 20, 2019. (*See id.*)

On December 20, 2019, Plaintiff produced a link to AII containing Plaintiff Lloyd Bell's Supplemental Responses to Defendants' Request for Production – Medical & Billing records, which did not specify which Responses to AII's discovery requests were being supplemented. (*See* Ex. N,

6

32211665v.6

Discovery Email with Pl.) These supplemental responses failed to address all of the discovery issues discussed with Plaintiff at the discovery conference, failed to cure Plaintiff's blatantly deficient discovery responses, and failed to fully fulfill Plaintiff's promise to produce additional documentation. (*See* Decl. Garcia, ¶ 26.)

On January 27, 2020, AII's counsel conferenced with Plaintiff's counsel and discussed several glaring factual discovery issues still pending, including the unaddressed deficiencies in Plaintiff's discovery responses. (*See* Decl. Garcia, ¶ 27.) Plaintiff's counsel again promised to produce notarized medical authorizations. (*See id.*)

On January 29, 2020, AII's counsel sent a list of the discussed discovery issues previously discussed with Plaintiff's counsel and requesting that the deficient discovery responses be amended and/or supplemented by Tuesday, February 4, 2020. (*See* Ex. O, Deficiency Letter to Plaintiff.)

On February 4, 2020, Plaintiff's counsel responded to the January 29, 2020 letter and informed AII's counsel that Plaintiff would be willing to work on some of the discovery

32211665v.6

deficiencies, but could not meet the February 4, 2020 deadline. (*See* Ex. P, Discovery Email with Pl.)

On February 4, 2020, AII's counsel emailed Plaintiff's counsel requesting clarification on which discovery issues Plaintiff's counsel would be willing to work to resolve. (*Id.*)

After receiving no response, on February 5, 2020, AII's counsel again emailed Plaintiff's counsel requesting the same clarification. (*See* Ex. Q, Discovery Email with Pl.)

In late February through early March, AII's counsel discussed via email and phone resolving Plaintiff's deficient discovery responses and Plaintiff's repeated promises to address discovery deficiencies through an expedited resolution under Local Rule 37.1. (*See* Decl. Garcia, ¶ 28; *see* Ex. R, Discovery Emails with Pl.) Again, AII's counsel requested the notarized medical authorizations. *(See* Ex. S, Discovery Emails with Pl.) Plaintiff's counsel relayed that he would be amenable to getting an agreed date from the court and resolving the discovery issues under one of the expedited resolution avenues under Local Rule 37. 1. (*See* Decl. Garcia, ¶ 29.) Counsel agreed to work to schedule the hearing near the date of fact witness depositions. (*See id.; see* Ex. R,

32211665v.6

Discovery Email with Pl.) After AII's counsel drafted and circulated a proposed motion for the expedited hearing on March 5, 2020, despite Plaintiff's promises to participate in an expedited resolution of discovery under Local Rule 37.1, Plaintiff stated that he would not oppose a discovery hearing on March 9 or 10, 2020, but would not join a motion for the conference and would not agree to another hearing date in March due to Plaintiff's counsel's trial and deposition schedule. (*See* Ex. R, Discovery Email with Pl.) Essentially, Plaintiff agreed to participate in a discovery hearing under Rule 37.1, which expressly requires the parties to agree to do so, only to refuse to join in the necessary motion for the parties to be able to proceed under Rule 37.1, effectively preventing the parties from seeking a discovery hearing under that rule.

On March 17, 2020, AII's counsel emailed Plaintiff's counsel requesting to proceed through a remote discovery hearing as previously agreed given the national trial continuances during the COVID19 Pandemic obviating Plaintiff's counsel's conflict. (*See id.*) To date, AII's counsel has not heard back from Plaintiff's counsel regarding

32211665v.6

Plaintiff's discovery deficiencies and has not received further documentation or discovery responses. (*See* Decl. Garcia, ¶ 30.)

On January 21, 2020, AII served Plaintiff with its Second Set of Requests for Production. (*See* Ex. T, AII's Second Request for Production to Pl.) On February 20, 2020, AII's counsel granted Plaintiff an extension to February 28, 2020 to respond to the discovery requests. (*See* Ex. U, Discovery Email on 2nd Req. for Prod.) Plaintiff served his responses to the Requests for Production on February 28, 2020. (*See* Ex. V, Pl.'s Resp to AII's 2nd Req. for Prod.) The parties agreed to conference in person to discuss AII's issues with Plaintiff's discovery responses to the Second Request for Production. (*See* Decl. Garcia, ¶ 31.) On March 10, 2020, the parties conferenced in person and could not resolve the deficiencies with Plaintiff's second set of discovery responses. (*Id*. at ¶ 31.)

Despite AII's counsel's efforts to work with Plaintiff's counsel on discovery issues, throughout the fact discovery process, Plaintiff's counsel has relied on using delay tactics, withholding essential medical authorizations, making

10

false promises, and breaking agreements to avoid fully complying with Plaintiff's obligations under the Federal Rules of Civil Procedure. Given Plaintiff's failure to comply with the Federal Rules of Civil Procedure and to fully respond to discovery requests, AII now requests that this Court compel Plaintiff to issue full supplemental responses to AII's discovery requests and to extend the discovery deadlines to allow AII to pursue meaningful discovery based on the documentation Plaintiff failed to timely produce.

### III. ARGUMENT

Discovery may be obtained about any matter that is not privileged and that is both relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A court may compel responses to discovery if a party did not answer an interrogatory submitted under Rule 33, or did not respond under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). In this case, Plaintiff failed to answer the following interrogatories and failed to respond to the following requests for production.

**A.** **Plaintiff's Responses to AII's First Set of Interrogatories Are Deficient**

32211665v.6

Argument:

Plaintiff did not answer **Interrogatory number 19** regarding any samples, containers, or the like of any talc or talc- containing product in his possession.

Plaintiff did not answer **Interrogatory number 20** regarding plaintiff/decedent's alleged exposure to either talc or a talc-containing product.

Both of these interrogatories are relevant to Plaintiff's allegations of exposure to talc and talc-containing products. Nevertheless, Plaintiff referred AII to Betty Bell's deposition and stated he would provide expert materials and opinions consistent with the scheduling order.

AII, however, propounded interrogatory numbers 19 and 20 on *Mr. Bell* to inquire into what *Mr. Bell* knows, believes, or contends. Mr. Bell's references to Betty Bell's deposition testimony is not responsive to these interrogatories or permissible under Rule 33. *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 (M.D.N.C. 2002) ("As shown next, defendants propounded contention interrogatories. Rule 33(d) may not be used as a substitute for answering such interrogatories. Only plaintiff can identify its own

12

32211665v.6

contentions and the burden on defendants to try and divine plaintiff's contentions from documents obviously imposes a greatly unequal burden on defendants."); *id.* at 577–78 ("Pleadings, depositions, exhibits, and affidavits which plaintiff intends to use are not Rule 33(d) business records."). Moreover, Interrogatory numbers 19 and 20 are fact questions and do not ask for expert opinions. Accordingly, Plaintiff's responses to Interrogatory numbers 19 and 20 are deficient, and AII requests that the Court compel Plaintiff to provide full responses to both interrogatories.

