```
IN THE UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF NORTH CAROLINA
            Greensboro Division
```

| | | |
|---|---|---|
| Lloyd Bell, individually and as Executor of the Estate of Betty Whitley Bell, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> American International Industries, Inc., et al., <br><br> Defendants. <br>———————————————<br> American International Industries, Inc., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Neslemur Company f/k/a The Nestle-Lemur Company, <br><br> Third-Party Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 1:17-cv-111-WO-JEP |

**<u>DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' EMERGENCY MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES</u>**

Defendant American International Industries ("AII"), by and through undersigned counsel, files this Emergency Motion to Extend Discovery and Dispositive Motion Deadlines. All Defendants do not oppose this motion. Third-Party Defendant,

1

32489053v.7

Neslemur Company, takes no position on this motion. Plaintiff refused to agree to join this motion.

## I. Pandemic Background

1. In early March 2020, the World Health Organization declared a the Coronavirus COVID-19 crisis a global pandemic. Soon after, Donald Trump declared the pandemic a national emergency. Throughout the country, cities and entire states have been put on stay-at-home orders to help contain the pandemic and allow the country to regain control over the crisis. As this Court's Standing Order 13 reflects, North Carolina itself has imposed a stay-at-home order through April 30, 2020. Dallas County, Texas, where both Plaintiff's and AII's counsel reside, similarly issued a shelter order.

## II. Effect of Pandemic on Medical Professionals And Expert Discovery

2. At the same time, due to the pandemic, medical providers throughout the country are either already overwhelmed or preparing to be overwhelmed based on the anticipated impact of this crisis. This creates serious practical issues for all parties in this case, particularly regarding expert discovery. Due to the unprecedented impact the virus has had on the healthcare system, AII anticipates

that further significant interruptions will occur during the discovery period that will impact AII's defense, including medical providers and medical professionals who are or will be experts in this case will not reasonably be able to comply with subpoenas for records due to a lack of time, lack of access, or lack of support staff to allow them to fully comply with the subpoenas. AII has already experienced reluctance of treating healthcare providers to participate in litigation during the pandemic as many such physicians with Duke University Healthcare System could not be reached to confirm attendance for depositions they were compelled to attend by subpoena. AII, out of an abundance of caution and respect for the current crisis, unilaterally postponed the deposition dates as these medical experts who will likely be unable or unwilling to present themselves for depositions either due to their need elsewhere, an inability to leave their homes due to shelter in place orders, or their personal concerns regarding social distancing.

### III. Defendants Have Diligently Engaged in Discovery

3. Defendants have been diligent in their discovery in this case both before and after the start of the pandemic. In

3

32489053v.7

addition to numerous written discovery exchanges, the Parties have deposed Plaintiff and four fact witnesses in this case. The last depositions were taken on March 10, 2020 in the early stages of the pandemic. Since then, AII has noticed the depositions of six treating physicians and intends to proceed with these depositions as soon as practicable. (*See* Ex. A, Deposition notices for treating physicians.) However, as detailed below, AII's efforts have been frustrated by Plaintiff's objections and logistical issues stemming from the pandemic.

### IV. Plaintiff's Counsel Has Raised His Own Concerns Over Participation in Discovery

4. As has been previously referenced, Covid-19 concerns are not theoretical and have already manifested themselves in this case. Even Plaintiff's counsel has voiced concern over the current pandemic. On March 27, 2020, Plaintiff's counsel objected to the depositions of treating physicians due to the fact that he could not travel to North Carolina for the depositions due to the stay-at-home/shelter-in-place order for Dallas County. (*See* Ex. B, Pl.'s Obj. to Treater Depositions.) Plaintiff specifically objected to not being able to be physically present to examine the witnesses. (*Id.*)

4

Plaintiff also objected to the deposition notices not having specific teleconference or dial-in information outlining exactly how the depositions would be conducted. (*Id*.) Plaintiff's latter objection relates to the issue of the general unavailability of treating physicians, their representatives, and their staff during this crisis.

### V. <u>Additional Coordination will be Required for Discovery</u>

5. Depositions during this period, even if done remotely, would require coordination with all the parties, a court reporter and videographer, and the expert witness and his or her representatives to ensure that all parties are not only available, but able to proceed with the deposition through the same means. This required coordination takes additional time. Moreover, the coordination with the medical expert and their representatives is not guaranteed for any medical expert. AII has already encountered issues with coordination of treating physician depositions due to the medical profession's focus on the medical crisis. (*See* Ex. C, Emails with Duke physicians' counsel.) As the crisis worsens daily throughout the nation, there is no reason to believe that coordination of these depositions, even if done

5

remotely, will not become more difficult rather than more manageable.

