UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| Lloyd Bell, Individually and as Executor of the Estate of Betty Whitley Bell, Deceased | : : : | |
| Plaintiffs, | : : | File No.: 1:17-cv-00111 |
| vs. | : : : | |
| American International Industries Inc., et al. | : : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO QUASH AMERICAN INTERNATIONAL INDUSTRIES' NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO NORTHWELL HEALTH, INC.**

COMES NOW Plaintiff, Lloyd Bell, by and through his counsel of record, and files this Motion to Quash Defendant American International Industries Inc.'s ("AII") Subpoena to Produce Documents, Information, or Objects to Northwell Health, Inc., and would respectfully show the following:

I.
**BACKGROUND**

On August 20, 2020, Defendant AII served its Notice of Issuance of Subpoena to Northwell Health, Inc. and seeking production of various documents in Northwell Health Inc.'s possession pertaining to Plaintiff's retained expert, Dr. Jacqueline Moline, including confidential research materials, confidential financial information, and confidential communications. *See* Defendant's Notice of Issuance of Subpoena and Subpoena to Produce Documents, Information, or Objects to Northwell Health, Inc. attached hereto as **Exhibit A.**

Dr. Moline is an expert in occupational medicine and a retained expert of Plaintiff. Separate and apart from her role as an expert witness in this case, since April 2013 Dr. Moline has

1

served as Director of Occupational & Environmental Medicine Center of Long Island at Northwell Health, a hospital in New York, providing occupational health services to patients in the New York metropolitan area. Dr. Moline's expert report and reliance materials that form the basis of her opinions were produced to Defendants on June 30, 2020, with Plaintiff's Supplemental Rule 26(a)(2) Expert Witness Disclosures. *See* Dr. Moline's CV attached as **Exhibit B** and Declaration of Jacqueline Moline, M.D. containing her opinions is attached as **Exhibit C**. The numerous exhibits to Dr. Moline's Declaration are not attached due to their volume. Further, Dr. Moline's deposition is scheduled to be taken by Defendant AII on September 14, 2020.

Defendant's service of a subpoena upon a third party, Northwell Health, is an improper attempt to obtain confidential financial information of Dr. Moline, confidential research information of Dr. Moline, and confidential communications protected from discovery. Further, if a Defendant seeks production of discoverable documents or materials relevant to Dr. Moline's expert opinions or potential financial bias, the proper means of discovery would be requests directed to Plaintiff, not a subpoena under Rule 45 to a third-party hospital with which the retained expert. *See Alper v. United States,* 190 F.R.D. 281 (D. Mass. 2000); *see also Hartford Fire Ins. v. Pure Air on the Lake Ltd.,* 154 F.R.D. 202, 208 (N.D. Ind. 1993) (holding a party cannot use Rule 45 to circumvent Rule 26(b)(4) as a method to obtain an expert witness's files); *Marsh v. Jackson,* 141 F.R.D. 431, 432 (W.D. Va. 1992) (noting that subpoena for production of documents directed to non-party expert retained by a party is not within ambit of Fed. Rule 45(c)(3)(8)(ii)).

Unfortunately, this is not the first time in this litigation that Defendant AII has improperly attempted to use a Rule 45 subpoena to obtain retained expert information. Plaintiff previously was forced to file a Motion to Quash AII's Subpoena to another third-party, Lab/Cor, Inc. Accordingly, Plaintiff files this Motion to Quash the Northwell Health subpoena in its entirety as an improper means of discovery for the reasons set forth above.

## II.
## OBJECTIONS TO REQUEST FOR DOCUMENTS TO BE PRODUCED

Plaintiff further asserts the following specific objections to the requests for documents contained in Attachment "A" of Defendant's subpoena.

## DOCUMENTS TO BE PRODUCED

1. ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER GENERATED) PERTAINING TO OR RELATED TO:

    a. Compensation paid to Dr. Jacqueline Moline ("Dr. Moline") by Northwell Health, Inc. ("Northwell") in the last five years, including billing records, invoices, W-9s, 1099, or any other applicable IRS documents.

    b. Revenue from Dr. Moline's work as an expert witness.

    c. Compensation agreements and contracts between Northwell and Dr. Moline and Dr. Moline and other persons or entities.

    d. Dr. Moline's publications

**OBJECTION:**

Plaintiff objects to this request as seeking confidential financial information of Dr. Moline that is unrelated to her work as an expert witness. This request is a violation of Dr. Moline's personal privacy rights, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. This request is overly broad and vague with regard to Dr. Moline's "publications" and work as an "expert witness," which, as worded, encompasses consulting expert work protected from discovery. Plaintiff further incorporates his objections to request no. 2 below with regard to paragraph d above.

