IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| LLOYD BELL, Individually and ) | |
| As Executor of the Estate of BETTY ) | |
| WHITLEY BELL, Deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:17-cv-00111 |
| v. ) | |
| ) | |
| AMERICAN INTERNATIONAL ) | |
| INDUSTRIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL**

Pursuant to Local Rule 5.4, Plaintiff Lloyd Bell, individually and as executor of the estate of Betty Whitley Bell, deceased, files this Brief in Support of Plaintiff's Motion to Seal. Plaintiff is seeking to seal his Plaintiff's Emergency Motion for Protective Order and Sanctions, and Exhibits D and E thereto. The documents contain confidential, protected information.

In his Motion for Protective Order and Sanctions, Plaintiff is requesting protection of certain confidential, sensitive information. Specifically, Plaintiff is seeking to prohibit discovery or inquiry into and disclosure of the identity of the human subjects of a peer-reviewed study authored by Plaintiff's expert, Dr. Jacqueline Moline. Plaintiff is also requesting the Court order all existing copies of documents disclosing the identity of the human subjects be destroyed and not disseminated in this or any other case or forum.

As detailed in his Motion for Protective Order, one of the human subjects in Dr. Moline's study has been de-anonymized. As a result, portions of Plaintiff's Motion for Protective Order and reveal that Betty Bell, the decedent in this case, was one of the human subjects in Dr. Moline's

study – the precise information Plaintiff argues is confidential and is seeking to protect. Furthermore, Exhibits D and E to Plaintiff's Motion are electronic communications between counsel in this case discussing the issue at hand and revealing Ms. Bell's identity as a human subject. Medical research has rules to protect the privacy of human research subjects and maintain the confidentiality of data, and courts routinely protect personal identifying information about human subjects. See *Lampshire v. Procter & Gamble Co.*, 94 F.R.D. 58 (N.D. Ga. 1982); *Doe v. Am. Red Cross Blood Servs., S.C. Region*, 125 F.R.D. 646 (D.S.C. 1989). The same information should be protected and kept confidential in this case. Plaintiff has taken care to redact only the portions of the Motion that reveal confidential information regarding the identity of a human subject from Dr. Moline's peer-reviewed study.

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Seal and permit the filing under seal of the unredacted documents.

Dated: September 15, 2020

Respectfully submitted,

*/s/Leah C. Kagan*
Leah C. Kagan
New Jersey Bar No. 013602009
Attorney for Plaintiff
**SIMON GREENSTONE PANATIER, PC**
1201 Elm Street, Suite 3400
Dallas, TX 75270
214-276-7680
lkagan@sgptrial.com

*/s/ William Marc Graham*
William Marc Graham
NC State Bar 17972
**WALLACE AND GRAHAM, PA**
525 N. Main Street
Salisbury, North Carolina 28144
704-633-5244
bgraham@wallacegraham.com

*Local Civil Rule 83.1 Counsel*

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 15, 2020, the foregoing Instrument was filed via ECF filing which will serve all counsel of record in the above-referenced matter.

*/s/Leah C. Kagan*
Leah C. Kagan