IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| LLOYD BELL, Individually and As Executor of the Estate of BETTY WHITLEY BELL, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:17-cv-00111 ) ) |
| AMERICAN INTERNATIONAL INDUSTRIES, INC., et al., | ) ) ) |
| Defendants. | ) ) |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL**

Pursuant to Local Rule 5.4, Plaintiff Lloyd Bell, individually and as executor of the estate of Betty Whitley Bell, deceased, files this Brief in Support of Plaintiff's Motion to Seal. Plaintiff is seeking to seal Plaintiff's Reply to Defendant and Third-Party Plaintiff American International Industries' Opposition to Plaintiff's Motion to Quash the Subpoena to Northwell Health, Inc. The document contains confidential, protected information.

Plaintiff recently filed a Motion for Protective Order and Sanctions (ECF No. 179), in which Plaintiff is requesting protection of certain confidential, sensitive information. Specifically, Plaintiff is seeking to prohibit discovery or inquiry into and disclosure of the identity of the human subjects of a peer-reviewed study authored by Plaintiff's expert, Dr. Jacqueline Moline. Plaintiff is also requesting the Court order all existing copies of documents disclosing the identity of the human subjects be destroyed and not disseminated in this or any other case or forum.

One of the human subjects in Dr. Moline's study has been de-anonymized, allegedly in response to AII's subpoena to Northwell Health, which Plaintiff is seeking to quash. As a result,

portions of Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Quash the Subpoena to Northwell Health reveal that Betty Bell, the decedent in this case, was one of the human subjects in Dr. Moline's study – the precise information Plaintiff argues is confidential and is seeking to protect in its Motion for Protective Order. Medical research has rules to protect the privacy of human research subjects and maintain the confidentiality of data, and courts routinely protect personal identifying information about human subjects. See *Lampshire v. Procter & Gamble Co.*, 94 F.R.D. 58 (N.D. Ga. 1982); *Doe v. Am. Red Cross Blood Servs., S.C. Region*, 125 F.R.D. 646 (D.S.C. 1989). The same information should be protected and kept confidential in this case. Plaintiff has taken care to redact only the portions of the Reply that reveal confidential information regarding the identity of a human subject from Dr. Moline's peer-reviewed study.

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Seal and permit the filing under seal of the unredacted documents.

Dated: September 23, 2020

Respectfully submitted,

*/s/Leah C. Kagan*
Leah C. Kagan
New Jersey Bar No. 013602009
Attorney for Plaintiff
**SIMON GREENSTONE PANATIER, PC**
1201 Elm Street, Suite 3400
Dallas, TX 75270
214-276-7680
lkagan@sgptrial.com

*/s/ William Marc Graham*
William Marc Graham
NC State Bar 17972
**WALLACE AND GRAHAM, PA**
525 N. Main Street
Salisbury, North Carolina 28144
704-633-5244
bgraham@wallacegraham.com

*Local Civil Rule 83.1 Counsel*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 23, 2020, the foregoing Instrument was filed via ECF filing which will serve all counsel of record in the above-referenced matter.

*/s/Leah C. Kagan*
Leah C. Kagan