## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CIVIL ACTION NO. 1:17-cv-111-WO-JEP

| | |
|---|---|
| **LLOYD BELL, individually and as Executor of the Estate of Betty Whitley Bell, Deceased,** <br><br> *Plaintiff*, <br><br> v. <br><br> **American International Industries, et al.,** <br><br> *Defendants*; <br><br> ──────────────────────── <br><br> **American International Industries,** <br><br> *Third-Party Plaintiff*, <br><br> v. <br><br> **Neslemur Company f/k/a The Nestle-Lemur Company** <br><br> *Third-Party Defendant.* | **AMERICAN INTERNATIONAL INDUSTRIES' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REDACT TRANSCRIPT** <br><br> **[FILED UNDER SEAL]** |

Defendant and Third-Party Plaintiff American International Industries ("AII") submits this brief in opposition to Plaintiff's Motion to Redact the Transcript of the Telephonic Motions Hearing Before the Honorable Joi E. Peake held on September 25, 2020. Plaintiff's proposed redactions are overbroad and censor far more information than

called for in the limited scope of the Court's ruling. AII believes Plaintiff's overreaching redactions is an attempt to turn this Court's Order into an offensive weapon to use in other case across the country to keep Defendants from pointing out the fatal flaw in Dr. Moline's study.[1]

## I. INTRODUCTION

On September 25, 2020, the parties participated in a telephonic hearing before Magistrate Judge Peake on several pending motions. (ECF No. 206). Among those motions was Plaintiff's Emergency Motion for Protective Order and Sanctions relating to a study authored by Plaintiff's expert, Dr. Jacqueline Moline (ECF No. 179).

In her study, which examines the alleged association between mesothelioma and exposure to cosmetic talc products, Dr. Moline examines data from 33 individuals with malignant mesothelioma, using data obtained from litigation files. Crucial to the study, Dr. Moline claims that all 33 individuals had no asbestos exposure other than allegedly via cosmetic talc, thus purporting to create a first of its kind link between mesothelioma and cosmetic talc. However, in response to a third-party subpoena to Dr. Moline's employer, Northwell Health ("Northwell") produced a document confirming that Ms. Bell was one of the 33 individuals in Dr. Moline's study. Plaintiff is currently prosecuting a North Carolina workers' compensation claim on behalf of Betty Whitley Bell against several former employers alleging Ms. Bell's industrial exposure to asbestos caused her

---

[1] AII has attached objections to Plaintiff's numerous redactions as Exhibit A, and proposed alternative redactions as Exhibit B.

mesothelioma, yet Dr. Moline's study makes no mention of this occupational disease claim.[2] Plaintiff sought a Protective Order prohibiting the use of this information obtained from Northwell and to sanction AII's counsel for obtaining it.

At the hearing, the Court denied Plaintiff's Motion for Sanctions,[3] and granted, in part, Plaintiff's Motion for a Protective Order. The Court narrowly limited the Protective Order to prevent disclosure of the fact that Northwell confirmed that Ms. Bell was an individual included in Dr. Moline's study, with the specific expectation that the District Court Judge would reexamine the issue for purposes of dispositive motions and trial. The Court also noted that for purposes of redacting the transcript of the hearing, Plaintiff is required to identify the basis for sealing and identify those parts of the transcript to be sealed "as narrowly as possible." (Ex. B at 78.)

Plaintiff's motion seeks redactions to large portions of the telephonic hearing that are entirely outside the scope of this Court's limited ruling. Plaintiff's additional proposed redactions appear to be designed to protect Dr. Moline's study from being attacked in other cases. Those redactions should be rejected.

---

[2] Betty Whitley Bell filed a workers' compensation claim while living, which was subsequently dismissed. After her death, Plaintiff filed the pending workers' compensation claim with the North Carolina Industrial Commission.

[3] Indeed, the Court stated that this information should have been produced by Plaintiff during expert discovery. (Ex. B at 57.)

