IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| LLOYD BELL, Individually and As Executor of the Estate of BETTY WHITLEY BELL, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:17-cv-00111 ) ) |
| AMERICAN INTERNATIONAL INDUSTRIES, INC., et al., | ) ) ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO SEAL**

Pursuant to Local Rule 5.4, Plaintiff Lloyd Bell, individually and as executor of the estate of Betty Whitley Bell, deceased, files this Brief in Support of Plaintiff's Amended Motion to Seal. Plaintiff previously filed a Motion to Seal his Emergency Motion for Protective Order and Sanctions, and Exhibits D and E thereto. (ECF No. 180.) The Court granted Plaintiff's Motion to Seal during a telephonic hearing. (*See* ECF No. 206 at 70:11-13.) However, Plaintiff inadvertently missed a statement containing confidential information in the redacted version of his Motion for Protective Order and Sanctions previously filed and entered. (ECF No. 179.) Plaintiff seeks to amend and replace the redacted Emergency Motion for Protective Order and Sanctions (ECF No. 179) with the attached Exhibit A.[1]

In his Motion for Protective Order and Sanctions, Plaintiff requested protection of certain confidential, sensitive information. Specifically, Plaintiff sought to prohibit discovery or inquiry into and disclosure of the identity of the 33 human subjects of a peer-reviewed study authored by

---

[1] Attached **Exhibit B** is the original redacted version with the additional words to be redacted highlighted in yellow.

Plaintiff's expert, Dr. Jacqueline Moline. Plaintiff simultaneously filed a Motion to Seal his Motion for Protective Order to seal any reference that identified Ms. Bell as a human subject in Dr. Moline's study.

On September 25, 2020, the Honorable Joi E. Peake, United States Magistrate Judge, heard Plaintiff's Motion for Protective Order and Sanctions and his Motion to Seal. (*See* ECF No. 206.) The Court granted Plaintiff's Motion for Protective Order with regard to the identities of 32 of the 33 human subjects, but denied the Motion with respect to one of the human subjects, Betty Bell. (*Id.* at 94:13-95:20.) However, the Court granted Plaintiff's Motion to Seal, and held that to the extent it is allowing the identity of Ms. Bell as a human subject to be used, any use is limited to this case and disclosure of Ms. Bell as one the subjects outside this case is not permitted. (*Id*. at 64:4-22, 70:11-13, 76:11-20.) The Court noted that its ruling is limited to the discovery stage, and that the district judge would make such a determination as to the use and/or disclosure of such information in dispositive motions and/or trial. (*Id*. at 88:7-23.)

Plaintiff files the present Motion to Seal consistent with and pursuant to the Court's bench ruling during the September 25, 2020 hearing. Plaintiff inadvertently failed to redact a reference to Ms. Bell as one of the human study subjects in Dr. Moline's study in one of the sub-headings in his Motion for Protective Order. *See* Exhibit B, at p. 5. Plaintiff now seeks to seal that information.

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's Amended Motion to Seal and replace the redacted Motion for Protective Order and Sanctions (ECF No. 179) with the corrected redacted version, attached as Exhibit A.

Respectfully submitted,

*/s/Frank J. Wathen*
Frank J. Wathen
Texas Bar No. 20920010
Attorney for Plaintiff
**SIMON GREENSTONE PANATIER, PC**
1201 Elm Street, Suite 3400
Dallas, TX 75270
214-276-7680
fwathen@sgptrial.com

*/s/ William Marc Graham*
William Marc Graham
NC State Bar 17972
**WALLACE AND GRAHAM, PA**
525 N. Main Street
Salisbury, North Carolina 28144
704-633-5244
bgraham@wallacegraham.com

*Local Civil Rule 83.1 Counsel*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF WORD COUNT**

This Brief complies with Local Rule 7.3(d) (1)'s word count limitation. The word count feature on Microsoft Word states the word count of the counted portions of this response is 484 words, within the 6,250 word limit.

*/s/Frank J. Wathen*
Frank J. Wathen

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 30, 2020, Plaintiff filed the foregoing Instrument via ECF filing which will serve all counsel of record in the above-referenced matter.

/s*/Frank J. Wathen*
Frank J. Wathen