IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| LLOYD BELL, Individually and As Executor of the Estate of BETTY WHITLEY BELL, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL INDUSTRIES, INC., et al.,<br><br>    Defendants. | CASE NO. 1:17-cv-00111 |

### PLAINTIFF'S RESPONSE TO AII'S OPPOSITION TO PLAINTIFF'S MOTION TO REDACT TRANSCRIPT

Pursuant to Local Rule 5.4 and the Court's ruling on the record, Plaintiff Lloyd Bell, individually and as executor of the estate of Betty Whitley Bell, deceased, files this Response to American International Industries' ("AII") Brief in Opposition to Plaintiff's Motion to Redact the Transcript of the Telephonic Motions Hearing Before the Honorable Joi E. Peake, United States Magistrate Judge, held on September 25, 2020 (ECF No. 206).

### INTRODUCTION

Plaintiff filed a Motion for Protective Order (ECF No. 179) to protect the identity of the 33 human subjects of a peer-reviewed study authored by Plaintiff's expert, Dr. Jacqueline Moline. During the September 25, 2020 hearing on Plaintiff's motion, the Court granted Plaintiff's motion with regard to the identities of 32 of the human subjects, but denied the motion with respect to one of the human subjects, Betty Bell. (ECF No. 206, at 94:13-95:20.) However, the Court further held that, to the extent it is allowing the identity of Ms. Bell as a human subject to be used, any

1

use is limited to this case and disclosure of Ms. Bell as one the subjects outside this case is not permitted (*id*. at 76:11-20):

> So as to the present motion for a protective order, it would be essentially granted, except that denied with respect to the documents identifying Ms. Bell as the subject, and those can be included as part of the discovery in this case, but that information is confidential and limited solely to this case, and that is specifically as to her identity as one of the 33 subjects. (*Id.* at 96:6-16; *see also id*. at 76:4-24.)

The Court further noted that its ruling is limited to the discovery stage, and that the District Court Judge would make such a determination as to the use and/or disclosure of such information in dispositive motions and/or trial. (*Id*. at 88:7-23.)

Consistent with the Court's ruling, Plaintiff filed a Motion to Redact the Transcript, seeking to protect information that de-anonymizes Ms. Bell as a human subject in Dr. Moline's peer-reviewed study. (ECF Nos. 211-212.) AII opposes Plaintiff's redactions, arguing that the Court should deny Plaintiff's Motion to Redact in its entirety, or, in the alternative, should adopt its more limited proposed redactions. (ECF No. 220.)

## ARGUMENT

AII asserts that Plaintiff's proposed redactions are overbroad and an "attempt to turn this Court's Order into an offensive weapon to use in other case[s] across the country to keep Defendants from pointing out the fatal flaw in Dr. Moline's study." (ECF No. 220, at 2.) This is false and nonsensical. Plaintiff's requested redactions are within the scope of the Court's ruling and incorporate language that, when read alone or in context, reveals that Ms. Bell was a human subject in Dr. Moline's peer-reviewed study. AII opposes Plaintiff's requested redactions generally, and also submitted specific objections in an exhibit attached to its Opposition. Plaintiff responds to the general objections here. Plaintiff's responses to AII's specific objections are set forth in attached Exhibit A.

2

### A. Plaintiff's Requested Redactions Are Not Overbroad.

The Court ruled that confirmation of Ms. Bell's identity as a study subject is "confidential and limited to this case." Consistent with that ruling, Plaintiff has requested the redaction of information that, explicitly or implicitly, de-anonymizes Ms. Bell. AII has generally objected to all of Plaintiff's redactions, even though they are consistent with the Court's ruling.

For example, AII has specifically objected to the redaction of the following:

> Again, I think it would be very different if defense counsel had used Ms. Bell's authorization from this case to obtain the release of information in some other case. There are important confidentiality and privacy issues as to the other individuals in the study, so it would only be appropriate in this case to allow the release of the information as to Ms. Bell. (ECF No. 206, at 8:15-21).

Discussion regarding the release of information only as to Ms. Bell, as compared to "the other individuals in the study" makes clear that Ms. Bell was also "an individual in the study." This is the precise information that the Court ordered protected during discovery.

Likewise, AII objected to the redaction of language that, while perhaps does not explicitly state that Ms. Bell was a human subject when viewed in isolation, nevertheless reveals Ms. Bell's identity based on the context. For example, the parties discussed Plaintiff's retention of Dr. Moline in this case and ethical issues confronting Dr. Moline with respect to her retention, and Plaintiff's counsel argued:

> Preventing [Dr. Moline] from testifying in a case where she's done an evaluation on a specific plaintiff because she also selected them to be in her human research study would be a heavy prejudicial sanction to the Plaintiff. The Plaintiff chose a renowned – an internationally renowned expert in her field to be an expert in this case who also happens to publish on this subject. (ECF No. 206, at 60:18-24.)

It is clear from the context that the case in which Dr. Moline has done an evaluation and also selected the plaintiff to be an anonymous subject in her study is Ms. Bell's case. Plaintiff's

3

redactions are consistent with the Court's ruling and are necessary to protect the confidentiality of Ms. Bell as a human subject of Dr. Moline's peer-reviewed study.

In another example, Plaintiff's counsel discussed the need for, and process to obtain, informed consent before revealing the identity of a human subject (as testified to by Dr. Diette, a pulmonologist regularly retained by defendants in talc asbestos litigation), before turning back to the issue at hand:

> … Dr. Diette testified that the informed consent process is, quote, not just signing a consent form, but with a real consent process, *and that never happened here.*
>
> *Instead, what Mr. Thackston did was he took a HIPAA authorization that covered the release specifically of Mrs. Bell's medical records, charts, testing results, medical histories, doctors' notes, laboratory reports, radiology reports, prescription records, and medical billing and gave that to Northwell as if Mrs. Bell had authorized* <u>the release of her identity in this study when certainly she did not and she could not have since she was not aware that she was a patient in this study</u>. (ECF No. 206, at 55:24-56:11.)

