IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:17-cv-111-WO-JEP

| | |
|---|---|
| LLOYD BELL, individually and as Executor of the Estate of Betty Whitley Bell, Deceased,<br><br>*Plaintiff*,<br><br>v.<br><br>American International Industries, et al.,<br><br>*Defendants*;<br>_____<br>American International Industries,<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>Neslemur Company f/k/a The Nestle-Lemur Company<br><br>*Third-Party Defendant.* | **AMERICAN INTERNATIONAL INDUSTRIES' BRIEF IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO SEAL** |

Defendant and Third-Party Plaintiff American International Industries ("AII") submits this brief in opposition to Plaintiff's Amended Motion to Seal. (ECF No. 221). The information that Plaintiff now seeks to protect has been publicly available for more than

two months, rendering Plaintiff's belated attempt to redact it now an exercise in futility. Plaintiff's Motion should be denied.

On September 15, 2020, Plaintiff filed an Emergency Motion for Protective Order and for Sanctions. (ECF No. 179). Plaintiff also filed a Motion to Seal the Motion for Protective Order and for Sanctions, and Exhibits D and E thereto. (ECF No. 180). During a telephonic hearing, the Court denied Plaintiff's Motion for Sanctions, and granted, in part, Plaintiff's Motion for a Protective Order. The Court narrowly limited the Protective Order to prevent disclosure of the fact that Northwell confirmed that Ms. Bell was an individual included in Dr. Moline's study, with the specific expectation that the District Court Judge would reexamine the issue for purposes of dispositive motions and trial. Plaintiff also moved to redact the transcript of the telephonic hearing itself.[1]

However, this information was already in the public domain. An un-redacted sub-heading in Plaintiff's Motion for Protective Order and Sanctions, publicly filed on September 15, 2020, reads: "The Court Should Enter a Protective Order Forbidding Discovery and Inquiry into Identity of Human Study Subjects and Requiring All Copies of Documents **Identifying Betty Bell as a Subject** Be Destroyed." (ECF No. 179 at p. 5) (emphasis added). Plaintiff made public the very information he sought to seal.

---

1 AII objected to the Motion to Seal on the basis that Ms. Bell's identity in the study was neither confidential nor private material in the first instance.

Allowing Plaintiff to redact the heading at this late date will not fix anything. Ms. Bell's identity as a human subject in Dr. Moline's study has now been public information for more than two months, and as other courts have noted, even when confidential information is made public by error, even the court's own error, "the genie is out of the bottle" and "[w]e have not the means to put the genie back." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). That is so when *any* information, "whether it be settlement terms of a discrimination lawsuit or the secret to making the hydrogen bomb…is publicly disclosed. Once it is public, it necessarily remains public." *Id.* at 144 n. 11. So too here. While Plaintiff's failure to redact Ms. Bell's identity may have been a mistake, that mistake made the information public, and it will remain so regardless of whether it is redacted now. *See, e.g., SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*¸ 261 F.Supp.2d 1002, 1008 (N.D. Ill. 2003) (Posner, J sitting by designation) (denying in part motion to seal confidential information because it had already been disclosed publicly in the Court's opinion and noting that with regards to the publicly disclosed information, "the cat [was] out of the bag.")

Further, "when the sealed facts are already public, maintaining documents under seal is only appropriate when, despite what the public already knows, the documents' release would *still* give rise to a substantial probability of harm." *Dhiab v. Obama*, No. CV 05-1457 (GK), 2014 WL 4954458 at * 7 (D.D.C. Oct. 3, 2014) (reversed on other grounds). Here, the public now knows everything there is to know. The sole piece of information sought to be sealed, that Betty Bell was a subject in Dr. Moline's study, is exactly what

3

was made public. Other than that information, there is nothing left to protect. Plaintiff has not identified any additional harm that will come from the information remaining public now, nor does any additional harm exist.

The Court should deny Plaintiff's Amended Motion to Seal.

This the 19th day of November, 2020.

/s/ Timothy Peck
Timothy Peck (NC Bar No. 9991)
Richard A. Coughlin (NC Bar No. 19894)
Zachary T. Dawson (NC Bar No. 50268)
FOX ROTHSCHILD LLP
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5307
Fax: (336) 378-5400
E-mail: tpeck@foxrothschild.com
rcoughlin@foxrothschild.com
zdawson@foxrothschild.com


/s/ Robert E. Thackston
Robert E. Thackston (NC Bar No. 36330)
Samuel Garcia (TX Bar No. 2408006)
LATHROP GPM, LLP
2101 Cedar Springs Rd., Suite 1400
Dallas, TX 75201-2134
Telephone: (469) 983-6023
Facsimile: (469) 983-6101
Email: Robert.thackston@lathropgpm.com
Sam.garcia@lathropgpm.com

*Counsel for American International Industries*

# **CERTIFICATE OF WORD COUNT**

The undersigned hereby certifies that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words as reported by word processing software.

This the 19th day of November, 2020.

/s/ Timothy Peck
Timothy Peck (NC Bar No. 9991)
FOX ROTHSCHILD LLP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I electronically filed the foregoing document with the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF system, which will send notification of this filing and an electronic copy of same to all counsel of record registered with the CM/ECF system, and I hereby certify that I have thereby electronically served the document upon all counsel in this action registered with the CM/ECF system.

This the 19th day of November, 2020.

/s/ Timothy Peck
Timothy Peck (NC Bar No. 9991)
FOX ROTHSCHILD LLP