IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| LLOYD BELL, Individually and ) <br> As Executor of the Estate of BETTY ) <br> WHITLEY BELL, Deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN INTERNATIONAL ) <br> INDUSTRIES, et al., ) <br> ) <br> Defendants. ) | CASE NO. 1:17-CV-00111 |

**NORTHWELL HEALTH, INC.'s**
**MEMORANDUM OF LAW IN SUPPORT MOTION TO SEAL**

COMES NOW Northwell Health, Inc. ("Northwell") and, pursuant to Federal Rule of Civil Procedure 5.2 and Local Rules 5.4 and 7.2, files this Memorandum of Law in Support of its Motion to Seal its (1) Motion to Intervene and Extend Protective Order, (2) the contemporaneously filed Memorandum of Law, and (3) Exhibit A thereto (collectively, "Motion to Intervene and Extend Protective Order"). These specific documents contain confidential and protected information related to the identities of certain human research study subjects and thereby warrant the Court's protection. Northwell intends to redact only those portions of its filings that reveal confidential information disclosing the Plaintiff as a subject of Dr. Moline's peer-reviewed study.

**I.    BACKGROUND & ARGUMENT**

In its Motion to Intervene and Extend Protective Order, Northwell requests that the Court extend the Protective Order that the Court entered in this case on September 25, 2020 to cover all thirty-three of the research subjects at issue in the peer-reviewed article authored by Plaintiff's expert, Jaqueline Moline, M.D. ("Dr. Moline"), entitled, "Mesothelioma Associated with the Use

1

of Cosmetic Talc" ("Article"). Specifically, the Motion to Intervene and Extend Protective Order requests that the Court extend the Protective Order to cover the Plaintiff's identity as a participant in Dr. Moline's research study and in her Article.

The request for an extension of the Protective Order to the Plaintiff is based upon (1) The Federal Policy for the Protection of Human Subjects, 45 C.F.R. Part 46, Subpart A (or, "The Common Rule"); (2) bedrock Institutional Review Board ("IRB") standards of privacy and confidentiality covering research subjects; (3) the specific IRB approvals that Dr. Moline secured in advance of writing and publishing the Article; (4) well-established standards and universally accepted norms in the medical research community related to research subjects and anonymity; and (5) relevant case law affirming privacy and confidentiality requirements for research subjects. The requirements of the latter authority are set forth in detail in Northwell's Memorandum of Law in Support of its Motion to Intervene and Extend Protective Order and are incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10.

As set forth in Motion to Intervene and Extend Protective Order, Northwell seeks a narrow, yet critical, enlargement of the protective order to safeguard confidentiality and privacy issues central to academic research. Northwell's modification to the Protective Order would limit one line of inquiry: the identity of anonymous individuals referenced in Dr. Moline's Article, including whether Plaintiff was one of the research subjects. This modified protective order would be narrowly tailored such that the balance of interest analysis is straightforward. It protects vital confidentiality and privacy interests fundamental to medical research. In contrast, such lines of inquiry would be of no probative value to Defendants in this case, and thus granting Northwell the relief requested would not prejudice the Defendants.

2

Northwell's Motion to Intervene and Extend Protective Order references the very subject matter that Northwell seeks to keep confidential, namely, the identity of participants in a research study. Therefore, filing that Motion under seal is necessary to avoid public disclosure of the information the Motion seeks to protect. As further discussed in that Motion, there is a significant public interest in keeping the identities of research subjects confidential. Cusumano v. Microsoft Corp., 162 F.3d 708 (1st Cir. 1998); Andrews v. Eli Lilly & Co., Inc., 97 F.R.D. 494, 499 (N.D.Ill. 1983); Lampshire v. Procter & Gamble Co., 94 F.R.D. 58 (N.D. Ga. 1982).

For the forgoing reasons, Northwell respectfully requests that the Court grant its Motion and permit the filing under seal of the unredacted documents.

This the 23rd day of December, 2020.

*/s/ John H. Lawrence*
John H. Lawrence
N.C. State Bar No. 45462
Steven G. Pine
N.C. State Bar No. 44705

K&L Gates LLP
430 Davis Drive, Suite 400
Morrisville, NC  27560
Telephone: (919) 466-1112
john.lawrence@klgates.com
steve.pine@klgates.com

ATTORNEYS FOR NORTHWELL

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 23, 2020, the foregoing Motion was filed via ECF filing, which will serve all counsel of record in the above-referenced matter.

This the 23nd day of December, 2020.

> */s/ John H. Lawrence*
> John H. Lawrence
> N.C. State Bar No. 45462
> Steven G. Pine
> N.C. State Bar No. 44705
>
> 430 Davis Drive, Suite 400
> Morrisville, NC  27560
> Telephone: (919) 466-1112
> john.lawrence@klgates.com
> steve.pine@klgates.com
>
> ATTORNEYS FOR NORTHWELL

4

## CERTIFICATE OF WORD COUNT

This brief complies with Local Rule 7.3(d)(1)'s word count limitation. The word count feature on Microsoft Word states that the word count of the counted potions of this brief is 778, within the 6,250 word limit.

*/s/ John H. Lawrence*
John H. Lawrence