IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:17-cv-111-WO-JEP

| | |
|---|---|
| LLOYD BELL, individually and as Executor of the Estate of Betty Whitley Bell, Deceased,<br><br>*Plaintiff*,<br><br>v.<br><br>American International Industries, et al.,<br><br>*Defendants*;<br><br>―――――――――――――――――<br><br>American International Industries,<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>Neslemur Company f/k/a The Nestle-Lemur Company<br><br>*Third-Party Defendant.* | **AMERICAN INTERNATIONAL INDUSTRIES' BRIEF IN OPPOSITION TO NORTHWELL HEALTH, INC.'S MOTION TO SEAL** |

Defendant and Third-Party Plaintiff American International Industries ("AII") submits this brief in opposition to Northwell Health Inc.'s ("Northwell") Motion to Seal. (ECF No. 260). Northwell's attempt to intervene in this case and expand this Court's

Protective Order by sealing relevant information is based on a fundamental misunderstanding of both the law and the facts of this case, and should be denied.

## I. BACKGROUND

On December 23, 2020, Northwell filed a redacted Motion to Intervene and Extend Protective Order in this case. (ECF No. 256). Northwell also filed a Motion to Seal its Motion to Intervene and the supporting documents. (ECF No. 260). Specifically, Northwell seeks to expand the Court's Protective Order to bar the disclosure of Ms. Bell as a subject of Dr. Moline' study, and argues that its filings should be sealed because they contain "confidential and protected information related to the identities of certain human research study subjects." (*Id.*).

The study at issue was conducted by Plaintiff's expert, Dr. Jacqueline Moline, who is employed by Northwell. In her study, which examines the alleged association between mesothelioma and exposure to cosmetic talc products, Dr. Moline examines data from 33 individuals with malignant mesothelioma, using data obtained from litigation files. Dr. Moline did not have a physician/patient relationship with any member of the study. In the study, Dr. Moline claims that all 33 individual subjects had no exposure to asbestos other than allegedly via cosmetic talc, thus purporting to create a first-of-its-kind link between mesothelioma and cosmetic talc.

In response to a third-party subpoena from Defendants, Northwell produced a single document confirming that Ms. Bell was one of the 33 individuals in Dr. Moline's study. However, contrary to the fundamental premise of the study, Plaintiff has a pending workers

compensation claim on behalf of Ms. Bell against several former employers alleging Ms. Bell's industrial exposure to asbestos caused her mesothelioma. Northwell now seeks to seal any mention of Ms. Bell being one of the subjects of the study for the sole reason that her workers compensation case, which alleges occupational exposure to asbestos from prior employers, entirely contradicts the central premise of the study itself: that the individuals involved only could have gotten mesothelioma from exposure to cosmetic talc.

The Court should not allow Plaintiff and Northwell to hide this critical contradiction behind an inapplicable privilege. Doing so would only mislead the public and the jury into thinking the 33 study subjects had no other exposure to asbestos other than cosmetic talc when the facts show otherwise. .

## II. ARGUMENT

The public's right of access may be abrogated only in unusual circumstances. R*andleman v. Johnson*, No. 1:15CV159, 2017 WL 3017216, at \*1 (*citing Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). Evaluating whether these "unusual circumstances" exist in a particular case is a fact-based inquiry conducted in light of the "specific facts and circumstances" of the case at issue. *Id.*

AII objects to sealing any part of Northwell's Motion to Intervene because Ms. Bell's identity as a member of the study is not confidential or private material in the first instance.

The sealing of information from the public is not favored, and the common law "presumes a right to inspect and copy judicial records and documents." *BASF Agro B.V.*

3

*v. Makhteshim Agan of N. Am., Inc.*, No. 1:10CV276, 2015 WL 12991090, at *1 (M.D.N.C. July 21, 2015) (*citing Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). Under that standard, in order to seal a document from the public, Plaintiff must make an evidentiary showing to justify the sealing or redaction, and to "substantively overcome the common law presumption of access ..., a court must find that there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness." *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 729 (M.D.N.C. 2013).

Here, neither Plaintiff nor Northwell has made any such showing, and Northwell's arguments in support of its motion miss the mark. Northwell argues that the Court should seal any reference to the identity of the individuals referenced in Dr. Moline's study, including Ms. Bell, on the basis that the identities of subjects in human research studies are confidential and privileged. However, Northwell cites to no law that says funneling litigation materials through a retained medical expert gives those litigation materials the same protections that are intended for real subjects of human studies who share their confidential medical information with researchers.

As noted above, Dr. Moline had no physician-patient relationship with any member of the study, nor did she obtain medical information from these individuals via confidential, medical means. Instead, all subjects of the study were plaintiffs in publicly filed talc lawsuits for whom Dr. Moline serves as an expert witness. Northwell points to no privilege that attaches to materials produced by plaintiffs in litigation when they are received by a

4

retained expert who happens to be a physician. Nor can it, for no such privilege exists. Plaintiff and Northwell should not be allowed to invoke an alleged "privilege" meant to protect patients in medical studies and apply it to Dr. Moline's use of depositions to write an article supporting her work as an expert witness.[1]

Under the Court's current order, AII should be allowed to refer to Ms. Bell publicly in the same manner that Dr. Moline has referred to her publicly: by reference to the many characteristics and facts that both AII and Dr. Moline have learned about through litigation, and which Dr. Moline speaks about freely in her study, her testimony before Congress, and her expert witness report.

The Court should deny Northwell's Motion to Seal.

This the 13th day of January, 2021.

        /s/ Timothy Peck
        Timothy Peck (NC Bar No. 9991)
        Richard A. Coughlin (NC Bar No. 19894)
        FOX ROTHSCHILD LLP
        230 North Elm Street, Suite 1200
        Greensboro, NC 27401
        Telephone: (336) 378-5307
        Fax: (336) 378-5400
        E-mail: tpeck@foxrothschild.com
        rcoughlin@foxrothschild.com

---

[1] AII is not conceding that any such privilege exists. But even if there was such a privilege it does not exist under these circumstance, where the individual plaintiffs waived their physician-patient privilege by filing lawsuits. Those materials do not then regain a privilege when the plaintiffs' expert witness uses them to publish a study supporting her litigation work.

5

/s/ Robert E. Thackston
Robert E. Thackston (NC Bar No. 36330)
Samuel Garcia (TX Bar No. 2408006)
LATHROP GPM, LLP
2101 Cedar Springs Rd., Suite 1400
Dallas, TX 75201-2134
Telephone: (469) 983-6023
Facsimile: (469) 983-6101
Email: Robert.thackston@lathropgpm.com
Sam.garcia@lathropgpm.com

*Counsel for American International Industries*

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words as reported by word processing software.

This the 13th day of January, 2021.

/s/ Timothy Peck
Timothy Peck (NC Bar No. 9991)
FOX ROTHSCHILD LLP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I electronically filed the foregoing document with the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF system, which will send notification of this filing and an electronic copy of same to all counsel of record registered with the CM/ECF system, and I hereby certify that I have thereby electronically served the document upon all counsel in this action registered with the CM/ECF system.

This the 13th day of January, 2021.

    /s/ Timothy Peck
Timothy Peck (NC Bar No. 9991)
FOX ROTHSCHILD LLP