IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | |
|---|---|
| Lloyd Bell, individually and as Executor of the Estate of Betty Whitley Bell, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> American International Industries, Inc., et al., <br><br> Defendants. <br> _____ <br><br> American International Industries, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Neslemur Company f/k/a The Nestle-Lemur Company, <br><br> Third-Party Defendant. <br> _____ | Case No. 1:17-cv-111-WO-JEP |

**DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' BRIEF IN OPPOSITION TO NORTHWELL HEALTH, INC.'S REQUEST FOR ORAL ARGUMENT ON NORTHWELL'S <u>MOTION TO INTERVENE AND EXTEND PROTECTIVE ORDER</u>**

Northwell Health, Incorporated's Request for Oral Argument on its Motion to

Intervene and Extend the Protective Order should be denied for any number of reasons.

*First,* the motion should be denied because Northwell's request for a hearing does not comply with the Local Rules. Local Rule 7.3(c)(1) provides: "Motions shall be considered and decided by the Court on the pleadings, admissible evidence in the official court file, and motion papers and briefs, without hearing or oral argument, unless otherwise ordered by the Court. Special considerations thought by counsel sufficient to warrant a hearing or oral argument *may be brought to the Court's attention in the motion or response.*" LR 7.3(c)(1) (emphasis added). Northwell's underlying Motion to Intervene and Extend the Protective Order did not bring to the Court's attention special considerations warranting or Northwell's request for a hearing or oral argument. (ECF Nos. 258 and 259.) Nor did American International Industries ("AII") request a hearing or bring special considerations to the Court's attention to warrant a hearing in its response to Northwell's motion. (ECF No. 274.)

In addition to Northwell's Request for Oral Argument failing to comply with Local Rule 7.3, Northwell has made no attempt to meet-and-confer with AII's counsel regarding the motion for hearing or oral argument. (ECF No. 285.) On the basis of these procedural deficiencies alone, Northwell's request for oral argument should be denied.

*Second,* as more fully set forth in AII's Brief in Opposition to Northwell's Motion to Intervene (ECF No. 274), a telephonic hearing is unnecessary because Northwell's Motion to Intervene is moot. On December 8, 2020, the Court ordered Plaintiff to produce Dr. Moline for deposition by January 7, 2021, or withdraw her as an expert. (ECF No. 252, at 2.) AII requested dates for Dr. Moline's deposition, but Plaintiff's counsel never

2

Case 1:17-cv-00111-WO-JEP   Document 300   Filed 02/17/21   Page 2 of 9

responded. Therefore, Plaintiff has, by default, withdrawn Dr. Moline as an expert, and Northwell's Motion is moot.

*Third*, even if the Court finds that Northwell's Motion is not moot, it should be denied because it is untimely. Northwell has known AII was seeking to discover whether Ms. Bell was one of the 33 patients included in Dr. Moline's study since August of last year when AII served Northwell with a subpoena. (*See* ECF No. 274 at Exhibit C.) In fact, in response to that subpoena, *Northwell produced material proving* that Ms. Bell was one of the 33 patients. Inexplicably, Northwell reversed its stance and filed its Motion to Intervene and Extend the Protective Order on December 23, just two weeks prior to the deadline for Dr. Moline's deposition. Northwell now argues it is obligated to protect the very information it already disclosed. If Northwell wanted to intervene it should have done so months ago, when this issue was before the Court. Allowing Northwell to intervene now would rehash issues this Court already addressed and decided in September 2020, resulting in further delay.

*Fourth*, contrary to Northwell's claim in its Motion for Hearing, Northwell's interests are and were adequately represented by Plaintiff. (*See* ECF No. 285, at 1) ("In support thereof, Northwell states that Northwell's Motion raises important confidentiality concerns that have not been adequately represented by the Plaintiff…"). Every argument Northwell makes in their Motion was previously made by the Plaintiff. (*See* ECF No. 274, at 10-13.) The Court rejected those arguments and ruled that AII was entitled to discover

3

Case 1:17-cv-00111-WO-JEP   Document 300   Filed 02/17/21   Page 3 of 9

if Ms. Bell was among the 33 subjects in Dr. Moline's study, and to question Dr. Moline about that fact.

*Lastly*, Northwell's principal argument for why it should be allowed to intervene and extend the protective order is that Dr. Moline should not be required to answer questions about the identity of any "subjects of her research study, *including* Plaintiff" (i.e., Ms. Bell) because that information is confidential. Allowing AII to question Dr. Moline would allegedly "be contrary" to several policies, including (1) the federal policy for the protection of human subjects, (2) Institutional Review Board ("IRB") standards of privacy for research subjects, (3) specific IRB approvals Dr. Moline obtained, and (4) other alleged "norms" of confidentiality. (ECF No. 259 at 2) (Emphasis in the original.) Northwell's argument fails for several reasons, all of which are addressed in detail in AII's Opposition to Plaintiffs' Motion to Intervene. However, AII adds an additional, very salient point here. Northwell's position is directly contrary to the representation Dr. Moline made to the scientific community, indeed the public, in a prior publication.

