IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| LLOYD BELL, Individually and as Executor of the Estate of BETTY WHITLEY BELL, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | File No. 1:17-CV-111-WO-JEP |
| AMERICAN INTERNATIONAL INDUSTRIES, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES'
BRIEF IN SUPPORT OF MOTION TO ADMIT PLAINTIFF'S
WORKERS' COMPENSATION CLAIMS AND SUPPORTING
DOCUMENTATION AS STATEMENTS AGAINST AN OPPOSING
PARTY PURSUANT TO FED. R. EVID. 801(d)(2)**

Defendant American International Industries ("AII") submits this brief in support of its Motion to Admit Plaintiff's Workers' Compensation Claims and Supporting Documentation as Statements Against an Opposing Party Pursuant to Fed. R. Evid. 801(d)(2):

I.     INTRODUCTION

AII moves this Court for an Order admitting Plaintiff's two workers' compensation claims, the cover letters to those claims, and four approved site lists as statements against an opposing party not subject to hearsay. Mrs. Bell

and Plaintiff submitted workers' compensation claims, not once but twice, alleging Mrs. Bell sustained an asbestos-related disease caused by occupational exposure to asbestos while employed at the Cannon Mills and Fiber Industries plants in the 1970s. Specifically, the claims reflect "[Mrs. Bell] sustained an occupational disease caused by exposure to asbestos" and "was exposed to the hazards of asbestos-containing products while employed by this employer." These claims were signed and submitted under the threat of criminal penalty.[1] In filing these claims, Plaintiff relied upon four approved site lists reflecting a presumption of exposure to asbestos when Mrs. Bell was employed at the plants.

In conflict with those statements in the workers' compensation claims, Plaintiff disclaims in discovery in this tort case that Mrs. Bell had any occupational exposure to asbestos while at the textile plants. He alleges that Mrs. Bell's mesothelioma was caused solely by contact with trace level asbestos contamination in various cosmetic talcum powders Mrs. Bell used. Thus, Plaintiff's statements made to the North Carolina Industrial Commission and what he plans to tell the jury in this case are inconsistent and contradictory.

---

[1] "Any person who willfully makes a false statement or representation of a material fact for the purpose of obtaining or denying any benefit or payment, or assisting another to obtain or deny any benefit or payment under this Article, shall be guilty of a Class 1 misdemeanor if the amount at issue is less than one thousand dollars ($1,000). Violation of this section is a Class H felony if the amount at issue is one thousand dollars ($1,000) or more." N.C.G.S.A. § 97-88.2(a) (2007).

Because the introduction of the claims will show the true universe of tortfeasors who are believed to be responsible for Mrs. Bell's mesothelioma, AII seeks to introduce them into evidence. Plaintiff has no valid objection that would preclude their admission because the two workers' compensation claims and four approved site lists (1) are not subject to the hearsay rule, (2) are relevant to causation, and (3) would save time and judicial resources if deemed admitted. For these reasons, AII respectfully asks this Court to admit Plaintiff's workers' compensation claims and supporting documentation into evidence as statements of an opposing party and allow AII to read the contents to the jury at trial.[2]

## II. BACKGROUND

### a. Two Workers' Compensation Claims

On September 8, 2015, the North Carolina Industrial Commission received an 18B Form workers' compensation claim signed by Betty Bell, alleging she was exposed to asbestos while employed by Pillowtex Corporation f/k/a Fieldcrest Cannon, Inc. ("Pillowtex Entities") and Hoechst Celanese Corporation ("Celanese.") (*See* Exhibit A.) The 18B Form is titled "Claim by Employee, Representative or Dependent for Benefits for Lung Disease

---

[2] Robert E. Jones, et al., Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 8G-D ¶ 8:2029 (2020) ("..it can be offered into evidence in whatever form it appears; e.g., in a document…When offering an opposing party's documentary admissions into evidence, be sure to read them to the jury...")

Including Asbestosis, Silicosis, and Byssinosis." (*Id* at p. 1.) The version of the form Mrs. Bell signed added "Mesothelioma" to the title and list of diseases. (*Id*.) Mrs. Bell's counsel sent a cover letter with the claim form also noting that "this claim is being filed for mesothelioma." (*See* Exhibit B.) In her claim, Mrs. Bell alleges she "sustained an occupational disease caused by exposure to asbestos." (Exhibit A at p. 1.) In reference specifically to her employment at both Pillowtex and Celanese, Mrs. Bell admits she "was exposed to the hazards of asbestos-containing products while employed by this employer." (*Id*. at p. 2.) Mrs. Bell signed the pleading under pain of criminal penalty. (*Id*. at p. 3.)

