IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | |
|---|---|
| Lloyd Bell, individually and as Executor of the Estate of Betty Whitley Bell, Deceased, <br><br>Plaintiff,<br><br>v.<br><br>American International Industries, Inc., et al.,<br><br>Defendants. | §§§§§§§§§§§§§§§§ Case No. 1:17-cv-111-WO-JEP |

**DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' MOTION FOR LEAVE TO FILE A SUR-REPLY TO NON-PARTY NORTHWELL HEALTH, INC.'S RULE 72(a) OBJECTIONS TO AND APPEAL FROM THE <u>MAGISTRATE JUDGE'S FEBRUARY 25, 2021 ORDER</u>**

Defendant American International Industries ("AII"), by and through undersigned counsel, files this Motion for Leave to File a Sur-Reply in Opposition to Non-Party Northwell Health, Inc.'s Objections to and Appeal from the Magistrate Judge's February 25, 2021 Order (<u>ECF 318</u>) and in support of AII's Motion to Unseal Evidence (<u>ECF 331</u>). In support of this request for leave, AII states:

**ARGUMENT**

On March 11, 2021, Northwell filed its Objections to and Appeal from the Magistrate Judge's Order denying Northwell leave to intervene in this case for the purpose of extending the protective order. (ECF 318). Northwell sought to intervene in this case to shield one of its employees, Jacqueline Moline, M.D., from cross-examination regarding factual misrepresentations she made--specifically about the *Bell* case--in a published article. Dr. Moline was Plaintiff's causation expert in this case, and she serves as an expert on behalf of plaintiffs in other talcum powder cases around the country.

On March 25, 2021, AII filed its Opposition to Northwell's Objections and moved the Court to unseal evidence of Ms. Bell's inclusion in Moline's Article. (ECF 331). AII argued, among other things, that the Court should unseal evidence of Ms. Bell's inclusion in Dr. Moline's Article because (1) that fact was already publicly available on the Court's ECF system, and (2) continued sealing of the evidence would unjustly allow Dr. Moline to claim that none of the 33 plaintiffs in her Article had alternative exposures to

asbestos while preluding defendants from confronting her with evidence contradicting that claim.

AII seeks leave to file the sur-reply (attached as Exhibit A) because AII has learned of two pieces of relevant evidence that it could not have discovered prior to filing its Opposition and Motion to Unseal. This motion for leave to file a sur-reply is similar to "subsequently decided authority," which local rules permit to be filed after the close of briefing, LR 7.3(i), although this motion is predicated on subsequently learned facts not law. "Generally, courts allow a party to file a surreply . . when fairness dictates [an opportunity to respond to] new arguments raised in the previous reply." *Di Paulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010). A sur-reply may also be appropriate to bring relevant, newly discovered facts to the Court's attention. *See Velez v. Colon*, 1:18CV917, 2019 WL 4774162, at *1 (M.D.N.C. Sept. 30, 2019) (J. Osteen) (denying the sur-reply because, in part, it "fails to add facts sufficient to change the analysis set forth").

The first piece of evidence is a brief filed in a Louisiana case on March 25, 2021, openly discussing that the

*Bell* litigation case was included in the "study" published by Dr. Moline. That Motion is publicly available and identifies Ms. Bell by name as one of the 33 plaintiffs included in Dr. Moline's Article. This further undermines any justification for continuing to seal the same evidence in this case.[1] The Motion also names three additional litigation cases that were apparently included in Dr. Moline's Article, all of which had allegations of exposure to asbestos from sources other than allegedly-contaminated cosmetic talc. As explained in the attached sur-reply, this is relevant because it suggests the misrepresentations in Dr. Moline's Article may extend beyond just the *Bell* case.

The second piece of evidence is a trial transcript of Dr. Moline, from April 1, 2021, in which she described to a jury her published Article. At that trial, Dr. Moline refused to answer questions about the underlying facts of the 33 litigation cases, alleging research privilege. Her testimony highlights the unfairness that AII will face if Dr. Moline is allowed to testify that the 33 plaintiffs in her Article had no alternative exposures to asbestos and defendants are

---

[1] AII did not learn of this evidence until April 1, 2021, in part, because AII is not a defendant in the Louisiana action.

precluded from confronting her with evidence proving that claim is false.

## CONCLUSION

For the reasons stated above, and those more fully explained in the attached sur-reply, AII respectfully seeks leave to file the attached sur-reply in opposition to Non-Party Northwell Health Inc.'s Rule 72(a) Objections to and Appeal from the Magistrate Judge's February 25, 2021 Order (ECF 318) and in support of AII's Motion to Unseal Evidence (ECF 331). AII further prays for such order and further relief as the Court deems appropriate.

This 14th day of April, 2021.

/s/ *Robert E. Thackston*
Robert E. Thackston, NC Bar No. 36330
Kurt W. Greve, TX Bar No. 24007275
LATHROP GPM, LLP
2101 Cedar Springs Rd., Suite 1400
Dallas, TX 75201-2134
Telephone: (469) 983-6023
Facsimile: (469) 983-6101
Email: robert.thackston@lathropgpm.com
kurt.greve@lathropgpm.com

/s/ *Timothy Peck*
Timothy Peck, NC Bar No. 9991
Richard A. Coughlin, NC Bar No. 19894
FOX ROTHSCHILD LLP
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5307

```
          Facsimile: (336) 378-5400
          E-mail: tpeck@foxrothschild.com
          rcoughlin@foxrothschild.com
```

*Counsel for American International Industries*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I electronically filed the foregoing document with the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF system, which will send notification of this filing and an electronic copy of same to all counsel of record registered with the CM/ECF system, and I hereby certify that I have thereby electronically served the document upon all counsel in this action registered with the CM/ECF system.

This 14th day of April, 2021.

/s/ Timothy Peck
Timothy Peck, NC Bar No. 9991
FOX ROTHSCHILD LLP