IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CASE NO. 1:17-CV-111-WO-JEP

| | |
|---|---|
| LLOYD BELL, Individually and as Executor of the Estate of BETTY WHITLEY BELL, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL INDUSTRIES, INC., et al.,<br><br>Defendants. | **JOINT REPORT** |

Pursuant to the Court's Memorandum Opinion and Order dated May 24, 2021, counsel for Northwell Health, Inc. ("Northwell"), American International Industries ("AII"), and Plaintiff Lloyd Bell ("Plaintiff") (collectively "the Parties") met and conferred by telephone conference on May 28, 2021 and have subsequently exchanged statements of their respective positions by e-mail correspondence and attachments. The Parties hereby submit this Joint Report "identifying the information in the Opinion, if any, they contend should be redacted, along with an explanation of the basis for their proposed redactions and a draft of [the Court's Opinion] with those proposed redactions." (Doc. 350 at 8).

### Northwell's Position

Northwell Health, Inc. ("Northwell") maintains that the Court's May 24, 2021 Memorandum Opinion and Order ("Order"), ECF No. 350, should include redactions consistent with those contained in the parties' related briefing and remain in place at least

until the surrounding Motions to Seal are resolved. *See* ECF Nos. 328, 329, 337, 339. Specifically, Northwell has consistently redacted portions of its briefing identifying Plaintiff Betty Bell ("Mrs. Bell") as one of the thirty-three (33) research subjects of Dr. Jaqueline Moline's peer-reviewed publication, which is at issue in this matter ("Research Study"). *See* ECF Nos. 265, 284, 318, 335. Northwell moved to seal its filings and included redactions therein to the latter information pursuant to the Federal Policy for the Protection of Human Subjects, 45 C.F.R. Part 46, Subpart A (or, "The Common Rule"), which sets forth protections for the identities of research subjects in Institutional Review Board ("IRB") approved research studies. As extensively discussed in Northwell's filings in this matter, redactions to this information were and are required pursuant to the Common Rule and the privacy and confidentiality protections inherent in Northwell's IRB process, which govern the Research Study.

As such, Northwell respectfully requests that the Court redact portions of the Order in which Mrs. Bell is identified as a research subject in the Research Study. Northwell's proposed redactions are contained in **Exhibit A**. These redactions are consistent with the parties' approach under the pending Motions to Seal and go no further. Moreover, Northwell maintains that such redactions are required pursuant to the Common Rule and the IRB process. At this stage in the matter—and given the pendency of the Court's determination of the application of the seal—the protected information in the Order should be treated in a manner that is consistent with the virtually identical information that is redacted in the parties' briefing. In short, Northwell states that there is no basis for a

2

Case 1:17-cv-00111-WO-JEP   Document 352   Filed 06/03/21   Page 2 of 10

deviation in approach to the information at issue while the Motions to Seal remain unresolved. Northwell's proposed redactions in **Exhibit A** should be adopted by the Court and applied to the Order.

### AII's Position

Defendant American International Industries ("AII") maintains its position that none of the information in the Court's Opinion or the underlying briefing should be sealed for two reasons.

First, Mrs. Bell's inclusion in Dr. Moline's study is already in the public domain on this Court's ECF system and has been publicly disclosed in at least one other case in Louisiana. (*See* Doc. 340, Exhibit 2). *See BASF Agro B.V. v. Makhteshim Agan of N.A., Inc.*, 1:10CV276, 2013 WL 12178583, at *1 (M.D.N.C. Sept. 30, 2013)(J. Osteen) (noting that one factor to consider when determining whether to seal evidence is if it is publicly available). As stated in our prior filing (ECF 331), Plaintiff previously filed a motion for protective order but left unredacted a portion that identifies Mrs. Bell as a study subject. He failed to redact the following statement:

> "The Court Should Enter a Protective Order … Requiring All Copies of Documents Identifying Betty Bell as a Subject Be Destroyed."

(ECF 179.) This statement has been publicly available on the Court's ECF system for nearly nine months. Additionally, another defendant has filed a publicly available motion in Louisiana identifying Mrs. Bell, and three other plaintiffs, by name as participants in Dr.

Moline's study. Based on these facts alone, the Court should unseal its Opinion, refuse to seal the related briefing, and unseal all related filings.

