IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LLOYD BELL, individually and as Executor of the Estate of Betty Whitley Bell, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:17CV111 |
| AMERICAN INTERNATIONAL INDUSTRIES, et al., | ) ) ) ) | **FILED UNDER SEAL** |
| Defendants/Third-Party Plaintiff, | ) ) | |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before the court is Northwell Health Inc.'s ("Northwell") Objections to and Appeal from the Magistrate Judge's February 25, 2021 Order, (Doc. 316), denying Northwell's Motion to Intervene and Extend Protective Order, (Doc. 256). Related motions also pending are Northwell's Motion for Oral Argument, (Doc. 319), and Motion to Seal Objections to and Appeal from the Magistrate Judge's Order, (Doc. 317). Also pending is a Motion for Leave to File a Sur-Reply to Non-Party Northwell Health, Inc.'s Rule 72(a) Objections filed by Defendant American International Industries ("AII"). (Doc. 340.)

I.  **STATEMENT OF THE FACTS AND PROCEDURAL HISTORY**

Plaintiff Lloyd Bell ("Plaintiff") filed his complaint against Defendants on February 8, 2017, for claims related to the manufacture and distribution of Clubman talcum powder, seeking damages on behalf of his late wife Betty Bell ("Mrs. Bell"). (Doc. 1.) He amended his complaint on October 23, 2017. (Doc. 44.) Defendant American International Industries, Inc. ("AII"), subpoenaed Northwell for documents related to its employee Dr. Jacqueline Moline, a potential witness for Plaintiff. (Doc. 168-1.) Northwell sought to intervene on December 23, 2020. (Doc. 256.) The Magistrate Judge entered an order denying Northwell's Motion to Intervene, (Doc. 309). Northwell subsequently filed objections to the order, (Doc. 316), and a Motion for Oral Argument, (Doc. 319).

The Magistrate Judge denied Northwell's Motion to Intervene on three bases: mootness, untimeliness, and the merits of Northwell's argument. (Doc. 309 at 3-5.) The court found, first, that Plaintiff had effectively withdrawn Dr. Moline. The "Court directed Plaintiff to make Dr. Moline available for deposition by January 7, 2021 or withdraw her as an expert witness," and Plaintiff failed to make her available for deposition. (Id. at 3.) This rendered Northwell's motion moot. (Id.) Second, the court ruled that Northwell brought this motion too late,

-2-

"particularly given its awareness of the proceedings in September" and with no reason "that would excuse the lateness." (Id. at 4.) Finally, on the merits, the court ruled that by bringing this action, ██████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████████████ (Id. at 6.) The Magistrate Judge found that allowing Dr. Moline to testify about the study ██████ ██████████████████████████████████████ ██████████████████ (Id. at 5-6.)

## II.  STANDARD OF REVIEW

Upon a timely objection, this court must modify or set aside any part of a magistrate judge's order on a non-dispositive matter that "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A factual finding is clearly erroneous when [the court is] left with the definite and firm conviction that a mistake has been committed." Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011) (internal quotation marks and citations omitted). This "clearly erroneous" standard extends to motions to intervene. See 28 U.S.C. § 636(b)(1)(A); Aluminum Co. of Am., Badin Works, Badin, N.C. v. U.S. Env't Prot. Agency, 663 F.2d

-3-

499, 501 (4th Cir. 1981) (explaining that § 636(b)(1)(A) lists which pretrial motions are dispositive); see also William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11CV887, 2012 WL 214155, at *2 n.4 (M.D.N.C. Jan. 24, 2012). This court will apply the "clearly erroneous" standard here.

The Magistrate Judge noted that "the deadline for Plaintiff to present Dr. Moline for deposition has passed," although acknowledging that Plaintiff could potentially "move the Court to extend the deadline for Dr. Moline's deposition." (Doc. 309 at 3-4.) However, this court finds that the Magistrate Judge's timeliness analysis dispositive, and therefore does not address the merits or the question of mootness.

### III. ANALYSIS

#### A. Leave to File Sur-reply

"Surreplies are generally disfavored." Olvera-Morales v. Int'l Labor Mgmt. Corp., 246 F.R.D. 250, 254 (M.D.N.C. 2007). Rule 7.3 of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina provides for the filing of a motion, a response to a motion, and a reply. See LR 7.3; DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010). Generally, parties do not have the right to file a surreply and may only do so "when fairness dictates," such as when new arguments are raised in the reply brief. See

-4-

United States v. Falice, No. 1:04CV878, 2006 WL 2488391, at *7 (M.D.N.C. Aug. 25, 2006) (denying leave to file a surreply when no new arguments were raised in the reply). The proposed surreply does not allege new arguments were raised by the reply, nor does it change the analysis set forth herein. This court will therefore deny Defendant AII's Motion for Leave to File a Sur-Reply. (Doc. 340.)

