UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LLOYD BELL, et al., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17CV111 |
| AMERICAN INTERNATIONAL INDUSTRIES, INC, et al. | ) ) ) ) |
| Defendant. | ) ) ) |

ORDER

This matter is before the Court on several Motions to Seal related to non-party Northwell Health, Inc.'s Motion to Intervene. In the Motion to Intervene, Northwell sought intervention related to Plaintiff's potential expert witness, Dr. Jacqueline Moline. The undersigned entered an Order denying the Motion to Intervene, and Northwell filed objections. Following briefing on the objections, the District Judge affirmed. After further briefing, the District Judge filed his Order under seal and placed a redacted version on the public docket [Doc. #354]. The present Motions to Seal [Docs. #317, #320, #328, #329, #337, #339] all relate to the sealing of the underlying documents and briefing related to Northwell's objections.

In considering the present Motions, the Court notes that the Motions to Seal have been on the public docket for several months, allowing any interested parties sufficient time to respond, and no such responses have been filed. With respect to the substance of the Motions to Seal, Northwell seeks redaction of information regarding a medical research study carried

out by Dr. Jacqueline Moline, who is a Northwell employee and was a potential expert witness for Plaintiff. For present purposes, the information that Northwell and the Parties request to seal is connected only to Northwell's proposed Motion to Intervene, and not related to dispositive motions or trial. In weighing the competing interests, the Court notes that the Parties seek to seal information related to a medical research study. At a hearing in September, this Court recognized the important confidentiality interests involved in human-subjects research, both on the part of the subject and the researcher. At that time, the Court found that the privacy interests involved in such research outweighed any interest of the public in disclosure, at least for purposes of pretrial discovery motions. In addition, it now appears to the Court that Plaintiff no longer intends to present Dr. Moline's testimony at trial, and the matter presently remains limited to pretrial discovery issues. Given the important confidentiality interests at stake in human-subjects research, and given the stage of the case and the nature of the motions brought in conjunction with briefing on a pretrial Motion to Intervene related to discovery issues, the Court finds that the balance of interests weighs in favor of redaction, at least at this stage in the case. Finally, the Court notes that the District Judge has made the determination to seal the Order with respect to these issues. Similarly sealing the underlying briefing is appropriate in light of that determination.

The Court further finds that Northwell and the Parties have not sought to seal too broad a range of information in Docs. #318, #320, #335, and #340, and have only sought redaction of information directly related to their claim of confidentiality. As to Docs. #330 and #331, the Court notes that Defendant AII at this time has not filed a public version of those documents, and requests to be relieved of that obligation. On review it does not appear

that redactions would be helpful or even feasible to address the confidentiality concerns, given the nature of the arguments and discussion in those documents. Redaction would essentially result in redaction of the entire substance of the briefing, and therefore no further redaction or narrowing will be required at this time.

The Court notes that, as has been previously discussed at length, the Court has only made preliminary determinations regarding confidentiality and sealing for purposes of discovery and pretrial proceedings. No final determinations on sealing have been made, and those issues may ultimately be raised and addressed again at trial or on dispositive motions and prior to any final judgment.

IT IS THEREFORE ORDERED that the Motions to Seal [Docs. #317, #320, #328, #329, #337, #339] are GRANTED as set out above, and ECF Documents #318, #320, #330, #331, #335, and #340 will remain under seal at this time.

This, the 23rd day of July, 2021.

                                                   /s/ Joi Elizabeth Peake
                                          United States Magistrate Judge