IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CASE NO. 1:17-CV-00111

| | |
|---|---|
| LLOYD BELL, Individually and As Executor of the Estate of BETTY WHITLEY BELL, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL INDUSTRIES, et al.,<br><br>Defendants. | NORTHWELL HEALTH, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ITS MOTION TO INTERVENE AND EXTEND PROTECTIVE ORDER |

## NORTHWELL HEALTH, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ITS MOTION TO INTERVENE AND EXTEND PROTECTIVE ORDER

COMES NOW Northwell Health, Inc. ("Northwell"), pursuant to Local Rule 7.3, and files this Supplemental Memorandum of Law in Support of its Motion for Reconsideration of its Motion to Intervene and Extend Protective Order ("Motion for Reconsideration"). Northwell respectfully requests this Court grant its recently filed motion seeking reconsideration of the Court's denial of its motion for intervention and extension of the existing protective order entered in this case on September 25, 2020. Dkt. No. 388.

### BACKGROUND

Plaintiff Lloyd Bell, individually and as executor of the estate of Betty Whitley Bell, deceased ("Plaintiff"), retained Dr. Jacqueline Moline ("Dr. Moline"), an expert in occupational medicine, to testify as an expert witness in this case. *See* Affidavit of Dr. Jaqueline Moline ("Moline Affidavit"), Dkt. 264-1 at ¶¶ 2-6. Dr. Moline is an employed physician at Northwell and is board-certified in internal and occupational medicine. *Id*. at ¶ 2. In addition to other roles, Dr.

1

Moline is the chairperson of the Department of Occupational Medicine, Epidemiology and Prevention at North Shore University Hospital, which is a part of Northwell. *Id*. at ¶ 3. She is also a professor of medicine at the Donald and Barbara Zucker School of Medicine at Hofstra/Northwell. *Id*. at ¶ 4.

In 2019, Dr. Moline—along with Kristin Bevilacqua, MPH, Maya Alexandri, JD, and Ronald Gordon, Ph.D.—authored and published a peer-reviewed article entitled, "Mesothelioma Associated with the Use of Cosmetic Talc" ("Article"). *Id*. at ¶ 7. The Article was based on the authors' analysis of records associated with thirty-three individuals with malignant mesothelioma who the authors believed had no known asbestos exposure other than to cosmetic talcum powder. *Id*. at ¶ 8. The Article's conclusion is that exposure to asbestos-contaminated talcum powders can cause mesothelioma and that clinicians should elicit a history of talcum powder usage in all patients presenting with mesothelioma. *Id*. at ¶ 9.

On August 20, 2020, Defendant American International Industries ("AII") served Northwell with a subpoena seeking medical information surrounding Plaintiff. In response to the subpoena, Northwell's previous counsel produced a partially redacted list of the thirty-three individuals that engaged in the research underlying the Article ("Northwell Document"). The names of every individual that participated in the research were redacted, except for that of Plaintiff. The production of the Northwell Document led to several motions and related briefings concerning whether a protective order was required to prohibit the disclosure and use of the Northwell Document. *See* Dkt. Nos. 168, 179, 188, 197, 265, 274, 283, 316, 330, 334. On September 25, 2020, the Magistrate Judge orally entered a protective order barring discovery into the identities of thirty-two of the thirty-three participants in Dr. Moline's research study. However, the Magistrate Judge's order allowed for discovery regarding Plaintiff's inclusion in Dr. Moline's

research study with that information designated confidential and sealed. Dkt. No. 274-8 at 96:25, 97:1–10.

Northwell previously filed a motion to intervene and extend the existing protective order on December 23, 2020 ("Motion to Intervene"). Dkt. No. 256. Northwell's Motion to Intervene sought an extension of the Protective Order to preclude Defendants' counsel from questioning Plaintiff's then expert witness, Dr. Moline, regarding (1) whether or not Plaintiff was a subject of Dr. Moline's peer-reviewed Article; (2) the specific documentation and other information Dr. Moline reviewed and analyzed related to Plaintiff within the context of the Article; and (3) any conclusions that Dr. Moline may have drawn as to the Plaintiff within the context of the Article. Dkt. No. 259 at 1.

The Magistrate Judge denied Northwell's Motion to Intervene, Dkt. No. 309, and this Court affirmed the Magistrate Judge's related order on June 10, 2021. Dkt. 354. The Magistrate Judge denied Northwell's Motion to Intervene on the basis that the motion was moot because Plaintiff had effectively withdrawn Dr. Moline as an expert witness. Dkt. No. 309, at 3. Additionally, the Magistrate Judge found that, even if Dr. Moline did testify as an expert witness, Northwell's Motion to Intervene was untimely given the late stage of the case. Dkt. 309, at 4-5.

On September 29, 2021, AII filed a Motion to Vacate the Protective Order ("Motion to Vacate"). Dkt. No. 368. The Motion to Vacate requests that the Court vacate the Protective Order and make the Northwell Document a public record. *Id.* In light of AII's Motion to Vacate, this Court entered an Order on June 9, 2022, ("June 9, 2022, Order") allowing Northwell to file a motion for reconsideration of its Motion to Intervene. Dkt. No. 387. In so doing, the Court found that Northwell has "potential standing" and "continuing interest," in the subject matter at issue. *Id.*

## ARGUMENT

### I. STANDARD OF REVIEW

#### A. RECONSIDERATION

Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties….may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The power to reconsider is "committed to the discretion of the district court." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citations omitted). Thus, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Id.* at 514–515 (citations omitted). At bottom, the power to reconsider may be exercised "as justice requires." *Fayetteville Investors v. Commercial Builders, Inc*., 936 F.2d 1462, 1469 (4th Cir. 1991).

