IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LLOYD BELL, individually and )
as Executor of the Estate of )
Betty Whitley Bell, Deceased, )
　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
　　v. ) 1:17CV111
　　　　　　　　　　　　　　　　)
AMERICAN INTERNATIONAL )
INDUSTRIES, et al., )
　　　　　　　　　　　　　　　　)
　　　　Defendants. )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Before this court is a Motion Requesting Review of Taxation of Costs filed by Plaintiff Lloyd Bell, individually and as executor of the estate of Betty Whitley Bell. (Doc. 383.) The motion will be granted in part and denied in part.

I. **PROCEDURAL BACKGROUND**

In July 2021, this court granted AII's motion for summary judgment, and judgment was entered the following month. (Docs. 361, 366.)[1] In late September 2021, AII filed a bill of costs totaling $63,062.63. (Doc. 367.) Plaintiff filed a motion,

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

accompanied by a brief, seeking the disallowance of most of those costs. (Docs. 371, 372.) AII responded in opposition. (Doc. 376.) On November 1, 2021, the Clerk entered the Taxation of Costs allowing $59,348.63 of AII's costs. (Doc. 379 at 5.)

On November 8, 2021, Plaintiff filed the instant motion requesting this court reduce the Taxation of Costs to $1,632.25, or at a minimum that the total taxation be reduced by at least $26,384.30. (Doc. 383.) Plaintiff filed a brief in support of the motion. (Br. in Supp. of Pl.'s Mot. Requesting Review of Taxation of Costs ("Pl.'s Br.") (Doc. 384).) AII responded in opposition, (AII's Opp'n to Pl.'s Mot. Requesting Review of Taxation of Costs ("AII's Resp.") (Doc. 385)), and Plaintiff replied, (Reply in Supp. of Pl.'s Mot. Requesting Review of Taxation of Costs ("Pl.'s Reply") (Doc. 386)).

## II. ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This "rule creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). "Notwithstanding this presumption . . . the decision whether to award costs ultimately lies within the sound

- 2 -

Case 1:17-cv-00111-WO-JEP   Document 397   Filed 09/07/22   Page 2 of 18

discretion of the district court." Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013). Courts should exercise their discretion to deny costs "only when there would be an element of injustice in a presumptive cost award." Cherry, 186 F.3d at 446; see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990) ("[D]istrict courts may not depart from the 'normal practice' of awarding fees to the prevailing party without first articulating some good reason for doing so.") On motion, after the clerk issues its taxation of costs, the court reviews the taxation de novo. See Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233 (1964) ("On review of the clerk's assessment, it was [the judge's] responsibility to decide the cost question himself, and so far as an exercise of discretion was called for, it was then his discretion."); cf. Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs . . . . On motion served . . . the court may review the clerk's action.").

In exercising its discretion, the court may only award the six categories of recoverable costs enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987) ("The discretion granted by Rule 54(d) is . . . solely a power to decline to tax, as costs, the items enumerated in § 1920.") Those categories are:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[C]osts should be limited to those <u>reasonably necessary</u> at the time they were incurred. The prevailing party bears the burden of showing that costs are allowed by § 1920; once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of the costs." <u>Qayumi v. Duke Univ.</u>, 350 F. Supp. 3d 432, 434-35 (M.D.N.C. 2018) (internal citation omitted) (emphasis added).

Plaintiff raises several arguments challenging the taxation of different categories of costs. Each is addressed in turn.

### A. <u>Necessity of Depositions</u>

Plaintiff argues that because AII's summary judgment motion only relied on the depositions of three fact witnesses—the last of which occurred approximately eleven months prior to the filing of the summary judgment motion-AII has failed to show

- 4 -

that deposing any of the other twenty individuals was reasonably necessary. (Pl.'s Br. (Doc. 384) at 4; Doc. 367-2 (listing the twenty-three deponents).) "Plaintiff asserts that AII had all the information it needed—and all the information it ultimately used—to dispose of this case nearly a year prior to filling its motion for summary judgment." (Pl.'s Reply (Doc. 386) at 2.)