<u>Request:</u>

32211665v.6

19. If plaintiff/decedent has any samples, containers, or the like of any talc or talc containing product which is the alleged basis of this lawsuit, please provide the following information:

    (a) Brand/name/manufacturer of the talc or talc containing product;
    (b) Description of the talc or talc containing product, including the color, size, shape, container style, and scent;
    (c) The name and location of where the talc or talc containing product was purchased;
    (d) Current location and condition of the talc or talc containing product;
    (e) Whether the talc or talc containing product is in its original container; and
    (f) Whether any person or entity has performed any tests or samples on the talc or talc containing product, and if so, the results of sampling/testing, who conducted the sampling/testing, and when the sampling/testing was conducted.

    **Response:**

    Plaintiff objects to the interrogatory as overly broad and unduly burdensome. Decedent Betty Bell has already provided deposition testimony concerning the Clubman talc product. Plaintiff further objects to this interrogatory as exceeding the permissible number of interrogatories, including subparts, under the Federal Rules of Civil Procedure. Subject to the foregoing objections, see the deposition testimony of Betty Bell in this case. Further, Plaintiff will provide expert materials and opinions consistent with the scheduling order in this case.

20. Please provide detailed information concerning plaintiff/decedent's alleged exposure to either talc or talc containing product (or if alleged exposure is claimed through another person, of that person), including:

    (a) Brand/Name of each talc or talc containing product allegedly at issue;
    (b) Manufacturer of the talc or talc containing product allegedly at issue;

14

(c) Description of the talc or talc containing product, including the color, size, shape, container style, and scent;

(d) The approximate dates and years of use of the talc or talc containing product;

(e) Location/address of use of the talc or talc containing product;

(f) Detailed description of plaintiff/decedent's use of the talc or talc containing product, including approximate amount used, frequency of use, location on plaintiff/decedent's body where applied, and type of use (bystander, direct, etc.);

(g) The name and location of the store or place where the talc or talc containing product was purchased, including the address and/or store number;

(h) Whether plaintiff/decedent has any samples, containers, or the like of the talc or talc containing product in their possession;

(i) Identity of persons, if any, on whom plaintiff/decedent applied talc or talc containing product;

(j) Identity of persons, if any, who used talc or talc containing product in plaintiff/decedent's presence; and

(k) Identify of persons, if any, who would have details regarding plaintiff/decedent's use of talc or talc containing product.

**Response:**

Plaintiff objects to the interrogatory as overly broad and unduly burdensome. Decedent Betty Bell has provided extensive deposition testimony concerning her exposure to talc products, and it is unreasonable to seek to require Plaintiff to marshal the exposure testimony within the confines of an interrogatory answer. Plaintiff further objects to this interrogatory as exceeding the permissible number of interrogatories, including subparts, under the Federal Rules of Procedure. Subject to the foregoing objections, see the deposition testimony of Betty Bell in this case.

## B. Plaintiff's Responses to AII's First Request for Production Are Deficient

**REQUEST FOR PRODUCTION NO. 7**

Request: Request for Production No. 7 states, in full: "The documents concerning your claim for damages or the methods used to calculate such alleged damages."

Argument:

The documents requested in RFP No. 7 are the same documents that a party must disclose under Fed. R. Civ. P. 26(a)(1)(A)(iii). Accordingly, AII is entitled to discovery of these documents.

32211665v.6

Request and Response:

7. The documents concerning your claim for damages or the methods used to calculate such alleged damages.

    **Response:** Plaintiff objects to this Request as overly broad, vague, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this Request as an unreasonable attempt to require Plaintiff to marshal all of his evidence regarding damages within the confines of a single, vague discovery request. This request is so global and vague that it is impossible for Plaintiff to answer.

## REQUESTS FOR PRODUCTION NO. 11 & 12

Summary of Requests:

"Copies of all income tax returns filed by plaintiff or plaintiffs reflecting and all revenues generated or derived from the operation of Country Curls," RFP No. 11, and "Copies of all income tax returns filed by Lloyd Bell or Betty Bell reflecting all revenues generated or derived from plaintiffs' operation of any and all hairdressing, barber shop, hair salons and/or similar businesses." RFP No. 12.

Argument:

The majority rule that has emerged from federal case law is that a two-prong test should be applied to determine when the qualified privilege protecting income tax returns is overcome. *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02CV00146, 2004 WL 444570, at *2 (M.D.N.C. Feb. 24, 2004)(citing *Terwilliger v.. York Int'l Corp.*, 176 F.R.D.

32211665v.6

214, 216–17 (W.D.Va.1997)). Under this test, tax returns are discoverable if (1) they are relevant to a matter in dispute; and (2) they are needed, because the information is not available from other sources. *Id*. The burden to show that the tax returns are relevant lies with the party seeking disclosure, while the burden to identify an alternate source of the information lies with the resisting party. *Id*.

AII is entitled to the production of Lloyd Bell and Betty Bell's income tax returns because they are relevant to Plaintiff's claims that Betty Bell operated a hair salon named Country Curls through which Betty Bell was exposed to Clubman talc. Betty Bell and Lloyd Bell's tax returns are evidence of the amount of revenue Country Curls earned each year it operated and of what years the business earned any revenue. Because Plaintiff's allegations of exposure to Clubman talc is premised on Betty Bell's operation of Country Curls, the extent and duration of Country Curls' business and operations as reflected in the tax returns are evidence of the extent of Betty Bell's exposure or lack of exposure to Clubman talc. Betty Bell and Lloyd Bell testified that the couple filed taxes jointly. Accordingly, both of their income tax returns,

17

whether filed jointly or not are relevant to the extent and
duration of Country Curls' business.

Additionally, given that Betty Bell testified that Betty
and Lloyd used an accountant to file their taxes, there is no
other available source from which to objectively determine
the amount of business conducted by Betty Bell through Country
Curls or any other salon. Plaintiff cannot meet his burden of
determining an alternate source from which AII can obtain an
accounting of the amount and duration of business conducted
by Country Curls or of the revenue generated from its
operation. Accordingly, AII is entitled to authorizations
allowing for the release of Betty and Lloyd Bell's income tax
returns from the Internal Revenue Service directly.

<u>Request and Response:</u>

11.   Copies of all income tax returns filed by plaintiff or plaintiffs reflecting and all revenues
      generated or derived from the operation of Country Curls. If plaintiffs are not in possession
      of such documents, AII requests that plaintiffs provide duly-executed authorizations
      allowing for the release of such income tax returns from the Internal Revenue Service
      directly.

      **Response:** Plaintiff objects to this Request as seeking information that is not relevant to
      any issue in this case as Plaintiff is not seeking damages for lost income. Plaintiff further
      objects to this request as an invasion of Plaintiff's personal privacy rights concerning
      income that is unrelated to the business previously operated by decedent Betty Bell.

18

12. Copies of all income tax returns filed by Lloyd Bell or Betty Bell reflecting all revenues generated or derived from plaintiffs' operation of any and all hairdressing, barber shop, hair salons and/or similar businesses. If plaintiffs are not in possession of such documents, AII requests that plaintiffs provide duly-executed authorizations allowing for the release of such income tax returns from the Internal Revenue Service directly.