6. Additionally, other expert discovery including subpoenas for medical records face the same logistical issues and limitations due to the pandemic's effect on the country's healthcare system. Plaintiff has disclosed numerous treating physicians, designated medical experts, and other retained experts in this case. Defendants will also likely designate and disclose numerous similar retained and non-retained experts, some of which that are in the medical field, but all who are impacted by the current pandemic. Plaintiff and defense expert alike, will each need to produce a report and make themselves available for deposition where documents will be required to be produced at the deposition. With severe limitations involving everyone's office staff, additional time and coordination will be required to move discovery forward. Unfortunately, the current scheduling order does not take into account the nationwide shutdown.

### VI. Plaintiff's Request for Extension

7. Moreover, on March 31, 2020, Plaintiff formally raised concerns regarding the COVID19 pandemic's effect on

6

32489053v.7

discovery. (*See* Dkt. Entry 110, at p.1.) In his motion for brief extension of expert disclosure deadline, Plaintiff addressed the spread and impact of the Coronavirus on Plaintiff's office and Dallas County. (*Id*.) Plaintiff also cited the logistical and technological challenges caused by the crisis, including its impact on Plaintiff's experts. (*Id*.) In his motion, Plaintiff requested additional time to comply with the expert discovery deadline. (*Id*.) While Plaintiff's motion inexplicably only seeks relief for Plaintiff despite the global nature of the COVID19 pandemic, Plaintiff's motion is further evidence of the effect of the pandemic on all parties and on their ability to conduct expert discovery in these difficult times.

### VII. <u>Plaintiff's Deficient Discovery Responses Require an Extension of the Discovery Deadlines</u>

8. Additionally, Plaintiff's deficient discovery responses and failure to timely produce documents to various Defendants have compounded the difficulties resulting from the COVID19 Pandemic further requiring an extension in this case.

9. As raised in AII's Motion to Compel filed on April

7

32489053v.7

1, 2020, Plaintiff failed to produce medical records or a medical authorization from which Plaintiff's medical records could be retrieved. (Dkt. No. 111.) As a result, AII has not been able to retrieve all of Plaintiff's medical records in this case. (*See Id*.) Plaintiff's failure to provide full discovery responses to AII means that AII will have to wait until this Court compels Plaintiff to produce the medical records or appropriate authorizations and Plaintiff actually complies with that order before AII can reasonably depose the treating experts in this case and before AII can provide this basic discovery information to its experts. This will likely take weeks given the COVID19 crisis.

**10.** Plaintiff has similarly been derelict in his discovery obligations with Defendant Colgate-Palmolive Company ("Colgate"). Similar to AII's experience detailed in AII's Motion to Compel, Colgate has similarly struggled to obtain full discovery from Plaintiff. (*See* Ex. D, Colgate Discovery Emails.) As the attached emails reflect, Plaintiff's counsel repeatedly failed to timely comply with discovery agreements with Colgate and to supplement and revise discovery responses. (*See id*.) As a result, Colgate

8

32489053v.7

similarly faces a situation in which it is being forced to conduct expert discovery prior to the resolution of fact discovery issues, which will seriously undermine its ability to conduct full and effective expert discovery. In these emails, Plaintiff's counsel cites to "coronavirus issues" as a reason for being unable to supplement discovery responses in a timely manner. Based on this representation, it is likely that Plaintiff will not be able to provide supplemental discovery responses relating to fact discovery that are required for expert discovery in a timely enough manner to allow Colgate, AII, and the other defendants to conduct expert discovery thoroughly and effectively under the present deadlines. Accordingly, the deadlines should be extended.

## VIII. Extension Requested

11. Given the current unprecedented nature of the COVID 19 Pandemic, AII requests that this Court extend the present discovery deadlines. Specifically, AII requests that this Court extend the general and expert discovery deadline from June 15, 2020 to **September 14, 2020.** AII further requests that this Court extend the deadline for reports from retained expert witnesses and disclosures from any expert witnesses

9

32489053v.7

under Fed. R. Civ. P. 26 from Plaintiff to **April 14 ,2020,** as requested by Plaintiff, and from Defendants to **July 31, 2020**. Additionally, AII requests that the deadline for dispositive motions be extended to **September 28, 2020.** These extensions will give the parties reasonable time to conduct expert discovery under the unprecedented conditions created by the COVID19 pandemic and are necessary to avoid the present crisis from irreversibly preventing the fair and thorough completion of discovery in this case.

## IX. CONCLUSION

12. Based on the foregoing, AII requests that this Court extend the present expert discovery deadlines and the deadline for dispositive motions to allow all parties to conduct reasonable and effective expert discovery under the unprecedented conditions of the present pandemic.

This 3rd day of April, 2020.

*LATHROP GPM, LLP*

*/s/ Robert Thackston*
Robert Thackston
Bar No. NC 36330
*/s/ Samuel Garcia*
Samuel Garcia
Texas Bar No. 24080067

10

```
                            Kurt W. Greve
                            Texas Bar No. 24007275
                            Lanita Morgan
                            Texas Bar No. 24088090
                            2102 Cedar Springs Rd., Suite 1400
                            Dallas, TX 75201-2134
                            Telephone: (469) 983-6023
                            Facsimile: (469) 983-6101
                            Email:
                            Robert.thackston@lathropgpm.com
                            Kurt.greve@lathropgpm.com
                            sam.garcia@lathropgpm.com
                            lanita.morgan@lathropgpm.com
                            Defense Counsel for American
                            International Industries
```

**Certificate of Conference Pursuant to Local Rule 6.1**

Movant's counsel conferred via phone and email with Plaintiff's counsel numerous times regarding an extension of expert discovery in this case. Plaintiff would not agree to join in this request.