2. All correspondence, emails, and other means of transmittal of information to Dr. Moline, from any source, of the materials and/or data that Dr. Moline relies or relied upon for her publications, including her article attached as **Exhibit 1**.

3

a. With respect to Exhibit 1, all information, materials, and/or data relied upon by Dr. Moline including "deposition transcripts," "other legal documents associated with the case," and documents or notes relating to any "in-person interview" referred to in Dr. Moline's deposition by Dr. Moline and counsel, who retained her in cases MID-L-6651-16AS and MID-L-7336-16AS. (See excerpts of Dr. Moline's deposition testimony in those cases, attached as **Exhibit 2**.)

**OBJECTION:**

Plaintiff objects to this request as overly broad and vague. Plaintiff further objects to this request as not proportional to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence. This description of materials or data Dr. Moline relies upon could encompass scores of information that Dr. Moline has read or reviewed over the course of her professional and academic career, the sum of which she brings to bear in the formation of her opinions. Plaintiff additionally objects to the extent the Request seeks documents subject to the work-product doctrine or that are publicly available. Defendant's request is beyond the scope of this matter and outside the scope of what is permitted by the Federal Rules of Civil Procedure. In addition to the foregoing objections, Plaintiff objects to the extent that the request seeks confidential and proprietary information. The anonymous nature of the data in Dr. Moline's papers as published protects the individuals' sensitive medical information and allows for academic freedom. Multiple defense experts have taken the same position very recently in publications, and have published in the peer reviewed literature on litigation-obtained medical/exposure patient information in an anonymous manner without ever identifying the individuals specifically because of the nature of the sensitive medical information and HIPAA. Dr. Moline does not rely on data outside of her publication for any additional information that is not already contained within the publication. Dr. Moline's publication has been peer-reviewed and any challenge Defendant may have to it can and must be addressed without release of the sensitive and confidential medical and personal identifying information of the 33 patients reported on. Defendants have already extensively questioned Dr. Moline about her publication and how it relates to her opinions without violating Federal statutes and mandates. Defendants can question Dr. Moline about her publications and she will provide information that is not protected intellectual property, and not protected by confidentiality or HIPAA.

3. All communications between Dr. Moline and Gordon, Sean Fitzgerald, and James Millette in the last five years.

**OBJECTION:**

Plaintiff objects to this request as overly broad and vague with regard to "all communications." Plaintiff further objects to this request as not proportional to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that the request, as worded, seeks confidential and proprietary information.

4. All communications by Dr. Moline with any person or entity regarding the Ronald E. Gordon et. Al., publication:

    "Asbestos in the commercial cosmetic talcum powder as a cause of mesothelioma in women."

    **OBJECTION:**

    Plaintiff objects to this request as overly broad and vague with regard to "all communications." Plaintiff further objects to this request as not proportional to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that the request, as worded, seeks confidential and proprietary information.

5. All communications by Dr. Moline with the Simon, Greenstone, Panatier, PC law firm (previously known as Simon, Greenstone, Panatier, Bartlett, PC) regarding any of her publications, including Exhibit 1.

    **OBJECTION:**

    Plaintiff objects to this request as overly broad and vague with regard to "all communications" and "any of her publications." Plaintiff further objects to this request as not proportional to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as encompassing consulting expert information, expert communications and drafts of expert reports protected from discovery under Rules 26(b)(4)(B) and 26(b)(4)(C).

6. A business record affidavit or declaration authenticating any documents produced in response to this subpoena duces tecum, substantially in the form of **Exhibit 3.**

**OBJECTION:**

Plaintiff objects to the production of any records whatsoever for the reasons stated herein.

WHEREFORE, Plaintiff respectfully prays that his Motion be granted and that the Court enter an Order that Defendant's Notice of Issuance of Subpoena to Northwell Health, Inc. be quashed and that Plaintiff's objections thereto be sustained.

Respectfully submitted,

*/s/Frank J. Wathen*
Frank J. Wathen (PHV)
Texas Bar No. 20920010
Attorney for Plaintiff
**SIMON GREENSTONE PANATIER, PC**
1201 Elm Street, Suite 3400
Dallas, TX 75270
214-276-7680
fwathen@sgptrial.com

*/s/ William Marc Graham*
William Marc Graham
NC State Bar 17972
**WALLACE AND GRAHAM, PA**
525 N. Main Street
Salisbury, North Carolina 28144
704-633-5244
bgraham@wallacegraham.com

*Local Civil Rule 83.1 Counsel*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 3, 2020, Plaintiff filed the foregoing Instrument via ECF filing which will serve all counsel of record in the above-referenced matter.

> /s/*Frank J. Wathen*
> Frank J. Wathen

7

Case 1:17-cv-00111-WO-JEP   Document 168   Filed 09/03/20   Page 7 of 7