3

## II. ARGUMENT

Motions to redact are reviewed under the legal framework for sealing. *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 424 (M.D.N.C. 2011). (*citing Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988)). The public's right of access may be abrogated only in unusual circumstances. R*andleman v. Johnson*, No. 1:15CV159, 2017 WL 3017216, at *1 (*citing Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). Evaluating whether these "unusual circumstances" exist in a particular case is a fact-based inquiry conducted in light of the "specific facts and circumstances" of the case at issue. *Id*.

As an initial matter, AII objects to the redaction of any portion of the hearing transcript because Ms. Bell's identity as a member of the study is not confidential or private material in the first instance. Understanding that the Court has ruled that there can be limited redactions, AII states its objection so as not to waive its position and to preserve its right to seek review or reconsideration of the ruling at some point in the future.[4]

The redaction of information from the public record is not favored, and the common law "presumes a right to inspect and copy judicial records and documents." *BASF Agro B.V. v. Makhteshim Agan of N. Am., Inc.*, No. 1:10CV276, 2015 WL 12991090, at *1 (M.D.N.C. July 21, 2015) (*citing Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). Under that standard, to seal a document from the public, Plaintiff must

---

[4] While the Court contemplated the District Court revisiting this issue during dispositive motions, AII may seek review earlier if necessary, such as Plaintiff's Counsel using this Order offensively in other cases or taken out of context.

make an evidentiary showing to justify the sealing or redaction, and to "substantively overcome the common law presumption of access ..., a court must find that there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness." *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 729 (M.D.N.C. 2013).

While the Court correctly noted that the required evidentiary showing is somewhat lessened in the discovery context, a showing to overcome the presumption of public access must still be made. *See* M.D.N.C. Local Rule No. 5.4(b) (requiring a showing of why sealing is necessary for all motions to seal); *Brown v. Maxwell*, 929 F.3d 41, 50 (2d. Cir. 2019) ("Because of the value to those monitoring the federal courts, even motions concerning evidentiary and discovery matters are subject to at least some presumption of public access.").

Plaintiff has made no such evidentiary showing. The Court recognized at the hearing that Ms. Bell waived her right to privacy with respect to her healthcare information when she and her husband filed this suit. As such, that cannot be the basis for the confidentiality of her identity in the study, and Plaintiff has identified no other possible basis for redaction. Moreover, a review of the public version of Plaintiff's Emergency Motion for Protective Order and Sanctions shows Plaintiff has disclosed that Ms. Bell was a subject of the study.[5]

---

[5] ECF No. 179 at p. 5, stating in the first heading of Plaintiff's Legal Argument and Authority: "The Court Should Enter a Protective Order Forbidding Discovery and Inquiry into Identity of Human Study Subjects and Requiring All copies of Documents **Identifying Betty Bell as a Subject** Be Destroyed." (emphasis added)

5

As Plaintiff's counsel stated in the hearing, "once [Ms. Bell] is identified and this is a public docket and people can obtain that information, there is no limitation or restriction on any defendant or any party ever from using this information in a subsequent trial." ECF No. 206 at pp. 63-64. The fact Plaintiff has already identified Ms. Bell as a subject of the study in a public filing is reason alone to deny any redaction of this information. Similarly, Plaintiff's failure to make an evidentiary showing to justify the redactions means that the redactions are inappropriate. Further, there is no overarching Protective Order in place, as no party to this case has sought the entry of one.

Regardless, Plaintiff's proposed redactions are far too broad under the Court's narrow ruling. The Court ruled that the only thing to be redacted from the transcript is the fact that Northwell confirmed that Ms. Bell was a subject in Dr. Moline's study. As such, AII can still utilize all publicly available information, including Dr. Moline's Congressional testimony and expert report submitted on behalf of Plaintiff in this case, which links Ms. Bell (and her exposure to various asbestos sources) to the study. AII should still be able to attack Dr. Moline's study using that public information, so long as it does not disclose outside of this case that Northwell confirmed that Ms. Bell was a subject in Dr. Moline's study. This is a crucial distinction, because while the confirmation from Northwell may not be public information, all of the other information that links Ms. Bell to the study is.