Plaintiff requested the redaction of the italicized portion of the quote, while AII objects to the redaction of all but the underlined portion. The discussion centered around the requirement that a human subject in an anonymous study, like Dr. Moline's, provide informed consent before her identity is revealed – and lead straight into a discussion as to whether Ms. Bell's HIPAA authorization constituted informed consent. There would be no reason for Ms. Bell to consent to the release of her identity if she was not a study subject. While the discussion unredacted by AII does not explicitly state that Ms. Bell was a human subject for Dr. Moline's study, when read in context, it makes it quite clear that she was. As a result, it should be redacted as requested by Plaintiff and consistent with the Court's ruling.

Each of AII's specific objections to Plaintiff's requested redactions are set forth in attached Exhibit A. Plaintiff's requests are in accordance with the Court's ruling.

### B. Plaintiff's Requested Redactions Are Not An Offensive Weapon.

Displaying a misunderstanding of the impact of Plaintiff's requested redactions to the transcript, AII argues that Plaintiff's requested redactions are "designed to protect Dr. Moline's study from being attacked in other cases."[1] (ECF No. 220, at 3.) Plaintiff's requested redactions do not prevent Dr. Moline's study from being attacked in other cases. Plaintiff's redactions simply keep Ms. Bell's identity as one of Dr. Moline's human study subjects confidential, consistent with the Court's ruling. As the Court noted, AII did not have confirmation that Ms. Bell was a human subject until it received the information from Northwell, and that "if [AII's counsel] now, as counsel in the case, start representing to folks that Ms. Bell is one of those individuals, I think you have changed that information or the information that's out there." (ECF No. 206, at 82:6-12.)

Dr. Moline has consistently and repeatedly asserted that the identities of her human subjects are protected and confidential information, a position also taken by other experts, including those that testify on behalf of the defense. AII was able to cross-examine Dr. Moline on her study in the *Johnson*/*Lashley* trial in New Jersey without revealing the identity of the human subjects. Redactions of the hearing transcript do not prohibit AII and its counsel from continuing to do the same. AII may continue to use Dr. Moline's Congressional testimony or any other public information in its cross-examination in this case or any other. The redactions simply mean that AII and its counsel may not use statements made during the hearing by either party or the Court to de-anonymize Ms. Bell.

---

[1] AII asserts that Dr. Moline incorrectly considered Ms. Bell as having no significant alternative exposure to asbestos when including her in the study. AII references pending workers' compensation claims made by or on behalf of Ms. Bell against former employers alleging her industrial exposure to asbestos caused her mesothelioma. No such claims are pending; all workers' compensation claims related to Ms. Bell's exposure to asbestos have been denied or dismissed.

Furthermore, as AII acknowledges, the Court's ruling protecting this information is limited to discovery. The Court explicitly noted that the confidentiality will likely be relitigated for purposes of dispositive motions and trial, and ultimately decided by the District Court Judge. (ECF No. 206, at 88:8-89:4.)

### C. **Plaintiff Has Not Waived Confidentiality.**

AII argues that Plaintiff has publicly disclosed that Ms. Bell was a human subject of Dr. Moline's study, and thus removed any limitation or restriction on the use of the information. Plaintiff inadvertently failed to redact a reference to Ms. Bell from one of the headings in its Emergency Motion for Protective Order, filed before and discussed at the hearing. Plaintiff has since filed an Amended Motion to Seal, requesting that the mistakenly overlooked information be redacted in the public record. (ECF Nos. 221-222.) Plaintiff's mistake does not waive the confidentiality of a human subject in an anonymized peer-reviewed study. Plaintiff has been clear and consistent on his position that the identities of the human subjects of Dr. Moline's peer-reviewed study are confidential, protected information, a position equally held by Dr. Moline and other expert witnesses. (*See* ECF No. 179, *generally* and at 7-9.) AII's argument that Plaintiff waived confidentiality and protection before the hearing and the Court's ruling, underscores its intent to publicize this confidential information.

## **CONCLUSION**

Plaintiff's requested redactions in his Motion to Redact the Transcript of the Telephonic Motions Hearing Before the Honorable Joi E. Peake, United States Magistrate Judge, held on September 25, 2020 are consistent with the Court's ruling. For the reasons set forth here and in Plaintiff's Brief in Support of Motion to Seal, Plaintiff respectfully requests that the Court issue an Order permitting the redaction of the transcript as requested by Plaintiff.

Respectfully submitted,

*/s/Frank J. Wathen*_____
Frank J. Wathen
Texas Bar No. 20920010
Attorney for Plaintiff
**SIMON GREENSTONE PANATIER, PC**
1201 Elm Street, Suite 3400
Dallas, TX 75270
214-276-7680
fwathen@sgptrial.com

*/s/ William Marc Graham*\_\_\_\_\_
William Marc Graham
NC State Bar 17972
**WALLACE AND GRAHAM, PA**
525 N. Main Street
Salisbury, North Carolina 28144
704-633-5244
bgraham@wallacegraham.com

*Local Civil Rule 83.1 Counsel*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF WORD COUNT**

This response complies with Local Rule 7.3(d) (1)'s word count limitation. The word count feature on Microsoft Word states the word count of the counted portions of this response is 1903 words, within the 3,125 word limit.

*/s/Frank J. Wathen*_____
Frank J. Wathen

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 11, 2020, Plaintiff filed the foregoing instrument via ECF filing which will serve all counsel of record in the above-referenced matter.

/s*/Frank J. Wathen*_____
Frank J. Wathen

7

8