In 2017, Dr. Moline published a peer-reviewed paper about several mesothelioma cases potentially caused by dental tape exposure. (Markowitz, Steven B., and Jacqueline M. Moline. "Malignant Mesothelioma Due to Asbestos Exposure in Dental Tape," *American Journal of Industrial Medicine* 60, no. 5 (2017): 437-442., attached as **Exhibit A**.) When addressing her peers, Dr. Moline wrote that informed consent and IRB approval were not required "because deceased individuals are not considered human

4

research subjects subject to Institutional Review Board review." *Id.* at 438. Again, at page 441, Dr. Moline's article states:

> **ETHICS APPROVAL AND INFORMED CONSENT**
>
> Informed consent and Institutional Review Board review were not obtained in these cases, because deceased individuals are not consider human research subjects subject to Institutional Review Board review.

This language is apparently a reference to the Code of Federal Regulations, Subpart A—HHS's Policy for Protection of Human Research Subjects. According to those regulations, the policy for protecting human research subjects "applies to all research involving *human subjects* conducted, supported, or otherwise subject to regulation by any Federal department or agency…". *Id.* at 45 C.F.R. § 46.101(a)(emphasis added). A "human subject" is defined by the regulations as "a *living individual* about whom an investigator (whether professional or student) conducting research…[and obtains identifiable private information]." *Id.* at § 46.102(e)(1) (emphasis added). Like the patients allegedly included in Dr. Moline's dental tape study, Ms. Bell is deceased. Therefore, by Dr. Moline's own admission, IRB approval or "confidentiality" is irrelevant because, as a deceased individual, Ms. Bell is "not considered [a] human research subject[] subject to" IRB review. (*See* **Exhibit A** at 438 and 441.)

In the end, Northwell's Motion to Intervene and Extend the Protective Order is procedurally, factually, and legally wrong. The real reason Northwell and Plaintiff's counsel do not want Dr. Moline questioned about Ms. Bell's inclusion in the study is

5

because her inclusion directly contradicts the central premise of Dr. Moline's published study; namely, that none of the 33 cases in her published paper had any exposure to asbestos other than from allegedly contaminated cosmetic talcum powder. Dr. Moline apparently just ignored evidence of other exposures to asbestos, such as the two worker's compensation claims for occupational exposure to asbestos filed on Ms. Bell's behalf. Northwell's alleged concerns about patient confidentiality is just a pretext to hide this inconvenient fact because the 33 cases Dr. Moline discusses in her paper were never her "patients." They were plaintiffs in talc litigation in which Dr. Moline had been hired by plaintiffs' lawyers to serve as their expert.

## **CONCLUSION**

For these reasons the Court should deny Northwell's Motion for Hearing on its Motion to Intervene and Extend the Protective Order, and summarily deny Northwell's underlying Motion to Intervene.

This 17th day of February, 2021.

>*/s/ Robert E. Thackston*
>Robert E. Thackston, NC Bar No. 36330
>Kurt W. Greve, TX Bar No. 24007275
>Samuel Garcia, TX Bar No. 24080067
>LATHROP GPM, LLP
>2101 Cedar Springs Rd., Suite 1400
>Dallas, TX 75201-2134
>Telephone: (469) 983-6023
>Facsimile: (469) 983-6101
>Email: Robert.thackston@lathropgpm.com
>Kurt.greve@lathropgpm.com
>Sam.garcia@lathropgpm.com

                                            */s/ Timothy Peck*
Timothy Peck, NC Bar No. 9991
Richard A. Coughlin, NC Bar No. 19894
FOX ROTHSCHILD LLP
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5307
Fax: (336) 378-5400
E-mail: tpeck@foxrothschild.com
rcoughlin@foxrothschild.com

*Counsel for American International Industries*

## **CERTIFICATE OF WORD COUNT**

This Brief in Opposition complies with Local Rule 7.3(d)(1)'s word count limitation. The word count feature on Microsoft Word states that the word count of this entire brief is 1,505 words, within the 6,250 word limit.

*/s/ Timothy Peck*
Timothy Peck, NC Bar No. 9991
FOX ROTHSCHILD LLP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I electronically filed the foregoing document with the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF system, which will send notification of this filing and an electronic copy of same to all counsel of record registered with the CM/ECF system, and I hereby certify that I have thereby electronically served the document upon all counsel in this action registered with the CM/ECF system.

This 17th day of February, 2021.

*/s/ Timothy Peck*
Timothy Peck, NC Bar No. 9991
FOX ROTHSCHILD LLP