On November 20 and 23, 2015, counsel took the deposition of Mrs. Bell, raising the fact she had filed this claim. (Exhibit C, Bell Dep. p. 536:11–23.) Approximately one week later, Mrs. Bell voluntarily dismissed this workers' compensation claim. (Exhibit C, at p. 535:19–23.) Mrs. Bell passed away on June 3, 2017.

On April 25, 2019, the North Carolina Industrial Commission once again received another 18B Form workers' compensation claim against Pillowtex and Celanese. (Exhibit D.) This time it was signed by Plaintiff Lloyd Bell on behalf of Betty Bell, indicating in the title that it was a "Death" claim. (Exhibit D at p. 1.) Plaintiff's counsel once again sent a cover letter with the claim, confirming that "this claim is being filed for death benefits." (Exhibit E.)

4

Plaintiff's claim alleges the same admission that Mrs. Bell alleged in her first claim; that is, that she "was exposed to the hazards of asbestos-containing products while employed by this employer [Pillowtex and Celanese]." (Exhibit D, p. 1.) It alleges she was treated for mesothelioma by a number of doctors in North Carolina. (*Id.* at p. 3.) Plaintiff also signed this claim for benefits under threat of criminal penalty. (*Id.* at p. 4.)

Plaintiff later dismissed Pillowtex without prejudice, but did not dismiss Celanese. Although Celanese filed its responsive pleading denying the factual allegations, Plaintiff has not dismissed any claim against Celanese to date and the admissions of alternative asbestos exposure remain.

The statements made in these workers' compensation claims are factual admissions by an opposing party that Mrs. Bell suffered not only exposure, but injury and death, from asbestos during her employment and the documents should be admitted into evidence and read to the jury.

### b. Four Approved Site Lists

On May 4, 2020, this Court ordered Plaintiff to produce all documents he relied on to form his good faith basis for filing his workers' compensation claim. In response, Plaintiff produced four excel spreadsheets titled "Approved Site List" for Babcock Wilcox, Fibreboard, GI Holdings, and Owens-Corning. These lists presume an exposure to asbestos caused by these four bankrupt

5

companies during the time Ms. Bell worked at the plants. This supporting documentation should likewise be admitted with the workers' compensation claims as adoptive admissions unequivocally relied upon by Plaintiff and believed to be true.

## III. ARGUMENT

### A. Statements made in the Workers' Compensation Claims are Statements of An Opposing Party; Not Hearsay

The Federal Rules of Evidence expressly provide that statements made by an opposing party are not hearsay. Rule 801(d)(2) states,

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>
> > (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
> >
> > > (A) was made by the party in an individual or representative capacity;
> > > (B) is one the party manifested that it adopted or believed to be true;
> > > (C) was made by a person whom the party authorized to make a statement on the subject;
> > > (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed…

FED. R. EVID. 801(d)(2). The statements are substantive evidence of the facts stated. (*Auto-Owners Ins. Co. v. Jensen*, 667 F.2d 714, 722 (8th Cir. 1981).) "When statements are made by a party, the party's adversary may introduce them into evidence as admissions." *Smith v. Haynes & Haynes P.C.*, 940 F.3d

635, 648 (11th Cir. 2019); *see also Briggs v. Dalkon Shield*, 174 F.R.D. 369, 374 (D. Md. 1997). "Pleadings are binding legal documents that can be admitted as evidence against that party in subsequent proceedings." *K.V.G. Properties, Inc. v. Westfield Ins. Co.*, 900 F.3d 818, 822 (6th Cir. 2018) (*citing* FED. R. EVID. 801(d)(2)). In the case of a client's workers' compensation lawyer, statements by that lawyer can be used against his or her client in a separate personal injury action. *See Harris v. Steelweld Equipment Co., Inc.*, 869 F.2d 396 (8th Cir. 1989). The factual allegations in a pleading from one case are admissible in a different case as party admissions. *PHI, Inc. v. Apical Indus., Inc.*, No. 6:13-CV-00015, 2020 WL 2220315, at *2 (W.D. La. May 7, 2020) (*citing Hardy v. Johns-Manville Sales Corp.*, 851 F.2d 742, 745 (5th Cir. 1988*); Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 118 (7th Cir. 1981). The actual documents themselves are admitted as party admissions. *Florida Conference Ass'n of Seventh-Day Adventists v. Kyriakides*, 151 F. Supp. 2d 1223, 1225–26 (C.D. Cal. 2001).