Second, continued sealing of the information will work a manifest injustice in this case and other cases across the country by allowing plaintiffs to continue misrepresenting that none of the 33 plaintiffs in Dr. Moline's study had alternative exposure to asbestos while preventing AII from cross examining Dr. Moline and Plaintiff's other experts with the facts showing that claim to be false. One of the central problems in Plaintiff's causation case is the complete lack of epidemiology to support the alleged link between talcum powder and mesothelioma. (*See* ECF 331, at 5.) To create this evidence, Plaintiff's former expert, Dr. Moline, published a "case series" of 33 plaintiffs whose only alleged exposure to asbestos was from cosmetic talc. (ECF 331, at 4-5.) As we have briefed in detail, we know this is untrue because Mrs. Bell was one of the 33, *id*., and Mrs. Bell, or those on her behalf, filed two worker's compensation claims alleging exposure to commercial asbestos at her jobsites. (*See* ECF 331, at 10.)

Nearly all of Plaintiff's experts in this case, and cases around the country, rely on Dr. Moline's misleading study to supply this missing "epidemiology." Magistrate Judge Peake recognized that allowing Dr. Moline to testify about her study, which included Mrs. Bell, "without allowing any inquiry [into Mrs. Bell's inclusion], would raise significant concerns regarding misleading the fact finder and misrepresenting the evidence." (ECF 309.) This Court correctly recognized that if Plaintiff's other experts rely on Dr. Moline's study the prejudice remains even if Dr. Moline is out of the case: "The contradiction

4

between Mrs. Bell's history and the assertions contained in Dr. Moline's study are even more concerning if, in fact, other expert witnesses rely on Dr. Moline's study in their analysis of the present case." (ECF 350, at p.7, n.2). Nearly all of Plaintiff's experts rely on Dr. Moline's study. For example, Plaintiff's expert cell biologist, Dr. Brody, relies on Dr. Moline's study, and he testified it was the only study linking barbers' use of cosmetic talc to above-background levels of asbestos exposure:

> Q. What -- what do you rely on for your -- for accepting the statement that the use of cosmetic talc by hairdressers or barbers would release asbestos in the air at a level above background? Just give me one -- any study.
>
> MR. WATHEN: Objection; form.
>
> A. All right. Let -- let me see. There's a paper in the "Journal of Occupational and Environmental Medicine" in 2020 by Moline and Gordon that says -- "Mesothelioma Associated With the Use of Cosmetic Talc." It's "Journal of Occupational and Environmental Medicine," January of 2020. That's the only peer-reviewed paper that I know, so that's one.

Deposition of Arnold Brody in *Bell* (8/27/20) at 48:14-49:4. Similarly, Plaintiff's other experts, Drs. Emory, Compton, and Longo, all rely on Dr. Moline's study for their analysis and conclusions in this case, *see* ECF 331, and other cases across the country. Although Northwell and Plaintiff argue that the "Common Rule" and IRB approvals require the information be sealed, this is false, for several reasons, *see* ECF 331, at 29-34, not the least of which is that the information was entirely derived from litigation files. (*Id.*)

Keeping these documents sealed will turn this Court's sealing rules, which were intended to protect sensitive information from public disclosure during the truth finding

5

process, into a tool of injustice to allow the Plaintiff's experts to perpetuate a fraud on the fact finder. Magistrate Judge Peake previously stated that the decision to unseal was ultimately "a matter for the trial judge in this case." Hearing Tr. (9/25/20) at 95:2-10. The time for that decision is now. For these reasons, the Court should unseal and leave unredacted its Opinion (ECF 350). And, furthermore, the Court should refuse to seal the related briefing (ECFs 328, 329, 337, 339), and order all prior briefing and evidence on Mrs. Bell's inclusion in Dr. Moline's study unsealed.