B.  **Timeliness**

The Magistrate Judge found Northwell's motion untimely because "Northwell was made aware of this dispute on September 18, 2020 through an email from defense counsel," (id. at 4), yet still chose not to intervene until the end of December, (Doc. 256). The timeliness of a motion to intervene is based on "how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989). This action is set for trial in October, but discovery has already closed. The latest order issued by the Magistrate Judge extended time to conduct "specific expert depositions" until April 14, 2021. (Doc. 336.) Northwell moved to intervene "six weeks after the close" of the ordinary discovery period, and after the court-imposed deadline for Dr. Moline's deposition. (Doc. 309 at 4.) In fact, on

-5-

September 25, 2020, the court held a hearing to specifically ███████████ — the exact issue Northwell wishes to intervene on now.[1] Yet Northwell chose not to intervene until three months after that hearing, ███████████████████████████ ███████████████████████████ (Doc. 309 at 4.) Permitting Northwell to intervene now would, as the Magistrate Judge found, "stall progression of the case" and "potentially delay trial." (Id.)

Northwell dismisses the likelihood of delay by asserting that "depositions may continue" due to an extension of time granted by the Magistrate Judge. (Doc. 316 at 6.) However, the extension requested was for "specific expert depositions," noting in detail that the parties sought an extension "only for the purpose to conduct the depositions of defense experts." (Doc. 280 at 1-2.) Moreover, Northwell has not provided any substantial reason for its significant delay. Northwell merely points instead to the error of its own counsel in handing over documentation "███████████████████████████████

---

[1] 

███████████████████████ (Doc. 318 at 7.) This unforced error, however, did not spur Northwell to action, as it still opted out of participating in the September 2020 hearing and waited several months to attempt intervention. The facts at hand differ from, for example, one of the primary cases cited by Northwell, Students for Fair Admissions Inc. v. University of North Carolina. In that case, the intervening party had a "reasonable" explanation for its delay and almost a full year remained between intervention and the discovery deadline. 319 F.R.D. 490, 495 (M.D.N.C. 2017).

This court does not possess a "definite and firm conviction that a mistake has been committed." Stonecrest, 770 F. Supp. 2d at 782. The Magistrate Judge did not commit clear error in choosing to deny Northwell's Motion to Intervene. Oral argument is not necessary for this court to determine that the court's findings were not clearly erroneous. Nor does this court need to explore the merits of Northwell's motion to affirm the Magistrate Judge's denial.[2]

---

[2] Nevertheless, the facts presented about Dr. Moline's study cause this court concern. ███████████████████████████████████████████████████████████████████████████████████████████████████████████ (See Doc. 331 at 13.) These issues need not be resolved at this time in light of this court's affirmance on a separate basis.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Northwell's objections, (Doc. 316), are **OVERRULED** and the Magistrate Judge's Order, (Doc. 309), is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Northwell's Request for Oral Argument, (Doc. 319), is **DENIED**.[3]

**IT IS FURTHER ORDERED** that the Motion for Leave to File a Sur-Reply to Non-Party Northwell Health, Inc.'s Rule 72(a) Objections filed by Defendant American International Industries, (Doc. 340), is **DENIED**.

**IT IS FURTHER ORDERED** that this Memorandum Opinion and Order is **FILED UNDER SEAL** and the parties shall file, within ten (10) days of the filing of this Opinion, a joint report identifying the information in the Opinion, if any, they contend should be redacted, along with an explanation of the basis for their proposed redactions and a draft of this Opinion with those proposed redactions. Because information contained herein will likely be considered confidential information by the parties,

---

[3] Multiple Motions to Seal remain pending, (Docs. 328, 329, 337, 339), including one regarding Northwell's objections, (Doc. 317). Given the substantive overlap of many of these motions to seal, and this court's determination that the Magistrate Judge did not commit clear error, this court will decline to rule on any of the motions to seal so that they can all be considered together.

this Opinion shall remain sealed until the parties have had an opportunity to submit their requested redactions.

This the 24th day of May, 2021.

William L. Osteen, Jr.
United States District Judge