#### B. INTERVENTION

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that a court "must permit intervention on timely application by anyone (1) who 'claims an interest relating to the property or transaction that is the subject of the action,' and (2) whose interest may be 'impair[ed] or impede[d]' by disposition of the action, 'unless existing parties adequately represent that interest.'" *Sahoo v. Gleaton*, 2018 WL 5259462, at *2 (E.D.N.C. Oct. 20, 2018) (citing Fed. R. Civ. P. 24(a)(2)).

"The decision to grant or deny [] intervention lies within the sound discretion of the trial court." *Scott v. Resolve Partners, LLC*, 341 F.R.D. 17 (M.D.N.C. August 16, 2021) (quoting *Hill v. Western Elec. Co., Inc.*, 672 F.2d 381, 385-86 (4th Cir. 1982)). "The discretion of the district

4

court in ruling on a motion to intervene under Rule 24(b) is 'even broader' than that under Rule 24(a)(2) (intervention of right)." *Id.* It is well-settled law that, under Rule 24(a)(2), a non-party to an action may seek to modify, enter, expand, or challenge a protective order. *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992); *Small v. Ramsey*, 2011 WL 13311479, at *1 (N.D.W.V. June 28, 2011). In deciding to grant a motion to intervene, the court should consider whether allowing intervention will unduly delay or prejudice the adjudication of rights of the parties to the action. Fed. R. Civ. P. 24(b)(3).

### II. THE COURT SHOULD GRANT NORTHWELL'S MOTION FOR RECONSIDERATION AND ALLOW IT TO INTERVENE BECAUSE THE FACTS RELIED ON FOR THE DENIAL OF THE MOTION TO INTERVENE HAVE CHANGED.

The Magistrate Judge denied Northwell's Motion to Intervene for two reasons: (1) the motion was untimely, and (2) the motion was moot because Dr. Moline was effectively withdrawn as an expert witness. Dkt. At 309, at 1-4. The Magistrate Judge went on to hold that, even if Dr. Moline were to testify, Plaintiff "consented to the disclosure of her participation in Dr. Moline's study *for the purposes of this case*" when she initiated the lawsuit and retained Dr. Moline as her expert witness. Dkt. No. 309, at 8 (emphasis added). However, the question before the Court now is no longer whether the Northwell Document and the information connecting Plaintiff to Dr. Moline's study should be used *for the purposes of this case*, but whether the identity of Plaintiff as a participant in the research study should be made available to the public at large. Allowing the identity of a research subject to be used for the purposes of a case initiated by the research subject is drastically different from allowing the identity of the research subject to become public record.

The new question that has emerged before the Court is not moot and is a live issue that has not yet been resolved. Because Northwell has timely filed within the period set by the Court in its June 9, 2022, Order and the new question before the Court has not yet been resolved, the Magistrate

5

Judge's reasons for holding that Northwell's intervention was untimely and moot no longer exist. Therefore, the Magistrate Judge's primary basis for denying Northwell's Motion to Intervene is no longer a concern and allowing Northwell to intervene will not result in any undue or prejudicial delay to AII.

As discussed in more detail in Northwell's Response to the Motion to Vacate, Dkt. No. 391, Northwell has a significant, continuing interest in protecting the identities of research subjects in Northwell IRB-approved research and has made representations to government institutions, including the Department of Health and Human Services, that it will do so.[1] Despite the bedrock federal laws, regulations, and guidance protecting the identities and information of research subjects in IRB-approved studies, including the Northwell IRB, AII claims that its self-serving desire to obtain litigation advantages and avoid litigation costs in separate matters outweighs all other interests. This position is not only entirely unfounded, but the Motion to Vacate—if granted—poses significant, far-reaching, and dangerous consequences for foundational confidentiality and privacy protections in academic medical research and thereby directly impacts Northwell.

**CONCLUSION**

For the foregoing reasons, Northwell respectfully requests that the Court grant its Motion for Reconsideration of its Motion to Intervene and allow Northwell to become an intervening party so that it may adequately defend its continuing interests in this case.

---

[1] Northwell incorporates by reference the arguments set forth in Northwell's Response in Opposition to AII's Motion to Vacate the Preliminary Protective Order of September 25, 2020, and Whittaker, Clark & Daniels, Inc.'s Notice of Joinder. Dkt. No. 392.

This the 29th day of June, 2022.

/s/ *John H. Lawrence*
John H. Lawrence
N.C. State Bar No. 45462
K&L Gates LLP
430 Davis Drive, Suite 400
Morrisville, NC 27560
Telephone: (919) 466-1112
john.lawrence@klgates.com

ATTORNEY FOR NORTHWELL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 29, 2022, the foregoing Motion was filed via ECF filing, which will serve all counsel of record in the above-referenced matter.

This the 29th day of June, 2022.

/s/ *John H. Lawrence*
John H. Lawrence
N.C. State Bar No. 45462
430 Davis Drive, Suite 400
Morrisville, NC 27560
Telephone: (919) 466-1112
john.lawrence@klgates.com

ATTORNEY FOR NORTHWELL

## CERTIFICATE OF WORD COUNT

This brief complies with Local Rule 7.3(d)(1)'s word count limitation. The word count feature on Microsoft Word states that the word count of the counted potions of this brief is 1,951, within the 6,250 word limit.

        */s/ John H. Lawrence*
        John H. Lawrence
        N.C. State Bar No. 45462
        430 Davis Drive, Suite 400
        Morrisville, NC 27560
        Telephone: (919) 466-1112
        john.lawrence@klgates.com

        ATTORNEY FOR NORTHWELL

Case 1:17-cv-00111-WO-JEP   Document 391   Filed 06/29/22   Page 8 of 8