"[T]he Fourth Circuit has not made the use of a transcript in a dispositive motion the test of whether the costs are taxable." Ferris v. AAF-McQuay, Inc., Civil Action No. 5:06cv00082, 2008 WL 495656, at *1 (W.D. Va. Feb. 21, 2008). Rather, to be taxable the deposition "does not have to be used . . . in a motion for summary judgment, it only needs to have been reasonably necessary at the time of the taking of the deposition." Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 562 (E.D. Va. 2010). "[C]ourts have previously determined that taxation of deposition costs for witnesses who were on the losing party's witness list is reasonable." Hamada v. Boeing Co., No. 2:19-cv-02777-DCN, 2021 WL 5449658, at *2-3 (D.S.C. Nov. 22, 2021) (granting deposition transcript costs for individuals included on the plaintiff's witness list).

Plaintiff's attempt to exclude from the Taxation of Costs all depositions not cited in support of AII's summary judgment motion goes too far. See Ferris, 2008 WL 495656, at *1. This

court will instead assess whether deposing each of the twenty individuals was reasonably necessary at the time. Ford, 708 F. Supp. at 562.

This court finds deposing the individuals on Plaintiff's witness lists was reasonably necessary at the time of their depositions. See Hamada, 2021 WL 5449658, at *2. Taxing Plaintiff for the deposition costs of witnesses on its own witness lists is reasonable since the listing of those witnesses indicated (1) "that [Defendant] might need the deposition transcripts to cross-examine the witnesses," and (2) "that 'the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.'" EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (quoting Indep. Tube Corp. v. Copperweld Corp., 543 F. Supp. 706, 718 (N.D. Ill. 1982)); accord McCoy v. Univ. of Va. Med. Ctr., Civil Action No. 3:19-cv-00050, 2021 WL 3282150, at *4 (W.D. Va. July 30, 2021). Thus, the depositions of Nancy Taylor, Wayne Whitley, Donald Bell, Arnold Brody, Steven Compton, Theresa Emory, Sean Fitzgerald, William Longo, David Madigan, and Thomas Sporn are all taxable. (Doc. 385-1 at 4-5; Doc. 385-5 at 2-14, 20.)

Also reasonably necessary, indeed required, were the depositions of AII's experts because Plaintiff noticed these

depositions. (See Doc. 367-1 at 8-9.) Thus, the depositions of Brooke Mossman, Tim Oury, Kenneth Mundt, Robert Adams, Gary Marsh, Alan Seagrave, Mickey Gunter, Heather Hanna, and Allan Feingold are also taxable. (See id. at 8.)

That leaves one deposition remaining—John Harris'. Harris was not disclosed on any witness list. Rather, he was a consultant for Plaintiff who tested one of Mrs. Bell's cosmetic talc containers and produced a report with his findings. (Pl.'s Br. (Doc. 384) at 5; AII's Resp. (Doc. 385) at 11.) This court concludes Harris' deposition was reasonably necessary when taken because Plaintiff had disclosed that two of Plaintiff's testifying experts had reviewed Harris' report and intended to rely upon it. (Doc. 385-2 at 4.) To effectively challenge the opinions of these testifying experts (in potential Daubert motions, motions in limine, motions to strike, and cross-examination), AII reasonably needed to understand Harris' report. (See id.) Indeed, this was the conclusion of the Magistrate Judge when, after hearing detailed arguments, she expressly required Plaintiff to make Harris available for a limited deposition. (Doc. 206 at 51-52 ("With respect to Mr. Harris, I'll require Plaintiff to make Mr. Harris available for a deposition . . . . That would be based on the Court's finding that even though he was not designated as a testifying witness,

- 7 -

multiple of the other testifying experts cite his testing as support.").) This court is in accord with the Magistrate Judge's reasoning.

Therefore, in summary, this court concludes that all depositions are taxable because they were reasonably necessary when taken.

   B.   **Excessive Cost of Certain Depositions**

Plaintiff also argues that the costs of deposing three individuals—Emory, Compton, and Fitzgerald—are excessive because AII "unnecessarily dragged" their depositions out, "wasting time." (Pl.'s Br. (Doc. 384) at 5–6.) Fitzgerald and Emory's depositions each took four days, and Compton's took three days. (Id. at 5.) AII responds that because this case was high-stakes and complex, the parties agreed to waive the deposition time limit imposed by the Federal Rules of Civil Procedure for experts. (AII's Resp. (Doc. 385) at 12–13.)