**Response:** Plaintiff objects to this Request as seeking information that is not relevant to any issue in this case as Plaintiff is not seeking damages for lost income. Plaintiff further objects to this request as an invasion of Plaintiff's personal privacy rights concerning income that is unrelated to the business previously operated by decedent Betty Bell.

## REQUESTS FOR PRODUCTION NO. 13 & 14

Summary of Request:

Any and all invoices, receipts, purchase orders, etc. pertaining to the operation of Country Curls and any other hair salon operated by Plaintiff.

Argument:

AII asserts that Plaintiff has waived its right to objections by raising only impermissible non-specific, boilerplate objections. Plaintiff's Objections to discovery must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010).

Additionally, Plaintiff's response is insufficient. AII requests that this Court order Plaintiff produce any responsive documents in its current control, custody, or possession. Alternatively, if Plaintiff does not possess any

19

responsive documents, AII requests that this Court order Plaintiff to withdraw his objections and amend its response to reflect that fact.

Request and Response:

13. Any and all invoices, receipts, purchase orders, work records, work logs, customer lists, marketing materials, advertisements, signage or other materials pertaining to the operation of Country Curls.

> **Response:** Plaintiff objects to this Request as overly broad, vague, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Subject to the foregoing objections, Plaintiff is aware of a remaining container of Clubman talc as described by decedent Betty Bell in her deposition.

14. Any and all invoices, receipts, purchase orders, work records, work logs, customer lists, marketing materials, advertisements, signage or other materials pertaining to plaintiff or plaintiffs' operation of any and all hairdressing, barber shops, hair salons and/ or similar businesses.

> **Response:** See Plaintiff's response and objections to Request no. 13.

## REQUESTS FOR PRODUCTION NO. 15-34

Summary of Requests:

These sets of requests generally pertain to documentation in the custody of Plaintiff's counsel relating to asbestos-containing products/materials in Betty Bell's and Lloyd Bell's places of employment.

Argument:

AII is entitled to these documents. These documents are relevant to AII's alternate exposure defenses because they

32211665v.6

relate to Betty Bell's exposure to asbestiform fibers at the workplace. Each request describes with reasonable particularity the documents it seeks and are limited to documents relating to the Fiber Industries plant in Salisbury, NC. Additionally, this request is also not unduly burdensome. Plaintiff's counsel has litigated numerous matters involving asbestos allegations involving the Salisbury, North Carolina. Presumably, documents evidencing Plaintiff's counsel's prior claims of asbestos exposure within that plant are readily available to Plaintiff.

Additionally, these requested documents are within Plaintiff's control. The Federal Rules require a party responding to a document request to do more than just produce those documents are readily accessible to it. Instead, the responding party must produce responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). A party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents. *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014), *aff'd sub nom. Beach Mart, Inc. v. L&L Wings, Inc.*, 784 Fed. Appx. 118

32211665v.6

(4th Cir. 2019) (*citing Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 501 (D.Md.2000)). Accordingly, Plaintiff must produce these responding documents because they are within Plaintiff's control by virtue of being in Plaintiff's counsel's control, custody or possession.

Requests and Responses:

15. All Documents consisting of or pertaining to agreements or contracts between Daniel Construction and Covil for the supply of asbestos containing products or materials to the Fiber Industries plant/site in Salisbury, NC.

   **Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

16. All Documents consisting of or pertaining to agreements or contracts between Daniel Construction and any person or entity for the supply of asbestos-containing products or materials to the Fiber Industries plant/site in Salisbury, NC.

   **Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

17. All Documents consisting of or pertaining to agreements or contracts between Fiber Industries and Daniel Construction for the provision of, sale to, supply of, and/or installation of asbestos-containing insulation within the Fiber Industries plant/site in Salisbury, NC.

   **Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

32211665v.6

18. All Documents consisting of or pertaining to agreements or contracts between Fiber Industries and Covil for the provision to, sale of, supply to, and/or installation of asbestos-containing products/materials within the Fiber Industries plant/site in Salisbury, NC.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it

seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

19. All Documents consisting of or pertaining to agreements or contracts between Fiber Industries and any person or entity for the provision to, sale of, supply to, and/or installation of asbestos-containing products/materials within the Fiber Industries plant/site in Salisbury, NC.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

20. All Documents reflecting or pertaining to the delivery of asbestos-containing products/materials by Covil to the Fiber Industries plant/site in Salisbury, NC.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

21. All Documents reflecting or pertaining to the delivery of asbestos-containing products/materials by any person or entity to the Fiber Industries plant/site in Salisbury, NC.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

22. All Documents reflecting or pertaining to goods and/or services provided by Covil in connection with construction and/or maintenance of the Fiber Industries plant/site in Salisbury, NC.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule

23

34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

23. All Documents reflecting or pertaining to goods and/or services provided by Daniel Construction in connection with construction and/or maintenance of the Fiber Industries plant/site in Salisbury, NC.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

24. All Documents reflecting or pertaining to goods and/or services provided by any person or entity in connection with construction and/or maintenance of the Fiber Industries plant/site in Salisbury, NC.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

25. All Documents reflecting or pertaining to the presence of any asbestos-containing product(s), material(s) or substance(s) at the Fiber Industries plant/site in Salisbury, NC.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

32211665v.6

26. All Documents reflecting or pertaining to your actual or alleged exposure to any asbestos-containing product(s), material(s) or substance(s) at the Fiber Industries plant/site in Salisbury, NC.

   **Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

27. All documents reflecting or pertaining to the presence of asbestos or asbestos-containing materials at/in the Fiber Industries plant/site in Salisbury, NC.

   **Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

28. All documents specifying the use of asbestos-containing products in the construction and maintenance of the Fiber Industries plant/site in Salisbury, NC.

   **Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

29. All documents setting forth safety precautions or industrial hygiene measures to be employed at the Fiber Industries plant/site in Salisbury, NC with regard to dust and fumes at any time from 1966 to 1990.

   **Response:** Plaintiff objects to this Request as overly broad, vague, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

25

30. All documents reflecting or pertaining to the purchase of asbestos-containing products for use or installation at the Fiber Industries plant/site in Salisbury, NC.

   **Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

31. All documents reflecting or pertaining to air quality testing at the Fiber Industries plant/site in Salisbury, NC at any time from 1966 to 1990.

   **Response:** Plaintiff objects to this Request as overly broad, vague, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

32. All documents reflecting or pertaining to asbestos or other dust counts in the air at the Fiber Industries plant/site in Salisbury, NC at any time from 1966 to 1990.

   **Response:** Plaintiff objects to this Request as overly broad, vague, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

33. All documents reflecting or pertaining to results of chest x-rays of employees at the Fiber Industries plant/site in Salisbury, NC.

   **Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

26

34. All documents comprising or pertaining to claims for workers compensation or asbestos-related injury claims involving Daniel Construction and/or Covil and/or Fiber Industries.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

## REQUEST FOR PRODUCTION NO. 41

### Summary of Request:

This request pertains to the required medical authorizations to enable AII to obtain medical records required to prepare a defense, to depose treatment providers, and to formulate further discovery responses.