                                    */s/ Samuel Garcia*
                                    Samuel Garcia

11

32489053v.7

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | |
|---|---|
| Lloyd Bell, individually and as Executor of the Estate of Betty Whitley Bell, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>American International Industries, Inc., et al.,<br><br>Defendants.<br>_____<br><br>American International Industries, Inc.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Neslemur Company f/k/a The Nestle-Lemur Company,<br><br>Third-Party Defendant.<br>_____ | Case No. 1:17-cv-111-WO-JEP |

## CERTIFICATE OF SERVICE

This is to certify that on April 3, 2020, a true and correct copy of the above and foregoing was served on Plaintiff's counsel by US Mail and via electronic mail. All

12

32489053v.7

known Defense Counsel of Record was served via electronic mail only.

**LATHROP GPM, LLP**

*/s/ Samuel Garcia*
Samuel Garcia
*Counsel for American International Industries*

## SERVICE LIST

*Counsel for Plaintiff Lloyd Bell:*
*Frank J. Wathen*
*Simon Greenstone Panatier, P.C.*
*1201 Elm St., Suite 3400*
*Dallas, TX 75204*
*Tel: 214-687-3240*
*Fax: 214-276-7699*
*Email:* fwathen@sgptrial.com

*William Marc Graham*
*Wallace and Graham, PA*
*525 N. Main Street*
*Salisbury, NC 28144*
*Tel: 704-633-5244*
*Email:* bgraham@wallacegraham.com

*Counsel for (1) Defendant Brenntag North America, Inc., Sued Individually And As Successor-in-Interest to Whittaker Clark & Daniels, Inc.; (2) Defendant Brenntag Specialties, Inc., formerly known as Mineral Pigment Solutions, Inc. (Sued Individually And As Successor-in-Interest to Whittaker Clark & Daniels, Inc.; and (3) Defendant Whittaker Clark & Daniels, Inc.:*

*Tracy E. Tomlin*
*William Michael Starr*
*Travis Bustamante*

13

32489053v.7

*Nelson Mullins Riley & Scarborough LLP*
*100 N. Tryon Street, 42nd Floor*
*Charlotte, NC 28202-4000*
*Tel: 704-417-3101*
*Fax: 704-417-3227*
*Email:  tracy.tomlin@nelsonmullins.com*
*bill.starr@nelsonmullins.com*
*travis.bustamante@nelsonmullins.com*

*Counsel for Defendant Colgate-Palmolive Company:*

*Jonathan Arthur Berkelhammer*
*Joseph D. Hammond*
*Preetha Suresh Rini*
*Ellis & Winters, LLP*
*Post Office Box 2752*
*Greensboro, NC 27402*
*Tel: 336-217-4084*
*Fax: 336-217-4198*
*Email:  jon.berkelhammer@elliswinters.com*
*joe.hammond@elliswinters.com*
*preetha.sureshrini@elliswinters.com*

*Joshua S. Lichtenstein*
*O'Toole Scrivo Fernandez Weiner Van Lieu, LLC*
*14 Village Park Road*
*Cedar Grove, NJ 07009*
*Telephone: 973-239-5700*
*Facsimile: 973-239-3400*
*Email: jsl@oslaw.com*

*Counsel for Defendant Cyprus Amax Minerals Company, sued individually, doing business as, and as successor to Metropolitan Talc Co. Inc. and Charles Mathieu Inc. and Sierra Talc Company and United Talc Company:*

*Timothy Peck*
*Smith Moore Leatherwood LLP*
*300 North Greene Street, Suite 1400*
*Greensboro, NC 27401*
*Tel. 336-378-5307*
*Fax. 336-433-7471*

*Email:   Tim.peck@smithmoorelaw.com*

*Stephanie G. Flynn*
*Smith Moore Leatherwood LLP*
*2 West Washington St., Suite 1100*
*Greenville, SC 29601*
*Tel. 864-751-7607*
*Fax. 864-751-7800*
*Email:   Stephanie.flynn@smithmoorelaw.com*

*Counsel for Neslemur Company f/k/a The Nestle-LeMur Company:*

*J. Dennis Bailey*
*Wall Babcock LLP*
*1076 West Fourth Street*
*Winston-Salem, NC 27101*
*Tel. 336-714-1222*
*Email:   dbailey@wallbabcock.com*

*Ashlee A. Webster*
*Wall Babcock LLP*
*1076 West Fourth Street*
*Winston-Salem, NC 27101*
*Tel. 336-722-2149*
*Email:   awebster@wallbabcock.com*

15

32489053v.7