As AII counsel noted at the hearing, prior to receiving Northwell's confirmation, AII was already convinced that Ms. Bell was a participant in the study based entirely on

public information, most notably Dr. Moline's testimony to Congress about one of the participants in her study matching her discussion of Ms. Bell in her expert report in this case exactly. (ECF No. 212 at 82). The Court agreed that Northwell's <u>confirmation</u> of Ms. Bell's identity was the sole difference between the public and private information:

> The Court: If you want the information for this case, then you get the confirmation from Northwell, and you have it for this case. If you – if you don't, we can strike all of the Northwell information and all of the representations related to that formally as part of this case. <u>That puts you back at the square you were prior, which is that you believe that she is, but you don't know because you don't have confirmation of that</u>.

(*Id.* at 83). (emphasis added)

That distinction is crucial because Dr. Moline has been and likely will continue to be designated as an expert witness in many other cases, and uses this study as the basis for her opinions regarding the alleged link between cosmetic talc and mesothelioma. The study is premised on the contention that none of the 33 individuals had any exposure to asbestos other than through cosmetic talc. AII now knows that premise is false. While the Court indicated that Northwell's confirmation of Ms. Bell's identity as one of the 33 subjects in the study cannot be disclosed outside of this case, Plaintiff cannot use the Court's ruling to bar AII from pressing the issue regarding Dr. Moline's flawed study in other cases. Otherwise, Plaintiffs could continue to utilize Dr. Moline's study in other cases against AII and other defendants, while using this Court's Order offensively to immunize the study from attack based on its faulty premise, allowing a fraud upon the Court. Plaintiff's Counsel would argue in other cases that an Order from a Federal Court in North Carolina prevents Defendants from confronting Dr. Moline about evidence that a Plaintiff

7

in her study had other exposures to asbestos that Dr. Moline was willing to ignore. AII does not believe that was the intention of the Court's Order.

Under the Court's Order AII should be allowed to refer to Ms. Bell publicly in the same manner that Dr. Moline has referred to her publicly: by reference to the many characteristics and facts that both AII and Dr. Moline have learned about through litigation, and which Dr. Moline speaks about freely in her study, her testimony before Congress, and her expert witness report. Thus, rather than by name, AII should be able to show that a "Plaintiff X," who has certain medical characteristics, during a certain time frame, with a certain work history, and alleged certain types of asbestos exposure, etc., was a subject of Dr. Moline's study. Plaintiff's proposed redactions bar AII from doing so and should be rejected as overbroad and against the public interest.

### III. CONCLUSION

Plaintiff's proposed application of the Court's ruling is way beyond what AII believes the Court intended. The Court should deny Plaintiff's Motion to Redact the Transcript, or adopt the more limited redactions proposed in Exhibit B.

This the 28th day of October, 2020.

      /s/ Timothy Peck
Timothy Peck (NC Bar No. 9991)
Richard A. Coughlin (NC Bar No. 19894)
Zachary T. Dawson (NC Bar No. 50268)
FOX ROTHSCHILD LLP
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5307
Fax: (336) 378-5400

8

E-mail: tpeck@foxrothschild.com
rcoughlin@foxrothschild.com
zdawson@foxrothschild.com


 /s/ Robert E. Thackston
Robert E. Thackston (NC Bar No. 36330)
Samuel Garcia (TX Bar No. 2408006)
LATHROP GPM, LLP
2101 Cedar Springs Rd., Suite 1400
Dallas, TX 75201-2134
Telephone: (469) 983-6023
Facsimile: (469) 983-6101
Email: Robert.thackston@lathropgpm.com
Sam.garcia@lathropgpm.com

*Counsel for American International Industries*

## **CERTIFICATE OF WORD COUNT**

The undersigned hereby certifies that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words as reported by word processing software.

This the 28th day of October, 2020.

/s/ Timothy Peck
Timothy Peck (NC Bar No. 9991)
FOX ROTHSCHILD LLP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I electronically filed the foregoing document with the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF system, which will send notification of this filing and an electronic copy of same to all counsel of record registered with the CM/ECF system, and I hereby certify that I have thereby electronically served the document upon all counsel in this action registered with the CM/ECF system.

This the 28th day of October, 2020.

                                          /s/ Timothy Peck
                                          Timothy Peck (NC Bar No. 9991)
                                          FOX ROTHSCHILD LLP