The out of court statement may be written, oral, assertive conduct, or even imputable to an opposing party. *See* FED. R. EVID. 801(a). Statements made by a person authorized to make statements for the party or made by an agent of the party within the scope of that relationship are likewise admissible against the party. *See* FED. R. EVID. 801(d)(2)(C)–(D). If an attorney is fully

authorized to speak for a party, his or her statements are admissible as facts, rather than as the attorney's opinion. *See Leon v. Fedex Ground Package System, Inc.*, 163 F.Supp.3d 1050 (D.N.M. 2016); *See also Totten v. Merkle*, 137 F.3d 1172 (9th Cir. 1998) (statements made by an attorney are generally admissible against his client).

It is undisputed that counsel, on behalf of Mrs. Bell and Plaintiff, submitted not one, but two workers' compensation claims against Ms. Bell's former employers for exposure to asbestos during her employment. Each workers' compensation claim references Mrs. Bell, her disease, claims of exposure to asbestos-containing products, a time and location of her exposure, and was accompanied with medical records and a cover letter from her counsel indicating that these specific documents had been submitted on Mrs. Bell's and Plaintiff's behalf. Mrs. Bell signed the first one under criminal penalty and, after Mrs. Bell's passing, Plaintiff Lloyd Bell signed the second claim, also under criminal penalty. They were submitted by the same law firm that represents her in this case, Wallace and Graham, P.A.

Statements made in these documents are admissions by an opposing party. Specifically:

- "[Mrs. Bell] sustained an occupational disease caused by exposure to asbestos"; and

- "[Mrs. Bell] was exposed to the hazards of asbestos-containing products while employed by this employer."

For context the entire documents are party admissions because they are signed by the parties and submitted by their lawyers. These claim documents are admissions that Mrs. Bell was exposed to and injured by asbestos-containing products associated with her employment. AII need only present evidence sufficient for a jury to decide whether claims were in fact filled out by Plaintiff or by his counsel on Mrs. Bell's behalf. These documents admit that Mrs. Bell was exposed to asbestos while employed for several years at Fiber Industries/Celanese in the 1970s. The fact that Plaintiff may have later withdrawn the claims, after seeing their effect on his talc case, is irrelevant to their admissibility. *See Purgess v. Sharrock*, 33 F.3d 134 (N.Y. 1994)(holding a statement contained in a filed brief or pleading in another proceeding may be offered as an evidentiary admission against the pleader in another case, even if it was an alleged mistaken statement.)

Based on the above, statements made in Plaintiff and Mrs. Bell's Form 18B compensation claims are admissible as statements by an opposing party.

### B. Contents of the four Approved Sites Lists are Adopted Statements of An Opposing Party; Not Hearsay

In addition to her workers' compensation claims, the four approved site lists Plaintiff produced as support for filing the Form 18B compensation claims

9

should be admitted as adoptive statements by an opposing party. *See* FED. R. EVID. 801(d)(2)(B). On March 31, 2020, AII moved to compel any documents on which Plaintiff's counsel relied to make the exposure allegations contained in Ms. Bell's two workers' compensation cases. This Court compelled that production. In response, Plaintiff produced documents generated by bankruptcy trusts for companies that sold asbestos-containing products. These approved sites lists Plaintiff produced provide that a person diagnosed with mesothelioma, who worked at certain sites during specified years, was presumptively exposed to asbestos at that site and will automatically receive compensation. Ms. Bell's place of employment, Fiber Industries, is an approved site for asbestos bankruptcy trusts established by Babcock & Wilcox, Fibreboard, GI Holdings, and Owens-Corning asbestos bankruptcy trusts. Plaintiff's produced these documents in discovery as the materials he relied on for his good faith belief that Ms. Bell was exposed to asbestos at work. These trusts pay compensation if a person worked at an approved location at a certain time without any further proof of specific job duties or explanation of how the plaintiff was exposed to asbestos.