### Plaintiff's Position

Plaintiff agrees and adopts Northwell's position. Plaintiff reiterates that both Plaintiff and Northwell have consistently held that the identities of all study subjects are confidential and that any reference thereto should be redacted. Plaintiff adds that though counsel erred in missing a heading that should have been redacted in his Motion for Protective Order (on this very topic), Plaintiff immediately filed an amended motion to seal upon learning of the error. (ECF Nos. 221 and 222, filed October 30, 2020.) Furthermore, Plaintiff is unaware of any disclosure of the study subjects made in another case, but to the extent they were revealed by a Defendant in this case, current or dismissed, such disclosure is in direct violation of the Magistrate Judge's ruling. The Magistrate Judge granted Plaintiff's motion for a protective order, barring AII from discovery into 32 of the 33 study subjects, and held that Ms. Bell's identity as a study subject remains confidential and limited solely to this case:

> So as to the present motion for a protective order, it would be essentially granted, except that denied with respect to the documents

identifying Ms. Bell as the subject, and those can be included as part of the discovery in this case, but that information is confidential and limited solely to this case, and that is specifically as to her identity as one of the 33 subjects. (ECF No. 206, at 96.)

The Magistrate Judge clarified that the information regarding Betty Bell as a study subject is to be treated as confidential and under seal and that the information should not be disclosed outside of this case:

> MS. KAGAN: … So at some point we will be able to come back and try the *Johnson-Lashley* case in New Jersey, and Mr. Thackston certainly, I'm confident, will attempt to use this information in that trial, and that judge has already ruled that's not appropriate, but there's nothing stopping him if the record isn't sealed. If this hearing, this portion of our transcript is not sealed for discovery purposes and the records and filings are not sealed, then nothing stops any other defendant or AII from continuing to disclose Mrs. Bell's identity outside of her case.
>
> **THE COURT:** I think that's fair, and I would want to make sure that we are keeping that limited to this case and confidential and under seal. And then to the extent it may have to be revisited ultimately at trial, then that's something that the district judge can consider further, to the extent that needs to be done; but, certainly, at this point I would not expect or intend these sort of preliminary or discovery-related determinations -- to make that then public for use in other cases. (ECF No. 206, at 64.)

The Magistrate Judge has been clear: the identity of Ms. Bell as one of the subjects of Dr. Moline's study is to be treated as confidential unless and until decided otherwise. The information should remain confidential.

Respectfully submitted this 3rd day of June 2021.

        /s/ John H. Lawrence
        John H. Lawrence (NC Bar No. 45462)
        K&L GATES LLP
        430 Davis Drive, Suite 400

Morrisville, NC 27560
Telephone: (919) 466-1112
E-mail: john.lawrence@klgates.com
*Counsel for Northwell Health, Inc.*


 /s/ Frank J. Wathen
Frank J. Wathen (Texas Bar No. 20920010)
SIMON GREENSTONE PANATIER, PC
1201 Elm Street, Suite 3400
Dallas, TX 75270
Telephone: (214) 276-7680
E-mail: fwathen@sgptrial.com


 /s/ William Marc Graham
William Marc Graham (NC Bar No. 17972)
WALLACE AND GRAHAM, PA
525 N. Main Street
Salisbury, NC 28144
Telephone: (704) 633-5244
E-mail: bgraham@wallacegraham.com
*Counsel for Plaintiff*


 /s/ Timothy Peck
Timothy Peck (NC Bar No. 9991)
Richard A. Coughlin (NC Bar No. 19894)
FOX ROTHSCHILD LLP
230 North Elm Street, Suite 1200
Greensboro, NC  27401
Telephone:  (336) 378-5307
Fax:  (336) 378-5400
E-mail: tpeck@foxrothschild.com
rcoughlin@foxrothschild.com

/s/ Robert E. Thackston
Robert E. Thackston (NC Bar No. 36330)
Kurt W. Greve (TX Bar No. 24007275)
LATHROP GPM, LLP
2101 Cedar Springs Rd., Suite 1400
Dallas, TX 75201-2134
Telephone: (469) 983-6023

8

Facsimile: (469) 983-6101
Email: Robert.thackston@lathropgpm.com
Kurt.greve@lathropgpm.com
*Counsel for American International Industries*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that I electronically filed the foregoing document with the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF system, which will send notification of this filing and an electronic copy of same to all counsel of record registered with the CM/ECF system, and I hereby certify that I have thereby electronically served the document upon all counsel in this action registered with the CM/ECF system.

This 3rd day of June 2021.

    /s/ Timothy Peck
Timothy Peck (NC Bar No. 9991)
FOX ROTHSCHILD LLP