This court declines to find the cost of these three depositions excessive. In light of the parties' agreement to waive the deposition time limit, (Doc. 74 at 2), Plaintiff has offered no authority for its assertion that the multiday depositions were excessive. Moreover, Plaintiff offers no evidence (such as references to specific portions of a deposition transcript) to support its assertion that AII

- 8 -

"wast[ed] time" during any deposition. In lieu of such authority or evidence, this court declines to infer from the mere time of the depositions that their length was unnecessary and their cost excessive.

C.  **Deposition Exhibit Costs**

Plaintiff also argues that he should not be taxed for the cost of including exhibits in deposition transcripts. (Pl.'s Br. (Doc. 384) at 6.)

This court disagrees. The Middle District of North Carolina's Bill of Costs Guide states that "[i]f the deposition transcript cost is taxable, the following fees of the court reporter may be taxed: . . . [c]osts of copies of papers obtained as exhibits in the deposition." U.S. Dist. Ct. for M.D.N.C., Bill of Costs Guide 5 (Jan. 2019). As explained in this Memorandum Opinion and Order, the deposition transcript costs are taxable; thus, pursuant to the Bill of Costs Guide, so too are the incidental costs of including exhibits in those transcripts.

D.  **Expedited Deposition Transcripts**

Plaintiff asserts that he should not be taxed for expediting certain deposition transcripts—namely, Fitzgerald (Vols. 1, 2, and 4), Longo (Vol. 2), Compton (Vols. 1 and 2), and Harris. (Pl.'s Br. (Doc. 384) at 8–11.)

- 9 -

This court disagrees and finds these costs taxable. "Courts in the Fourth Circuit have held that costs for expedited production are allowable when the recovering party can show necessity for the expedited service." Ford, 708 F. Supp. 2d at 562. AII has established such necessity here. Expediting Fitzgerald's first deposition transcript was reasonably necessary because within a week of the deposition, the parties had to file a status report on outstanding discovery disputes—including disputes related to Fitzgerald's deposition. (See Text Order 09/18/2022; Doc. 204 at 10; Doc. 367-3 at 5.) It was reasonably necessary for AII to obtain the deposition transcript on an expedited basis to ensure that it could review Fitzgerald's exact testimony prior to filing the status report and thus draft its section of the status report more precisely.

As to the cost of the other challenged expedited deposition transcripts, AII quotes the Clerk's Taxation of Costs to argue that the transcripts should be deemed taxable because the deponents "were experts on the same or overlapping topics, which required [AII] to quickly compare differences in their testimony prior to deposing Plaintiff's other experts testifying on the same topic." (AII's Resp. (Doc. 385) at 17 (internal quotation marks omitted) (alteration in original) (quoting Doc. 379 at 3).) AII has submitted an affidavit from its counsel supporting

this conclusion, (Doc. 376-1 at 3), which Plaintiff has failed to rebut. In lieu of any rebuttal evidence, this court finds credible the affidavit's statement that "prompt review of the testimony of each [deponent] was necessary for the depositions of the subsequent testing experts." (Id.) This court therefore finds it reasonably necessary for AII to have paid to quickly acquire the deposition transcripts.

Plaintiff's fallback argument—that even if it was reasonably necessary for AII to quickly obtain the deposition transcripts, it was not reasonably necessary to order the more expensive certified transcripts rather than just rough drafts, (Pl.'s Br. (Doc. 384) at 11)—also falls short. Plaintiff has offered no authority that a party making the requisite showing of reasonable necessity under 28 U.S.C. § 1920(2), which AII has, is entitled to anything less than a certified transcript. Indeed, there is authority to the contrary, holding "[a] party may tax costs for [both] rough transcripts and expedited deposition transcripts where such delivery is reasonable based on the facts of the case." Sierra Club v. Va. Elec. & Power Co., No: 2:15-cv-112, 2017 WL 8786513, at *4 (E.D. Va. Dec. 12, 2017) (awarding the full amount requested because "the timeframe of depositions . . . made it reasonable for [the plaintiff] to request rough and expedited transcripts"). Given the timeframe

- 11 -

of the depositions in this case, it was reasonable for AII to acquire a certified transcript—not just a rough draft. Rough draft transcripts by their very nature are often replete with typographical errors and other inaccuracies. While this court will not reinstate any rough draft costs disallowed by the Clerk, this court does find it reasonably necessary for AII to have obtained certified transcripts for the expert depositions at issue. Such certified transcripts were reasonably necessary because they offered greater clarity and precision in memorializing the highly technical topics discussed by the experts, which included areas such as transmission electron microcopy. (See e.g., Doc. 205-7 at 201–02.)