### Argument:

Plaintiff's counsel has previously conveyed that medical authorizations required by Plaintiff's medical providers would be produced. To date, Plaintiff's counsel has failed to produce the medical authorizations propounded on Plaintiff's counsel on January 27, 2020 despite repeated requests for the authorizations and repeated promises to do so. AII requests that this Court order Plaintiff to execute the medical authorizations immediately and to extend Defendants' discovery deadlines based on the fact that Plaintiff's failure to timely produce these authorizations has prevented AII from meaningful discovery.

27

32211665v.6

<u>Request and Response:</u>

41. Signed authorizations, including authorizations in compliance with the Health Insurance Portability and Accountability Act ("HIPAA"), to enable the defendants to reasonably obtain other discoverable records. (A complete set to be attached to these requests).

**Resonse:** Plaintiff further objects to this Request as seeking information medical information unrelated to dedecent's asbestos-related disease and therefore is irrelevant and an invasion of decedent's and Plaintiff's personal privacy rights. Subject to the foregoing objections, see the medical records of Betty Bell previously produced to Defendants.

## **REQUEST FOR PRODUCTION NO. 43**

<u>Summary of Request:</u>

This request seeks, in part, the autopsy report and photos if any.

<u>Argument:</u>

Plaintiff's response is insufficient. Plaintiff has not previously produced autopsy documents. Moreover Rule 34 of the Federal Rules of Civil Procedure requires that Plaintiff produce documents and label them to correspond to the categories in the request. Plaintiff has failed to do so by referring to "documents previously produced to Defendants." AII requests that this Court order Plaintiff produce any responsive documents in its current control, custody, or possession. Alternatively, if Plaintiff does not possess any responsive documents, AII requests that this Court order Plaintiff to withdraw his objections and amend its response to reflect that fact.

28

32211665v.6

Request and Response:

43. With respect to death claims, provide:
    (a) The death certificate(s);

    (b) The report of autopsy (including private autopsy), if any, and autopsy photos;
    (c) Letters testamentary; and
    (d) Application and court orders from each jurisdiction where a representative has
        requested appointment, and documents showing the appointment of a representative
        of the estate

    **Response:** See the documents previously produced to Defendants.

## REQUEST FOR PRODUCTION NO. 49

Summary of Request:

This request seeks photographs, films, movies, or video records relating to the matters at issue in this case.

Argument:

AII asserts that Plaintiff has waived its right to objections by raising only impermissible non-specific, boilerplate objections. Plaintiff's Objections to discovery must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010).

Additionally, Plaintiff's response is insufficient. AII requests that this Court order Plaintiff produce any

29

responsive documents in its current control, custody, or possession. Alternatively, if Plaintiff does not possess any responsive documents, AII requests that this Court order Plaintiff to withdraw his objections and amend its response to reflect that fact.

Request and Response:

49. All photographs, films, movies, or video recordings that depict or purport to depict anything relevant to any of the matters at issue in this case, including any of the matters alleged in the plaintiff/decedent's complaint or petition.

**Response:** Plaintiff objects to this Request as overly broad, vague, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Subject to the foregoing objections, Plaintiff expects to locate and produce in the future photographs of decedent, Plaintiff, and family.

## REQUESTS FOR PRODUCTION NOS. 56

Summary of Request:

All documents, **samples**, videos, pictures and similar materials pertaining to any test, study, investigation, inspection, sampling, or analysis of any talc or talc containing products conducted by any testifying expert or any consulting expert whose mental impressions or opinions have been reviewed by any testifying expert in this matter.

Argument:

Plaintiff's non-boiler plate objections are limited to the request being premature under Rule 26(a)(2), however, the samples of any talc, Clubman talc, or talc-containing products, including the Clubman talc container in this case are not expert discovery. AII is entitled to inspection and

30

32211665v.6

production of the Clubman talc samples themselves investigated, analyzed, or inspected by any of Plaintiff's consulting or testifying experts, which is material evidence in this case. Plaintiff's contentions to the contrary are meritless. Plaintiff's designated expert, Steven Compton, previously received and inspected 53 samples of talc retains from AII. AII is entitled to the return and inspection of those talc retains, in addition to any other Clubman talc samples in Plaintiff's counsel's possession, because the evidence is materially relevant to Plaintiff's claims regarding the presence of asbestiform fibers in Clubman talc.

Additionally, AII's counsel has specifically requested the return of talc samples previously collected by Alan Segrave. Plaintiff's designated expert, Mr. Compton, received and reviewed these samples. AII is similarly entitled to the return and inspection of those talc retains, in addition to any other talc samples in Plaintiff's counsel's possession, because the evidence is materially relevant to Plaintiff's claims regarding the presence of asbestiform fibers in Clubman talc and Plaintiff's contamination claims regarding the source of Clubman talc. Accordingly, Plaintiff must

31

32211665v.6

produce those samples in response to Request for Production 56.

Alternately, if the Court does consider the items and documents requested as expert discovery, AII requests that Plaintiff be instructed to fully produce the items and documents within the expert discovery deadlines.

Request and Response:

56. Please produce all documents, samples, videos, pictures, and similar materials pertaining to any test, study, investigation, inspection, sampling, or analysis of any talc or talc containing products conducted by any testifying expert or any consulting expert whose mental impressions or opinions have been reviewed by any testifying expert in this matter.

Response: Plaintiff objects to this Request as overly broad, vague, and beyond the scope of discovery concerning experts set forth in Rule 26(a)(2). Subject to the foregoing objections, Plaintiff will provide expert materials discoverable under Rule 26(a)(2) consistent with the deadlines for producing same in this case.

**REQUESTS FOR PRODUCTION NOS. 58-59**

Summary of Requests:

AII requests each talc, or talc-containing product sample and/or container in Plaintiff's possession, including any contents and the chain of custody of said samples and/or container.

Argument:

Based on conferences with Plaintiff's counsel, Plaintiff does not object to producing any samples or containers of

32

32211665v.6

Clubman talc. As noted below, Plaintiff has raised no objections to producing each talc or talc containing product sample or container. Accordingly, AII requests that Plaintiff immediately produce such samples and containers within plaintiff's possession, custody, or control, which necessarily includes any such samples within Plaintiff's experts' possession or custody.

Additionally, AII requests that the Court strike Plaintiff's objections to Request 59 and immediately produce the chain of custody documents requested therein.

<u>Requests and Responses:</u>

58. To the extent it exists, please produce each talc or talc containing products sample or container in plaintiff/decedent's possession, custody, or control, including the contents thereof.

    **Response:** Plaintiff will produce the container of Clubman talc after it becomes available following analysis by Plaintiff's experts.

59. Any and all documents or materials relating to the chain of custody for each talc or talc containing products container/sample referred to in Requests for Production Nos. 57 and 58 above, including but not limited to, information regarding: (a) the date and location of original purchase, (b) any subsequent transfer of the container/sample to anyone other than the original purchaser, (c) the date the container/sample was first opened and by whom; and (d) whether the sample/container provided was the original container.

    **Response:** Plaintiff objects to this Request as overly broad and vague. Subject to the foregoing objections, Plaintiff will produce any chain of custody documents in his possession at the time the container of Clubman talc becomes available for production to Defendants.

**REQUESTS FOR PRODUCTION NOS. 64**

33

<u>Summary of Request:</u>
Copies of any photographs, advertisements, or other depictions of the packaging of any allegedly used talc-product or the actual product itself.