Relying on and citing to documents in discovery responses constitute an assent to the truth and adoption of the contents. *In re Japanese Electronic Products Antitrust Litigation, C.A.3 (Pa.)* 1983, 723 F.2d 238, certiorari

10

granted in part 471 U.S. 1002, reversed on other grounds 475 U.S. 574, on remand 807 F.2d 44; *See also*, *Agere Sys., Inc. v. Advanced Envtl. Tech. Corp.*, 602 F.3d 204, 233 (3d Cir. 2010.) Plaintiff unequivocally manifested the adoption of the contents in the approved site lists when he produced them as support for his workers' compensation claims. As such, these other documents he produced when ordered to provide what he relied on to make claims are admissible as adoptive statements by an opposing party.

### C. The Workers' Compensation Claims and Approved Site Lists are Relevant to Causation and Therefore Admissible

Evidence of Mrs. Bell's exposures to asbestos attributable to nonparties is relevant and probative to causation. Evidence is relevant if it has any tendency to make a fact more or less probable, and the fact is of consequence in the action. *See* FED. R. EVID. 401. The court may only exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* FED. R. EVID. 403.

Plaintiff twice alleged, under penalty of criminal prosecution, that Ms. Bell was exposed to asbestos at her workplace that caused her mesothelioma. Yet, in this lawsuit Plaintiff seeks to blame Ms. Bell's mesothelioma solely on use of cosmetic talcum powder. Plaintiff's conflicting allegations are highly relevant to causation and the jury is entitled to hear about the entire universe

11

of possible tortfeasors. Defendants need not provide the details of Mrs. Bell's occupational exposure because she has admitted them in another context and cannot deny them here.

Plaintiff also produced documents that supported their claims by establishing that asbestos containing products of these companies were present during the relevant time and the Trusts admit that workers there, of any trade, are entitled to compensation if they contract mesothelioma. By producing these documents in response to the Courts Order to produce the evidence he relied on for asserting that Ms. Bell was exposed to asbestos at Fiber Industries, he manifestly adopted the documents as true and believed them to be true.

This Court has already observed, at the August 4, 2020 hearing, that Plaintiff appears to be trying to make inconsistent exposure and causation claims in different fora:

> THE COURT: So that's what I want to make sure we're addressing. **If the contention is she's never said she was exposed at work, then that's what's inconsistent with the workers' compensation claim.** If the contention is she was exposed at work and at her business that she had at her home, then that's fine. Maybe that's how it gets sort of presented or submitted, whether that's on a request for admission or in an interrogatory response. I can go to Mr. Thackston and see what his suggestion would be, but I wanted to start with you with respect to how doing discovery into the workers' comp claim, **how do we make it part of**

> **the record here that she is also alleging that she was exposed at her place of employment.**
>
> MR. GRAHAM**: I suppose Mr. Thackston could introduce the comp claim into the evidence, the Form 18B, into evidence** if he wishes, although, I'm not sure that would be very satisfactory to the jury because it would be a denied claim. I'm not sure what probative value that would have.
>
> THE COURT: Well, what I think would be inconsistent, Mr. Graham, is **if you said, in the workers' comp, that the causation was the workplace, but then the contention in this case was that she was not exposed at the workplace and was solely exposed at her personal business or her home. So that's the potential inconsistency.** Now, if we make sure we make it clear that's not what she's contending in this case, then there wouldn't be an inconsistency. I think that's the inconsistency.

(Exhibit F, Tr. at 87:25–88.20; 89:10–21, Aug. 4, 2020.) (Emphasis added.)

Although Mr. Graham's statement contradicts the language in the claim, this Court requested that the parties address this issue of Party Admissions at a later time:

> THE COURT: To the extent there's an assertion [in the workers' compensation claim], then that's a question you can present or raise with regard to whether it's, as you would contend, **a party admission** or assertion that would be admissible regarding another exposure or causation. [. . .] With regard to what the assertion actually says and what the import of that might be, I don't think that's something for me to otherwise manage in the discovery process, **but I want to make sure we address it again** without starting down—what I would consider—an improper path. . . .

13

(Exhibit F, Tr. at 110:5–9; 111:19–23, Aug. 4, 2020.) (Emphasis added.)