Thus, the costs of these certified and expedited transcripts are fully taxable.

**E.   Videotaping Depositions**

Plaintiff next objects to the taxation of $11,372.50 for the cost of videotaping depositions because "AII failed to demonstrate that both transcription and video recordings were necessary for use in this case and that the video recordings served a necessary and independent purpose." (Pl.'s Br. (Doc. 384) at 12–17.)

Section 1920(2) permits a party to recover costs for videotaping a deposition, in addition to transcription costs, if

a party proves that both audiovisual and stenographic recordings were necessarily obtained for use in the case. Cherry, 186 F.3d at 449–50. Additionally,

> when a party notices a deposition to be recorded by . . . both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of record[ing] pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under [section] 1920 to award the cost of conducting the deposition in the manner noticed.

Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 511 (E.D.N.C. 2012) (alterations in original) (internal quotation marks omitted) (quoting Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 465 (11th Cir. 1996)), aff'd, 551 F. App'x 646 (4th Cir. 2014); accord Cherry, 186 F.3d at 449.

Here, Plaintiff did not object to any AII notice that a deposition was to be recorded by both video and transcription. (Compare Pl.'s Br. (Doc. 384) at 12, with AII's Resp. (Doc. 385) at 19.) This weighs in favor of awarding videorecording costs, but this court must also find that videorecording was reasonably necessary in addition to the written transcription. AII has offered multiple reasons why both recordation methods were necessary. (See AII's Resp. (Doc. 385) at 20–22.) This court credits the same reason the Clerk credited: the COVID-19's pandemic impact on witness availability. (Doc. 379 at 5.) This court has experienced firsthand the enduring impact the pandemic

- 13 -

Case 1:17-cv-00111-WO-JEP   Document 397   Filed 09/07/22   Page 13 of 18

has had on the availability of witnesses to testify at trial, both in person and remotely. This has led to trial delays. Therefore, videotaping depositions in 2020 and early 2021, (see Pl.'s Br. (Doc. 384) at 13), to mitigate the risk of COVID-precipitated witness unavailability was reasonably necessary, especially given that the case had a 2021 trial date—a year when the pandemic was highly disruptive and unpredictable.

This court does note that the videotaped depositions of Betty Bell, Lloyd Bell, and Donald Bell occurred prior to the pandemic's March 2020 onset. (See id.) Nevertheless, videotaping all of Betty Bell's depositions was reasonably necessary as she had been diagnosed with a terminal disease, and it is a common and reasonable practice to preserve video testimony of a plaintiff with a terminal disease because he or she are often deceased by trial. (Doc. 367-1 at 3.) Moreover, the de bene esse deposition of Betty Bell was not only reasonably necessary, it was required because it was noticed by Plaintiff. (Id.) However, this court sees no reasonable necessity for videotaping Lloyd Bell and Donald Bell's depositions, and the Taxation of Costs shall be reduced accordingly. Although AII argues these video depositions were intended to be used at trial to aid the jury, that is a choice "related to strategy rather than necessity." Powell v. Prince George's Cnty., Maryland, No. 8:18-CV-3683-TDC,

2020 WL 5417563, at *10 (D. Md. Sept. 10, 2020), adopted by Doc. 47, Sept. 30, 2020. Thus, the Taxation of Costs will be reduced by 922.50 for the cost of videotaping Lloyd Bell's deposition and $910 for the cost of videotaping Donald Bell's deposition. (Doc. 367-2 at 1.)

Plaintiff also argues that, even for the videotaped depositions that this court finds necessary, "AII has not established that the additional costs, including those related to synchronization and the PIP package, were recoverable." (Pl.'s Br. (Doc. 384) at 17.) Specifically, Plaintiff claims the following costs are nontaxable: "$2,751.25 for MPEG1 (format that enables synchronization of video and transcript), $3,126.25 for video synchronization, $4,867.50 for PIP (picture in picture) package, as well as costs related to media and cloud services ($92) and electronic access ($85)." (Id.)