<u>Argument:</u>

AII asserts that Plaintiff has waived its right to objections by raising only impermissible non-specific, boilerplate objections. Plaintiff's Objections to discovery must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010).

Additionally, Plaintiff's response is insufficient. AII requests that this Court order Plaintiff produce any responsive documents in its current control, custody, or possession. Plaintiff's response that he will not produce the requested documentation until the exchange of trial exhibits defies the Rules of Civil Procedure. AII requests that this Court order Plaintiff to fully produce responsive documents in conformity with his requirements under the Federal Rules of Civil Procedure.

<u>Request and Response:</u>

34

32211665v.6

64. Full, complete and legible color copies, (if available) of any and all photographs, advertisements or other depictions in the possession, custody or control of the plaintiff/decedent or their attorney, depicting either the packaging of any alleged asbestos-containing product to which they claim exposure, and any other product that allegedly caused plaintiff/decedent's exposure to asbestos, or the actual product itself.

**Response:** See Plaintiff's response and objections to Request no. 58. Further, discovery in this matter is ongoing, and Plaintiff will exchange trial exhibits and exhibit lists with Defendants pursuant to the scheduling order in this case.

## REQUESTS FOR PRODUCTION NOS. 65

Summary of Request:

Copies of any photographs, advertisements, or other depictions of at any of the sites were Betty Bell was allegedly exposed to asbestos-containing products or otherwise supporting Betty Bell's alleged exposure to such products.

Argument:

AII asserts that Plaintiff has waived its right to objections by raising only impermissible non-specific, boilerplate objections. Plaintiff's Objections to discovery must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010).

Additionally, Plaintiff's response is insufficient. AII requests that this Court order Plaintiff produce any responsive documents in its current control, custody, or

35

32211665v.6

possession. This includes documents within Plaintiff's counsel's control, custody, or possession. A party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents. *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014), *aff'd sub nom. Beach Mart, Inc. v. L&L Wings, Inc.*, 784 Fed. Appx. 118 (4th Cir. 2019) (*citing Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 501 (D.Md.2000)).

<u>Request and Response:</u>

65. Copies of any photographs, videotapes or films depicting any of the sites at which the plaintiff/decedent was allegedly exposed to asbestos-containing products or otherwise supporting the plaintiff/decedent's claimed exposure to asbestos-containing products and any other products that allegedly caused plaintiff/decedents' exposure to asbestos.

**Response:** Plaintiff objects to this Request as overly broad, vague, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Subject to the foregoing objections, discovery in this matter is ongoing, and Plaintiff will exchange trial exhibits and exhibit lists with Defendants pursuant to the scheduling order in this case.

**<u>REQUESTS FOR PRODUCTION NOS. 66</u>**

<u>Summary of Request:</u>

Log books, notes, calendars, diaries or like materials prepared or kept by Betty Bell or Plaintiff and any other similar notes made by Plaintiff/decedent in connection with any alleged exposure and conduct relating to any asbestos or asbestos-containing products.

36

32211665v.6

<u>Argument:</u>

AII asserts that Plaintiff has waived its right to objections by raising only impermissible non-specific, boilerplate objections. Plaintiff's Objections to discovery must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010).

Additionally, Plaintiff's response is insufficient. AII requests that this Court order Plaintiff produce any responsive documents in its current control, custody, or possession. Plaintiff is not entitled to delay such production until the time of trial. Alternatively, if Plaintiff does not possess any responsive documents, AII requests that this Court order Plaintiff to withdraw his objections and amend its response to reflect that fact.

<u>Request and Response:</u>

37

32211665v.6

66. All documents (including, but not limited to, log books, notes, calendars, diaries, or like materials) prepared or kept by the plaintiff/decedent and all documents in the nature of memoranda, notes, or recordings of statements made by the plaintiff/decedent in connection with (a) any Exposure History or list of job sites; (b) any exposure to asbestos or to asbestos-containing materials; (c) any conduct of the defendants with respect to asbestos or asbestos-containing products; (d) any asbestos-related injury, disease, or treatment (including mesothelioma); or (e) any elements of actual damages resulting from the plaintiff/decedent's claimed asbestos-related injury.

**Response:** Plaintiff objects to this Request as overly broad, vague, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this Request to the extent it

encompasses attorney-client communications. Subject to the foregoing objections, discovery in this matter is ongoing, and Plaintiff will exchange trial exhibits and exhibit lists with Defendants pursuant to the scheduling order in this case.

## REQUESTS FOR PRODUCTION NOS. 71

Summary of Request:

Petitions, Complaints, other pleadings, discovery responses from any prior cases filed by Plaintiff/decedent. Transcripts and videotapes of prior testimony given by Plaintiff/Decedent or any person identified by Plaintiff as a person with knowledge of relevant facts in any prior suit or claim involving asbestos.

Argument:

AII requests that Plaintiff produce any documents within its Plaintiff's custody, control, or possession, including responsive documents in Plaintiff's counsel's custody, control or possession. A party has control of documents where

38

32211665v.6

a party's attorney or former attorney has control, custody, or possession of those documents. *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014), *aff'd sub nom. Beach Mart, Inc. v. L&L Wings, Inc.*, 784 Fed. Appx. 118 (4th Cir. 2019) (*citing Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 501 (D.Md.2000)).

Request and Response:

71. All transcripts and videotapes of any prior deposition, trial, or other sworn testimony in any lawsuit, proceeding, or claim involving or relating to asbestos, given by the plaintiff/decedent or by any person identified by them in this lawsuit as being a person with knowledge of relevant facts.

    **Response:** None in Plaintiff's possession.

**REQUESTS FOR PRODUCTION NOS. 93-95, 97**

Summary of Requests:

Pleadings, discovery, and expert reports and materials from the *Betty Bell and Lloyd Bell v. American International Industries* New Jersey case.

Argument:

AII is entitled to these requested documents and has already informed Plaintiff's counsel that these documents are not in AII's possession and are not equally accessible to AII. This request is not done for purposes of harassment. Lathrop GPM did not represent AII in the New Jersey matter or

39

32211665v.6

prior matters and is entitled to know which documents are in the Plaintiff's possession relating to such matters. Moreover, given that Plaintiff expert issued reports in the New Jersey case that reference the documents reviewed, AII questions Plaintiff's assertion that it has no responsive documents.

Request and Response:

93. All pleadings filed in the Superior Court of New Jersey for Civil Action Number MID-L-6527-15AS, captioned *Betty Whitley Belle and Lloyd Bell v. American International Industries, et. Al.*

Response: Plaintiff objects to this request as seeking documents that are already in Defendant's possession and/or are equally accessible to Defendant as a party to that litigation. Such a request could only be served for purposes of harassment.

94. All discovery exchanged by any and all parties in Civil Action Number MID-L-6527-15AS, captioned *Betty Whitley Belle and Lloyd Bell v. American International Industries, et. Al.*

Response: Plaintiff objects to this request as seeking documents that are already in Defendant's possession and/or are equally accessible to Defendant as a party to that litigation. Such a request could only be served for purposes of harassment.