At that hearing, Plaintiff's counsel indicates that the claim was denied, but what he means is that the defendants in the workers' compensation case filed a responsive pleading denying the allegations in the claim. It was not that the claim was denied by any Court or that the matter has been resolved on the merits. If there has been any update to the pending workers' compensation case since the August 4, 2020 hearing, Plaintiff has not revised discovery responses or notified AII. Regardless of any withdrawal; however, the mere fact that the statements were made make them admissible as a statement by an opposing party. Any remote prejudice to Plaintiff is substantially outweighed by the probative value of the claims on the issue of causation.

### D. Finding that Plaintiff's Workers' Compensation Claims are Party Admissions Would Save Time and Judicial Resources

The very nature of admissions conserves time and judicial resources by avoiding unnecessary discovery disputes. *See* FED. R. CIV. PRO. 36; *Armour v. Knowles*, 512 F.3d 147, 154 n. 13 (5th Cir. 2007). Through written discovery, subpoenas, meet and confers, and motions, AII has attempted to collaterally prove what Plaintiff already admitted in the claims. If this Court finds that statements of exposure and causation in Plaintiff's claim forms are party admissions that finding will save considerable time and expense of the parties and preserve judicial resources. If Plaintiff is now allowed to contradict the

claims that he made under pain of criminal penalty, then defendants will have to spend time with every expert establishing what Ms. Bell and Plaintiff already admitted. This includes evidence about the presence of asbestos products and the production and relevance of the bankruptcy claim forms that Plaintiff produced as grounds for his workers' compensation claims.

## IV. CONCLUSION

Plaintiff's workers' compensation claims are admissions that Mrs. Bell was exposed to and injured by asbestos-containing products associated with her employment. The approved site lists are likewise adoptive admissions relied upon by Plaintiff to support his reason for filing the workers' compensation claims. Evidence of Mrs. Bell's exposures to asbestos are attributable to nonparties in this case and is exceedingly relevant and probative to causation. AII hereby requests this Court grant AII's Motion to Admit Plaintiff's Workers' Compensation Claims and Supporting Documentation as Statements by an Opposing Party.

This 12th day of March 2021.

    /s/ Timothy Peck
Timothy Peck, NC Bar No. 9991
Richard A. Coughlin, NC Bar No. 19894
FOX ROTHSCHILD LLP
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5307

15

Fax: (336) 378-5400
E-mail: tpeck@foxrothschild.com
rcoughlin@foxrothschild.com


*/s/ Robert E. Thackston*
Robert E. Thackston, NC Bar No. 36330
Kurt W. Greve, TX Bar No. 24007275
Samuel Garcia, TX Bar No. 24080067
LATHROP GPM, LLP
2101 Cedar Springs Rd., Suite 1400
Dallas, TX 75201-2134
Telephone: (469) 983-6023
Facsimile: (469) 983-6101
Email: Robert.thackston@lathropgpm.com
Kurt.greve@lathropgpm.com
Sam.garcia@lathropgpm.com

*Counsel for American International Industries*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1(a), I hereby certify that on January 27, 2021, counsel for the movant met and conferred with Plaintiff's counsel regarding Plaintiff and Mrs. Bell's workers' compensation claims as statements by an opposing party and/or party admissions. Plaintiff's counsel indicated she would not agree to deem them party admissions and would be opposing any motion AII would file on this topic. With no stipulation reached, AII moved forward with this Motion.

This 12th day of March 2021.

*/s/ Samuel Garcia*
Samuel Garcia

## **CERTIFICATE OF WORD COUNT**

This brief complies with Local Rule 7.3(d)(1)'s word count limitation. The word count feature on Microsoft Word states that the word count of the counted portions of this brief is 3,373 words, within the 6,250 word limit.

<pre>
                            /s/ Timothy Peck
                            Timothy Peck, NC Bar No. 9991
                            FOX ROTHSCHILD LLP
</pre>

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that I electronically filed the foregoing document with the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF system, which will send notification of this filing and an electronic copy of same to all counsel of record registered with the CM/ECF system, and I hereby certify that I have thereby electronically served the document upon all counsel in this action registered with the CM/ECF system.

This 12th day of March, 2021.

/s/ Timothy Peck
Timothy Peck, NC Bar No. 9991
FOX ROTHSCHILD LLP