This court agrees that these costs may not be taxed. "[T]he costs for synchronizing the video depositions . . . are outside the scope of § 1920, as are the costs associated with 'media and cloud services.'" Bowen v. Adidas Am., Inc., C/A No. 3:18-3118-JFA, 2021 WL 3931386, at *4 (D.S.C. Sept. 2, 2021). AII has not advanced any authority to the contrary. The costs for electronic access are also nontaxable as the "phrase [is] entirely undefined and, thus, unsupported." Id. ("The party seeking an

award of costs or expenses bears the burden of submitting a request that enables a court to determine . . . the party's entitlement to an award of those costs or expenses.") Finally, this court likewise does not find the PIP package reasonably necessary. As defined by AII's vendor, "PIP" refers to "technology used to view 2 images at the same time through the use of an inset window on the screen. The images can be 2 videos or a video of the deponent and an exhibit." What Attorneys Should Know About Videographers, PohlmanUSA Court Reporting and Litigation Services (Nov. 13, 2014), https://pohlmanusa.com/what-attorneys-should-know-about-videographers-part-1-terminology-and-acronyms-why-and-how-to-videotape-a-deposition/. "While no doubt convenient and desirable, the Court concludes these costs were not 'necessarily' incurred and will therefore be disallowed." Bowen, 2021 WL 3931386, at *4.

### F. Hearing Transcripts

Plaintiff argues that it should not be taxed for the costs of transcripts for four discovery hearings that allegedly occurred "after AII had all the evidence it needed and used to obtain summary judgment." (Pl.'s Br. (Doc. 384) at 7.). But, as discussed supra Section II.A, the mere fact that a party does not use certain discovery materials in a dispositive motion does not automatically render that discovery unnecessary. Therefore,

the fact that discovery continued—and costs like these from discovery hearings continued to mount—does not, without more, render the hearing transcript costs unnecessary. To the contrary, AII has provided evidence to support its assertion that these transcripts were reasonably necessary to understand the contours of multiple oral orders contained therein. (Doc. 367-1 at 5.) Therefore, the costs of these hearing transcripts are taxable.

## G.  Teleconference Fees

The final category of disputed costs is "$783 for teleconference charges." (Pl.'s Br. (Doc. 384) at 18.) Plaintiff argues these costs are akin to nontaxable counsel travel costs. (Id.) AII disagrees but has not offered any authority for its position. (AII's Resp. (Doc. 385) at 23.) The caselaw on the issue is clear: "the cost of the video-teleconference is akin to the travel costs of counsel. As such, it cannot be taxed as a cost under 28 U.S.C. § 1920." Ramonas v. W. Va. Univ. Hosps.-E., Inc., No. 3:08-CV-136, 2010 WL 3282667, at *11 (N.D.W. Va. Aug. 19, 2010). This court finds similarly and will disallow the teleconference charges.

This court also finds the $90 conference call fee for the Emory Vol. 2 deposition to be nontaxable. Plaintiff suggests that the only reason the Clerk did not deem this cost nontaxable

- 17 -

was because of a clerical oversight, (see Pl.'s Br. (Doc. 384) at 18), and AII does not argue otherwise. The $90 fee will thus be disallowed.

III. **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion Requesting Review of Taxation, (Doc. 383), **IS GRANTED IN PART AND DENIED IN PART.**

The Clerk's Taxation of Costs, (Doc. 379), is affirmed in all respects except the following costs are deemed nontaxable and **HEREBY DISALLOWED**:

| Description | Cost |
|---|---|
| Videotaping Lloyd Bell's deposition | $922.50 |
| Videotaping Donald Bell's deposition | $910 |
| MPEG1 | $2,751.25 |
| Video synchronization | $3,126.25 |
| PIP package | $4,867.50 |
| Electronic access | $85 |
| Media and cloud services | $92 |
| Teleconference charges | $783 |
| Conference call fee for Emory Vol. 2 deposition | $90 |
| **Total Nontaxable Costs Disallowed** | **$13,627.50** |

It is **THEREFORE ORDERED** that the Clerk's Taxation of Costs, which totaled $59,348.63, (Doc. 379 at 5), is reduced by $13,627.50 to a total of $45,721.13.

This the 7th day of September, 2022.

_____
United States District Judge

- 18 -

Case 1:17-cv-00111-WO-JEP   Document 397   Filed 09/07/22   Page 18 of 18