95. All documents that have been provided to, reviewed by, or prepared by or for a consulting expert in anticipation of the testimony of an expert retained on the plaintiff/decedent's behalf in Civil Action Number MID-L-6527-15AS, captioned *Betty Whitley Belle and Lloyd Bell v. American International Industries, et. Al.*

Response: Plaintiff objects to this request as seeking expert information and documents that are already in Defendant's possession and/or are equally accessible to Defendant as a party to that litigation. Plaintiff further objects to the extent this request seeks consulting expert information protected from discovery. Subject to the foregoing objections, none.

**REQUESTS FOR PRODUCTION NOS. 98, 99**

Summary of Requests:

Litigation documents and other documents from claims involving allegations of asbestos and/or asbestos containing

40

32211665v.6

products/materials within the Fiber Industries plaint/site in Salisbury, NC.

Argument:

AII is entitled to these documents. These documents are relevant to AII's alternate exposure defenses because they relate to Betty Bell's exposure to asbestiform fibers at the workplace. The request describes with reasonable particularity the documents it seeks: those relating to claims and allegations of asbestos and/or asbestos within the a very specific site, the Fiber Industries plant in Salisbury, NC. This request is also not unduly burdensome. Plaintiff's counsel has litigated numerous matters involving asbestos allegations involving the Salisbury, North Carolina. Mrs. Bell herself even filed a workers' compensation claim alleging exposure to asbestos at the Fiber Industries plant. In addition, Mrs. Bell could have filed paperwork with various bankruptcy trusts that would be responsive to this request, but the existence of such documents has been to date concealed by the Plaintiff. Presumably, documents evidencing Plaintiff's counsel's prior claims of asbestos within that plant are readily available to Plaintiff.

41

32211665v.6

Additionally, these requested documents are within Plaintiff's control. The Federal Rules require a party responding to a document request to do more than just produce those documents are readily accessible to it. Instead, the responding party must produce responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). A party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents. *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014), *aff'd sub nom. Beach Mart, Inc. v. L&L Wings, Inc.*, 784 Fed. Appx. 118 (4th Cir. 2019) (*citing Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 501 (D.Md.2000)). Accordingly, Plaintiff must produce these responding documents because they are within Plaintiff's control by virtue of being in Plaintiff's counsel's control, custody or possession.

Requests and Responses:

42

32211665v.6

98. All litigation Documents from claims involving allegations of asbestos and/or asbestos-containing products/materials within the Fiber Industries plant/site in Salisbury, NC.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, unlimited as to the parties involved, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may be involved therein. Subject to the foregoing objections, none in Plaintiff's possession.

99. All documents relating to claims involving allegations of asbestos and/or asbestos-containing products/materials within the Fiber Industries plant/site in Salisbury, NC.

**Response:** Plaintiff objects to this Request as overly broad, vague, unlimited as to time, unlimited as to the parties involved,and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may be involved therein. Subject to the foregoing objections, none in Plaintiff's possession.

## REQUESTS FOR PRODUCTION NOS. 100

Summary of Requests:

Deposition transcripts and trial exhibits in the *Vonnie K. Agner, et. al v. Fluor Daniel, Inc. et al.* and *Robert F. Bost, et al v. Fluor Daniel, Inc., et al.* cases, in which Plaintiff's counsel was involved.

Argument:

AII's requests are not overly broad, unduly burdensome, and do not seek irrelevant information. This request involves Plaintiff's counsel's case file on two cases involving Fiber Industries, *Vonnie K. Agner, et al v. Fluor Daniel, Inc., et al*, 3;98-CV-220-T and *Robert F. Bost, et al v. Fluor Daniel,*

43

32211665v.6

*Inc., et al*, 3:98-CV-138-T. The requests are drafted to identify the specific relevant documents from those cases. For example, they seek specific deposition transcripts and specific trial exhibits, which are identified with sufficient specificity to clarify AII's request.

Both of these cases involve allegations of asbestos exposure at the Celanese Facility where Betty Bell worked and were suits brought by Plaintiff's counsel. The requests lay out specific deposition transcripts and trial exhibits from those cases. The request is not overbroad because it seeks only the deposition transcripts and trial exhibits from two cases filed and litigated by Plaintiff's counsel. The request is not unduly burdensome because, as a law firm, Plaintiff's counsel presumably has all these requested documents readily available. This is simply a matter of Plaintiff's counsels reviewing their own records and retrieving the case file on two of their prior cases. The request is extremely relevant given that Plaintiff's counsel filed and built these two cases alleging asbestos exposure from the very same facility in which Plaintiff and Betty Bell worked. Whether asbestos

44

containing materials were located in the facility where both Plaintiff and Betty Bell worked is relevant to causation.

As to Plaintiff's other objections, it is not unreasonable for AII to request that Plaintiff's counsel review its own records and produce documents from two cases in which counsel argued that two different Plaintiffs were exposed to asbestos-containing materials leading to their mesothelioma at the very same facilities Lloyd Bell and Betty Bell worked. Additionally, these documents are relevant because Betty Bell filed a workers' compensation claim against the Celanese facility and Lloyd Bell has re-filed that same claim against the facility.

Additionally, these requested documents are within Plaintiff's control. The Federal Rules require a party responding to a document request to do more than just produce those documents are readily accessible to it. Instead, the responding party must produce responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). A party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents. *Beach Mart, Inc. v. L & L*

45

*Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014), *aff'd sub nom. Beach Mart, Inc. v. L&L Wings, Inc.*, 784 Fed. Appx. 118 (4th Cir. 2019) (*citing Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 501 (D.Md.2000)). Accordingly, Plaintiff must produce these responding documents because they are within Plaintiff's control by virtue of being in Plaintiff's counsel's control, custody or possession.

Requests and Responses:

100. Any and all documents listed below that are within your possession, custody or control or are within the possession, custody or control of your attorneys, agents, servants or employees or otherwise available to you, wherever the documents may be located:

**Response:** Plaintiff objects to this Request and each and every subpart below (numbers 1 through 520) as overly broad, unduly burdensome, and seeking information that is not relevant to this lawsuit. It is patently unreasonable to seek to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or voluminous documents that may be involved therein. The nature and scope of this request demonstrate that it was made purely for harassment.

46

32211665v.6

1. Deposition Transcript of Edward Monroe dated June 1, 2004, and any and all exhibits, in *Vonnie K. Agner, et al v. Fluor Daniel, Inc., et al.* 3:98-CV-220-T and *Robert F. Bost, et al v. Fluor Daniel, Inc., et al,* 3:98-CV-138-T

2. Deposition Transcript of Bonnie Hill dated June 1, 2004, and any and all exhibits, in *Vonnie K. Agner, et al v. Fluor Daniel, Inc., et al.* 3:98-CV-220-T and *Robert F. Bost, et al v. Fluor Daniel, Inc., et al,* 3:98-CV-138T

3. Deposition Transcript of Shirley Paxton dated June 2, 2004, and any and all exhibits, in *Vonnie K. Agner, et al v. Fluor Daniel, Inc., et al.* 3:98-CV-220-T and *Robert F. Bost, et al v. Fluor Daniel, Inc., et al,* 3:98-CV-138-T

4. Deposition Transcript of Clinton Turman dated June 2, 2004, and any and all exhibits, in *Vonnie K. Agner, et al v. Fluor Daniel, Inc., et al.* 3:98-CV-220-T and *Robert F. Bost, et al v. Fluor Daniel, Inc., et al,* 3:98-CV-138-T

5. Deposition Transcript of Patricia Wirtel dated June 22, 2004, and any and all exhibits, in *Vonnie K. Agner, et al v. Fluor Daniel, Inc., et al.* 3:98-CV-220-T and *Robert F. Bost, et al v. Fluor Daniel, Inc., et al,* 3:98-CV-138-T

6. Deposition Transcript of Randall Hutchins dated June 22, 2004, and any and all exhibits, in *Vonnie K. Agner, et al v. Fluor Daniel, Inc., et al.* 3:98-CV-220-T and *Robert F. Bost, et al v. Fluor Daniel, Inc., et al,* 3:98-CV-138-T

7. Deposition Transcript of David Hutchins, and any and all exhibits, in *Vonnie K. Agner, et al v. Fluor Daniel, Inc., et al.* 3:98-CV-220-T and *Robert F. Bost, et al v. Fluor Daniel, Inc., et al,* 3:98-CV-138-T

*2

## C. **Plaintiff's Responses to AII's Second Request for Production Are Deficient**

**REQUEST FOR PRODUCTION NO. 1**

Summary of Request:

The container of Clubman talcum powder referenced in Lloyd Bell's deposition in this case and Betty Bell's deposition in the preceding New Jersey matter, which has been tested by plaintiffs' experts.

---

2 Full Request omitted here for brevity. The list of entire specific documents requested under Request for Production 100 is included in Exhibit __.

47

Argument:

Plaintiff's response stated that Plaintiff would make the container available under "the proper protocols," however, Plaintiff has failed to identify the protocols to which he refers and has not provided a concrete timeline for the production of the container. Given Plaintiff's failure to propose the conditions under which the container would be provided or a timeline for such production, AII requests that the Court compel Plaintiff to provide this container immediately without any such conditions.

 Request and Response:

**REQUEST FOR PRODUCTION NO. 1:**
The container of Clubman talcum powder referenced in Lloyd Bell's deposition in this case and Betty Bell's deposition in the preceding New Jersey matter, which has been tested by Dr. Fitzgerald.

**RESPONSE:**
Plaintiff objects to unfettered production of this product without proper protocols to ensure preservation of this evidence. Plaintiff will make the product available under the proper protocols.

**REQUESTS FOR PRODUCTION NO. 5-21**

Summary of Request:
Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from cases filed by Plaintiff's counsel involving the Fiber Industries and Cannon

48

32211665v.6

Mills facilities where Decedent worked and against which Decedent and Plaintiff filed workers compensation claims.

Argument:

These requests are relevant and specific. Particularly, all of these requests outline the exact documents in Plaintiff's counsel's possession relating to cases filed by Plaintiff's counsel that involved allegations of asbestos exposure at the Fiber Industries or Cannon Mills facilitate where Betty Bell worked and against which Betty Bell and Lloyd Bell have filed workers compensation claims. This documentation is highly relevant to the asbestos exposure Betty Bell claimed and Lloyd Bell currently claims Betty experienced at both of these facilities. Plaintiff's counsel has filed several lawsuits against these lawsuits and gathered invaluable evidence of the asbestos exposure within these facilities. Whether asbestos containing materials were located in these facilities where both Plaintiff and Betty Bell worked is relevant to causation. Presumably, Plaintiff's counsel has all these requested documents readily available. This is simply a matter of Plaintiff's counsels

32211665v.6

reviewing their own records and retrieving the case file on their prior cases.

As to Plaintiff's other objections, it is not unreasonable for AII to request that Plaintiff's counsel review its own records and produce documents from its own cases in which Plaintiff's counsel and some of the Plaintiff's experts in this case argued that the facilities in which Betty Bell worked resulted in widespread asbestos exposure to the facilities' employees.

Additionally, Plaintiff's counsel must produce the requested documents because they are within Plaintiff's counsel's control. The Federal Rules require a party responding to a document request to do more than just produce those documents are readily accessible to it. Instead, the responding party must produce responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). A party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents. *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014), *aff'd sub nom. Beach Mart, Inc. v. L&L Wings, Inc.*, 784 Fed. Appx. 118

50

32211665v.6

(4th Cir. 2019) (*citing Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 501 (D.Md.2000)). Accordingly, Plaintiff must produce these responding documents because they are within Plaintiff's control by virtue of being in Plaintiff's counsel's control, custody or possession.

Requests and Responses:

**REQUEST FOR PRODUCTION NO. 5:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *Donald Bell v. HNA Holdings,*

*Inc.*, Cause 99-CVS-223, filed in the General Court of Justice Superior Court Division in the State of North Carolina.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

51

32211665v.6

**REQUEST FOR PRODUCTION NO. 6:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *Donald Bell v. HNA Holdings, Inc.*, Cause No. COA03-1095, filed in the Twenty-Six District North Carolina Court of Appeals.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 7:**

Expert reports drafted or produced by Dr. Edwin C. Holstein, M.D. in case titled *Donald Bell v. HNA Holdings, Inc.*, Cause 99-CVS-223, filed in the General Court of Justice Superior Court Division in the State of North Carolina.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 8:**

Expert reports drafted or produced by Arnold R. Brody, Ph.D. in case titled *Donald Bell v. HNA Holdings, Inc.*, Cause 99-CVS-223, filed in the General Court of Justice Superior Court Division in the State of North Carolina.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 9:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *Schenk v. HNA Holdings, Inc.*, Cause 98CVS2489.

32211665v.6

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 10:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *Schenk v. HNA Holdings, Inc.*, Cause COA03-1094, filed in the Twenty-Six District North Carolina Court of Appeals.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 11:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *Fink et al v. Aqua-Chem, Inc. et al*, case no. 1:09-cv-00143, filed in the Western District of North Carolina District Court.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking

information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 12:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *YOUNG et al v. 3M COMPANY et al*, case no. 1:13-cv-00864, filed in the Middle District of North Carolina District Court.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

53

32211665v.6

**REQUEST FOR PRODUCTION NO. 13:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *Allen v. CBS Corporation, et. al.*

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 14:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *DRY et al v. AQUA-CHEM, INC. et al*, case no. 1:09-cv-00284-WO-WWD, filed in the Middle District of North Carolina District Court.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 15:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *DRY et al v. AQUA-CHEM, INC. et al*, case no. 2:09-cv-70124-ER, filed in the Eastern District of Pennsylvania District Court.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 16:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *PETHEL et al v. AQUA-CHEM, INC. et al*, case no. 1:09-cv-00228-TDS-WWD, filed in the Middle District of North Carolina District Court.

54

32211665v.6

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 17:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *KELLER v. AVOCET ENTERPRISES, INC., et al*, case no. 1:14-cv-00286-TDS-JLW, filed in the Middle District of North Carolina District Court.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 18:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *SUTTON v. CNA HOLDINGS, INC. et al*, case no. 1:11-cv-00454-WO-LPA, filed in the Middle District of North Carolina District Court.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 19:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled, *ALLMON et al v. AQUA-CHEM, INC. et al*, case no. 1:09-cv-00341-WO-WWD, filed in the Middle District of North Carolina District Court.

32211665v.6

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 20:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *ABERNATHY et al v. A. W. CHESTERTON COMPANY et al.*, case no. 1:09-cv-00836-TDS-LPA, filed in the Middle District of North Carolina District Court.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 21:**

Pleadings, deposition transcripts, trial transcripts, motions, orders, trial exhibits, discovery responses, witness statements, and expert reports from case titled *STRANGE v. 3M COMPANY et al*, case no. 1:10-cv-00008-TDS-LPA, filed in the Middle District of North Carolina District Court.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, vague, unlimited as to time, and failing to describe the requested items with reasonable particularity as required by Rule 34(b)(1)(a), Federal Rules of Civil Procedure. Plaintiff further objects to this request as unduly burdensome and seeking information not relevant to this lawsuit to the extent it seeks to require Plaintiff or Plaintiff's counsel to investigate or research other legal proceedings or documents that may have involved the third parties referenced in this request. Subject to the foregoing objections, none in Plaintiff's possession.

## IV.  CONCLUSION

Based on the foregoing, AII requests that this Court compel Plaintiff to fully supplement its discovery responses as required by the Federal Rules of Civil Procedure and to extend Defendants' discovery deadlines to allow AII to use

32211665v.6

the previously unproduced medical authorizations and other documents to pursue meaningful discovery in this case.

This 31st day of March, 2020.

**LATHROP GPM, LLP**

*/s/ Robert Thackston*
Robert Thackston
Bar No. NC 36330
Kurt W. Greve
Texas Bar No. 24007275
Samuel Garcia
Texas Bar No. 24080067
Lanita Morgan
Texas Bar No. 24088090
2102 Cedar Springs Rd., Suite 1400
Dallas, TX 75201-2134
Telephone: (469) 983-6023
Facsimile: (469) 983-6101
Email:
Robert.thackston@lathropgpm.com
Kurt.greve@lathropgpm.com
sam.garcia@lathropgpm.com
lanita.morgan@lathropgpm.com
*Defense Counsel for American*
*International Industries*

32211665v.6

## Certificate of Conference Pursuant to Local Rule 37.1

Movant's counsel has conferred by telephone and through written communication with opposing counsel in good faith seeking to resolve its dispute as explained more fully herein, but despite sincere efforts, has been unable to reach an accord. The first telephone conference occurred between Mr. Kurt Greve, Mr. Samuel Garcia, and Mr. Frank Wathen to discuss the discovery issues addressed herein on December 2, 2019. Additionally, Movant's counsel has made numerous attempts via telephone, mail, and email to resolve Plaintiff's discovery response deficiencies as outlined above.

/s/ Robert Thackston
Robert Thackston

## Certificate of Word Count

This brief complies with Local Rule 7.3(d)(1)'s word count limitation. The word count feature on Microsoft Word states that the word count of the counted portions of this brief is 6,112 words, within the 6,250 word limit.

/s/ Robert Thackston
Robert Thackston

58

32211665v.6

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | | |
|---|---|---|
| Lloyd Bell, individually and as Executor of the Estate of Betty Whitley Bell, Deceased, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:17-cv-111-WO-JEP |
| American International Industries, Inc., et al., | § § § | |
| Defendants. | § § § | |
| American International Industries, Inc., | § § § | |
| Third-Party Plaintiff, | § § | |
| v. | § § | |
| Neslemur Company f/k/a The Nestle-Lemur Company, | § § § | |
| Third-Party Defendant. | § § | |

## CERTIFICATE OF SERVICE

This is to certify that on March 31, 2020, a true and correct copy of the above and foregoing was served on Plaintiff's counsel by US Mail and via electronic mail. All

32211665v.6

known Defense Counsel of Record was served via electronic
mail only.

**LATHROP GPM, LLP**

*/s/ Robert Thackston*
Robert Thackston
*Counsel for American International
Industries*

**<u>SERVICE LIST</u>**

*Counsel for Plaintiff Lloyd Bell:*
*Frank J. Wathen*
*Simon Greenstone Panatier, P.C.*
*1201 Elm St., Suite 3400*
*Dallas, TX 75204*
*Tel: 214-687-3240*
*Fax: 214-276-7699*
*Email: <u>fwathen@sgptrial.com</u>*

*William Marc Graham*
*Wallace and Graham, PA*
*525 N. Main Street*
*Salisbury, NC 28144*
*Tel: 704-633-5244*
*Email: <u>bgraham@wallacegraham.com</u>*

*Counsel for (1) Defendant Brenntag North America, Inc., Sued
Individually And As Successor-in-Interest to Whittaker Clark
& Daniels, Inc.; (2) Defendant Brenntag Specialties, Inc.,
formerly known as Mineral Pigment Solutions, Inc. (Sued
Individually And As Successor-in-Interest to Whittaker Clark
& Daniels, Inc.; and (3) Defendant Whittaker Clark & Daniels,
Inc.:*

*Tracy E. Tomlin*
*William Michael Starr*
*Travis Bustamante*

60

32211665v.6

Nelson Mullins Riley & Scarborough LLP
100 N. Tryon Street, 42nd Floor
Charlotte, NC 28202-4000
Tel: 704-417-3101
Fax: 704-417-3227
Email:    tracy.tomlin@nelsonmullins.com
          bill.starr@nelsonmullins.com
          travis.bustamante@nelsonmullins.com

Counsel for Defendant Colgate-Palmolive Company:

Jonathan Arthur Berkelhammer
Joseph D. Hammond
Preetha Suresh Rini
Ellis & Winters, LLP
Post Office Box 2752
Greensboro, NC 27402
Tel: 336-217-4084
Fax: 336-217-4198
Email:    jon.berkelhammer@elliswinters.com
          joe.hammond@elliswinters.com
          preetha.sureshrini@elliswinters.com

Joshua S. Lichtenstein
O'Toole Scrivo Fernandez Weiner Van Lieu, LLC
14 Village Park Road
Cedar Grove, NJ 07009
Telephone: 973-239-5700
Facsimile: 973-239-3400
Email: jsl@oslaw.com

Counsel for Defendant Cyprus Amax Minerals Company, sued
individually, doing business as, and as successor to
Metropolitan Talc Co. Inc. and Charles Mathieu Inc. and
Sierra Talc Company and United Talc Company:

Timothy Peck
Smith Moore Leatherwood LLP
300 North Greene Street, Suite 1400
Greensboro, NC 27401
Tel. 336-378-5307
Fax. 336-433-7471

32211665v.6

*Email:    Tim.peck@smithmoorelaw.com*

*Stephanie G. Flynn*
*Smith Moore Leatherwood LLP*
*2 West Washington St., Suite 1100*
*Greenville, SC 29601*
*Tel. 864-751-7607*
*Fax. 864-751-7800*
*Email:    Stephanie.flynn@smithmoorelaw.com*

*Counsel for Neslemur Company f/k/a The Nestle-LeMur Company:*

*J. Dennis Bailey*
*Wall Babcock LLP*
*1076 West Fourth Street*
*Winston-Salem, NC 27101*
*Tel. 336-714-1222*
*Email:    dbailey@wallbabcock.com*

*Ashlee A. Webster*
*Wall Babcock LLP*
*1076 West Fourth Street*
*Winston-Salem, NC 27101*
*Tel. 336-722-2149*
*Email:    awebster@wallbabcock.com*

32211665v.6